GORDON SILVER
GERALD M. GORDON, ESQ.
Nevada Bar No. 229
E-mail: ggordon@gordonsilver.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555
Facsimile (702) 369-2666
Attorneys for Debtors/Appellants

E-Filed: *2/3/10*

*EHOH NV-10-1044*

RECEIVED

FEB 10 2010

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

In re:

ZANTE, INC.

☐ Affects this Debtor.
☒ Affects all Debtors.
☐ Affects THE SANDS REGENT
☐ Affects PLANTATION INVESTMENTS, INC.
☐ Affects LAST CHANCE, INC.
☐ Affects DAYTON GAMING, INC.
☐ Affects CALIFORNIA PROSPECTORS, LTD.
☐ Affects HERBST GAMING, INC.
☐ Affects FLAMINGO PARADISE GAMING, LLC
☐ Affects E-T-T, INC.
☐ Affects MARKET GAMING, INC.
☐ Affects THE PRIMADONNA COMPANY, LLC
☐ Affects HGI LAKESIDE, INC.
☐ Affects HGI ST. JO, INC.
☐ Affects HGI MARK TWAIN, INC.
☐ Affects CARDIVAN COMPANY
☐ Affects CORRAL COIN, INC.
☐ Affects CORRAL COUNTRY COIN, INC.
☐ Affects E-T-T ENTERPRISES, LLC

**Case No.: BK-N-09-50746-GWZ; Chapter 11**
**Jointly Administered with:**

| 09-50747 | The Sands Regent |
| 09-50748 | Plantation Investments, Inc. |
| 09-50749 | Last Chance, Inc. |
| 09-50751 | Dayton Gaming, Inc. |
| 09-50750 | California Prospectors, Ltd. |
| 09-50752 | Herbst Gaming, Inc. |
| 09-50753 | Flamingo Paradise Gaming, LLC |
| 09-50754 | E-T-T, Inc. |
| 09-50755 | Market Gaming, Inc. |
| 09-50756 | The Primadonna Company, LLC |
| 09-50757 | HGI Lakeside, Inc. |
| 09-50758 | HGI St. Jo, Inc. |
| 09-50759 | HGI Mark Twain, Inc. |
| 09-50760 | Cardivan Company |
| 09-50761 | Corral Coin, Inc. |
| 09-50762 | Corral Country Coin, Inc. |
| 09-50763 | E-T-T Enterprises, LLC |

Date:  N/A
Time:  N/A

3:10-CV-131

**NOTICE OF APPEAL**

Debtors, Zante, Inc., *et al.* (collectively, the "Debtors"), by and through their counsel, the

law firm of Gordon Silver, hereby appeal pursuant to 28 U.S.C. § 158 to the United States

Bankruptcy Appellate Panel for the Ninth Circuit from the Order Confirming Debtors' First

Amended Joint Plan of Reorganization [Docket 1337] entered by the Court on January 14, 2010

and attached hereto as Exhibit 1, the Findings Of Fact And Conclusions Of Law In Support Of

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/839180.doc

1  <u>Order Confirming Debtors' First Amended Joint Plan Of Reorganization</u> [Docket No. 1336],

2  entered by the Court on January 14, 2010 and attached hereto as Exhibit 2, and the <u>Amended</u>

3  <u>Order Confirming Debtors' First Amended Joint Plan of Reorganization</u> [Docket 1357] entered

4  on January 22, 2010 and attached hereto as Exhibit 3. Debtors' appeal is made only with respect

5  to issues and rulings related to Juan Delegado, Sr., and the Estate of Rosa Delegado, Juan

6  Delegado, Special Administrator.  The names of all parties to the order appealed from and the

7  names, addresses, and telephone numbers of their respective attorneys are as follows:

| Party | Attorney(s) |
|-------|-------------|
| Debtors | GORDON SILVER<br>Gerald M. Gordon, Esq.<br>Matthew C. Zirzow, Esq.<br>3960 Howard Hughes Pkwy, 9th Floor<br>Las Vegas, NV 89169<br>Telephone: (702) 796-5555 |
| Wilmington Trust Company | MILBANK, TWEED, HADLEY &<br>MCCLOY, LLP<br>Thomas Kreller, Esq.<br>601 S. Figueroa St., 30th Fl.<br>Los Angeles, CA 90017<br>Telephone: (213) 892-4000<br><br>and<br><br>LEWIS AND ROCA, LLP<br>Bruce T. Beesley, Esq.<br>50 West Liberty St., Suite 400<br>Reno, NV 89501<br>Telephone: (775) 823-2900 |

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/839180.doc

2

| The Official Committee of Unsecured Creditors | BROWN RUDNICK, LLP<br>Steven D. Pohl, Esq.<br>One Financial Center<br>Boston, MA 02111<br>Telephone: (617) 856-8200<br><br>Gordon Z. Novod, Esq.<br>Seven Times Square<br>New York, NY 10036<br>Telephone: (212) 209-4800<br><br>and<br><br>SCHWARTZER & MCPHERSON<br>Jeanette R. McPherson, Esq.<br>2850 S. Jones Blvd., Suite 1<br>Las Vegas, NV 89146<br>Telephone: (702) 228-7590 |
| Office of the United States Trustee | William Cossitt, Esq.<br>300 Booth St., Suite 2129<br>Reno, NV 89509<br>Telephone: (775) 784-5052 |
| Kmart Corporation | HARTMAN & HARTMAN<br>Jeffrey L. Hartman, Esq.<br>510 W. Plumb Lane, Suite B<br>Reno, NV 89509<br>Telephone: (775-324-2800 |
| Paul Roshetko | CECILIA LEE, LTD.<br>Cecilia Lee, Esq.<br>510 W. Plumb Lane, Suite A<br>Reno, NV 89509<br>Telephone: (775) 324-1011 |
| Juan Delegado, St., and the Estate of Rosa Delegado, Juan Delegado Special Administrator | FENNEMORE CRAIG, P.C.<br>Craig S. Dunlap, Esq.<br>300 S. Fourth St., Suite 1400<br>Las Vegas, NV 89101<br>Telephone: (702) 692-8000 |
| Clark County Development Corporation | LAW OFFICES OF AMY N. TIRRE<br>Any N. Tirre, Esq.<br>3715 Lakeside Drive, Suite A<br>Reno, NV 89509<br>Telephone: (775) 828-0909 |

| | | |
|---|---|---|
| 1 | | |
| 2 | | and |
| 3 | | BROWN, WINICK, GRAVES, GROSS, BASKERVILLE & SCHOENEBAUM, P.L.C. |
| 4 | | Douglas E. Gross, Esq. |
| 5 | | 666 Grand Ave., Suite 200 Des Moines, IA 50309-2510 |
| 6 | | Telephone: (515) 242-2400 |

DATED this 3rd day of February, 2010.

GORDON SILVER

By: _____

GERALD M. GORDON, ESQ.
MATTHEW C. ZIRZOW, ESQ.
Attorneys for Debtors/Appellants

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/839180.doc                     4

# Exhibit 1

**Entered on Docket**
**January 14, 2010**

_____
**Hon. Gregg W. Zive**
**United States Bankruptcy Judge**

GORDON SILVER
GERALD M. GORDON, ESQ., Nevada Bar No. 229
E-mail: ggordon@gordonsilver.com
MATTHEW C. ZIRZOW, Nevada Bar No. 7222
E-mail: mzirzow@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555
Facsimile (702) 369-2666
Attorneys for Debtors

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>ZANTE, INC.<br><br>☐ Affects this Debtor.<br>☒ Affects all Debtors.<br>☐ Affects THE SANDS REGENT<br>☐ Affects PLANTATION INVESTMENTS, INC.<br>☐ Affects LAST CHANCE, INC.<br>☐ Affects DAYTON GAMING, INC.<br>☐ Affects CALIFORNIA PROSPECTORS, LTD.<br>☐ Affects HERBST GAMING, INC.<br>☐ Affects FLAMINGO PARADISE GAMING, LLC<br>☐ Affects E-T-T, INC.<br>☐ Affects MARKET GAMING, INC.<br>☐ Affects THE PRIMADONNA COMPANY, LLC<br>☐ Affects HGI LAKESIDE, INC.<br>☐ Affects HGI ST. JO, INC.<br>☐ Affects HGI MARK TWAIN, INC.<br>☐ Affects CARDIVAN COMPANY<br>☐ Affects CORRAL COIN, INC.<br>☐ Affects CORRAL COUNTRY COIN, INC.<br>☐ Affects E-T-T ENTERPRISES, LLC | Case No.: BK-N-09-50746-GWZ;  Chapter 11<br>Jointly Administered with:<br><br>09-50747   The Sands Regent<br>09-50748   Plantation Investments, Inc.<br>09-50749   Last Chance, Inc.<br>09-50751   Dayton Gaming, Inc.<br>09-50750   California Prospectors, Ltd.<br>09-50752   Herbst Gaming, Inc.<br>09-50753   Flamingo Paradise Gaming, LLC<br>09-50754   E-T-T, Inc.<br>09-50755   Market Gaming, Inc.<br>09-50756   The Primadonna Company, LLC<br>09-50757   HGI Lakeside, Inc.<br>09-50758   HGI St. Jo, Inc.<br>09-50759   HGI Mark Twain, Inc.<br>09-50760   Cardivan Company<br>09-50761   Corral Coin, Inc.<br>09-50762   Corral Country Coin, Inc.<br>09-50763   E-T-T Enterprises, LLC<br><br>Confirmation Hearing:<br>Date:   October 28-30, 2009 |

## ORDER CONFIRMING DEBTORS' FIRST AMENDED
## JOINT PLAN OF REORGANIZATION

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/Version 757082_2 Confirmation Order.doc

Case 3:10-cv-00131-RCJ-WGC   Document 1-2   Filed 03/08/10   Page 7 of 79

Case 09-50746-g....   Doc 1401-1   Entered 02/03/10 06....:10   Page 3 of 6
Case 09-50746-gwz   Doc 1337   Entered 01/14/10 16:15:04   Page 2 of 5

1   The First Amended Joint Plan of Reorganization (the "Plan") filed on July 22, 2009

2   [Docket No. 593] under chapter 11 of the Bankruptcy Code, as modified by the Findings Of Fact

3   And Conclusions Of Law In Support Of Order Confirming Debtors' First Amended Joint Plan

4   Of Reorganization (the "Findings and Conclusions") entered contemporaneously herewith,

5   having been transmitted to creditors and equity security holders filed by Zante, Inc., The Sands

6   Regent, Plantation Investments, Inc., Last Chance, Inc, Dayton Gaming, Inc., California

7   Prospectors, Ltd., Herbst Gaming, Inc., Flamingo Paradise Gaming, LLC, E-T-T, Inc., Market

8   Gaming, Inc., The Primadonna Company, LLC, HGI Lakeside, Inc., HGI St. Jo, Inc., HGI Mark

9   Twain, Inc., Cardivan Company, Corral Coin, Inc., Corral Country Coin, Inc., and E-T-T

10   Enterprises, LLC (collectively, the "Debtors");

11   It having been determined after hearing on notice that the requirements for confirmation

12   set forth in 11 U.S.C. §§ 1129(a) and (b) have been satisfied; and

13   **IT IS ORDERED** that:

14   The Plan filed by Debtors on July 22, 2009, as modified by the Findings and

15   Conclusions, is CONFIRMED. A copy of the confirmed Plan, subject to the modifications set

16   forth in the Findings and Conclusions, is attached as Exhibit 1 hereto.

17   **IT IS SO ORDERED.**

18

19   Prepared and Submitted:

20   GORDON SILVER

21

22   By:   /s/ Matthew C. Zirzow
     GERALD M. GORDON, ESQ.
23   MATTHEW C. ZIRZOW, ESQ.
     3960 Howard Hughes Pkwy., 9th Floor
24   Las Vegas, NV  89169
     Attorneys for Debtors
25

26   . . .

27   . . .

28   . . .

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/Version 757082_2 Confirmation Order.doc

2

Case 3:10-cv-00131-RCJ-WGC   Document 1-2   Filed 03/08/10   Page 8 of 79

Case 09-50746-g....   Doc 1401-1   Entered 02/03/10 08:ᴜᴜ:10   Page 4 of 6
Case 09-50746-gwz   Doc 1337   Entered 01/14/10 16:15:04   Page 3 of 5

| | |
|---|---|
| 1 | ~~APPROVED~~/DISAPPROVED: |
| 2 | |

~~APPROVED~~/DISAPPROVED:

By: /s/ Andrew G. Devore
ROPES & GRAY, LLP
STEVEN T. HOORT, ESQ.
ANDREW G. DEVORE, ESQ.
One International Place
Boston, MA 02110-2624

DARBY LAW PRACTICE, LTD.
KEVIN A. DARBY, ESQ.
4777 Caughlin Parkway
Reno, NV 89519

Attorneys for HSBC Bank USA, N.A,
as Indenture Trustee

~~APPROVED~~/DISAPPROVED:

By: /s/ Jeffrey L. Hartman
HARTMAN & HARTMAN
JEFFREY L. HARTMAN, ESQ.
510 W. Plumb Lane, Suite B
Reno, NV 89509

Attorneys for Kmart Corporation

~~APPROVED~~/DISAPPROVED:

By: /s/ Craig S. Dunlap
FENNEMORE CRAIG, P.C.
CRAIG S. DUNLAP, ESQ.
300 S. Fourth Street, Suite 1400
Las Vegas, NV 89101

Attorneys for Juan Delegado, Sr., and the
Estate of Rosa Delegado, Juan Delegado
Special Administrator

~~APPROVED~~/DISAPPROVED:

By: /s/ Gordon Z. Novod
BROWN RUDNICK LLP
STEVEN D. POHL, ESQ.
One Financial Center
Boston, MA 02111

BROWN RUDNICK LLP
GORDON Z. NOVOD, ESQ.
Seven Times Square
New York, NY 10036

SCHWARTZER & MCPHERSON
JEANETTE E. MCPHERSON, ESQ.
2850 S. Jones Blvd., Ste. 1
Las Vegas, NV 89146

Attorneys for Official Committee
of Unsecured Creditors

APPROVED/~~DISAPPROVED~~:

By: /s/ Cecilia Lee
CECILIA LEE, LTD.
CECILIA LEE, ESQ.
510 W. Plumb Lane, Suite A
Reno, NV 89509

Attorneys for Paul Roshetko

APPROVED/~~DISAPPROVED~~:

By: /s/ William Cossitt
OFFICE OF THE U.S. TRUSTEE
WILLIAM COSSITT, ESQ.
300 Booth Street, Suite 2129
Reno, NV 89509

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/Version 757082_2 Confirmation Order.doc

3

Case 3:10-cv-00131-RCJ-WGC   Document 1-2   Filed 03/08/10   Page 9 of 79

Case 09-50746-g._   Doc 1401-1   Entered 02/03/10 06..._:10   Page 5 of 6
Case 09-50746-gwz   Doc 1337   Entered 01/14/10 16:15:04   Page 4 of 5

1

2    APPROVED/~~DISAPPROVED~~:              APPROVED/~~DISAPPROVED~~:

3    By: ___/s/ Thomas Kreller_____   By: ___/s/ Amy N. Tirre_____
4    MILBANK, TWEED, HADLEY &              LAW OFFICES OF AMY N. TIRRE
     MCCLOY, LLP                           AMY N. TIRRE, ESQ.
5    THOMAS KRELLER, ESQ.                  3715 Lakeside Drive, Suite A
     601 S. Figueroa Street, 30th Floor    Reno, NV 89509
6    Los Angeles, CA 90017
                                           BROWN, WINICK, GRAVES, GROSS,
7    LEWIS AND ROCA, LLP                   BASKERVILLE & SCHOENEBAUM,
8    BRUCE T. BEESLEY, ESQ.                P.L.C.
     50 West Liberty St., Suite 410        DOUGLAS E. GROSS, ESQ.
9    Reno, NV 89501                        666 Grand Ave., Suite 200
                                           Des Moines, IA 50309-2510
10   Attorneys for Wilmington Trust Company
                                           Attorneys for Clarke County Development
11                                         Corporation

12

13   . . .

14   . . .

15   . . .

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

Case 3:10-cv-00131-RCJ-WGC   Document 1-2   Filed 03/08/10   Page 10 of 79

Case 09-50746-g\. _   Doc 1401-1   Entered 02/03/10 06. _:10   Page 6 of 6
Case 09-50746-gwz   Doc 1337   Entered 01/14/10 16:15:04   Page 5 of 5

## LR 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies as follows:

☐     The Court waived the requirement of approval under LR 9021.

☐     No parties appeared or filed written objections, and there is no trustee appointed in this case.

☒     A copy of this proposed findings of fact and conclusions of law was delivered to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below:

STEVEN T. HOORT, ESQ.; ANDREW G. DEVORE, ESQ.; KEVIN A. DARBY, ESQ., Attorneys for HSBC Bank USA, N.A, as Indenture Trustee: **DISAPPROVED**

STEVEN D. POHL, ESQ.; GORDON Z. NOVOD, ESQ.; JEANETTE E. MCPHERSON, ESQ., Attorneys for Official Committee of Unsecured Creditors: **DISAPPROVED**

JEFFREY L. HARTMAN, ESQ., Attorneys for Kmart Corporation: **APPROVED**

CECILIA LEE, ESQ., Attorneys for Paul Roshetko: **APPROVED**

CRAIG S. DUNLAP, ESQ., Attorneys for Juan Delegado, Sr., and the Estate of Rosa Delegado, Juan Delegado Special Administrator: **DISAPPROVED**

WILLIAM COSSITT, ESQ., Office Of The U.S. Trustee: **APPROVED**

THOMAS KRELLER, ESQ.; BRUCE T. BEESLEY, ESQ., Attorneys for Wilmington Trust Company: **APPROVED**

AMY N. TIRRE, ESQ.; DOUGLAS E. GROSS, ESQ., Attorneys for Clarke County Development Corporation: **APPROVED**

# # #

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/Version 757082_2 Confirmation Order.doc

5

# Exhibit 2

The Court has reviewed and considered the objections, the response, the transcript and its notes. These are the Court's findings and conclusions and are not limited to a reiteration of the transcript or the Court's comments made during argument.

**Entered on Docket**
**January 14, 2010**

Hon. Gregg W. Zive
United States Bankruptcy Judge

GORDON SILVER
GERALD M. GORDON, ESQ., Nevada Bar No. 229
E-mail: ggordon@gordonsilver.com
MATTHEW C. ZIRZOW, ESQ., Nevada Bar No. 7222
E-mail: mcz@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555
Facsimile (702) 369-2666
Attorneys for Debtors

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| In re:<br><br>ZANTE, INC. | Case No.: BK-N-09-50746-GWZ;  Chapter 11<br>Jointly Administered with: |
|---|---|
| ☐ Affects this Debtor. | |
| ☒ Affects all Debtors. | |
| ☐ Affects THE SANDS REGENT | 09-50747   The Sands Regent<br>09-50748   Plantation Investments, Inc. |
| ☐ Affects PLANTATION INVESTMENTS, INC. | 09-50749   Last Chance, Inc. |
| ☐ Affects LAST CHANCE, INC. | 09-50750   Dayton Gaming, Inc. |
| ☐ Affects DAYTON GAMING, INC. | 09-50751   California Prospectors, Ltd. |
| ☐ Affects CALIFORNIA PROSPECTORS, LTD. | 09-50752   Herbst Gaming, Inc. |
| ☐ Affects HERBST GAMING, INC. | 09-50753   Flamingo Paradise Gaming, LLC |
| ☐ Affects FLAMINGO PARADISE GAMING, LLC | 09-50754   E-T-T, Inc.<br>09-50755   Market Gaming, Inc. |
| ☐ Affects E-T-T, INC. | 09-50756   The Primadonna Company, LLC |
| ☐ Affects MARKET GAMING, INC. | 09-50757   HGI Lakeside, Inc. |
| ☐ Affects THE PRIMADONNA COMPANY, LLC | 09-50758   HGI St. Jo, Inc. |
| ☐ Affects HGI LAKESIDE, INC. | 09-50759   HGI Mark Twain, Inc. |
| ☐ Affects HGI ST. JO, INC. | 09-50760   Cardivan Company<br>09-50761   Corral Coin, Inc. |
| ☐ Affects HGI MARK TWAIN, INC. | 09-50762   Corral Country Coin, Inc. |
| ☐ Affects CARDIVAN COMPANY | 09-50763   E-T-T Enterprises, LLC |
| ☐ Affects CORRAL COIN, INC. | |
| ☐ Affects CORRAL COUNTRY COIN, INC. | Confirmation Hearing: |
| ☐ Affects E-T-T ENTERPRISES, LLC | Date:  October 28-30, 2009 |

# FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER
# CONFIRMING DEBTORS' FIRST AMENDED JOINT PLAN OF REORGANIZATION

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/Version 757101_6 Findings of Fact and Conclusion of_3.doc

Case 3:10-cv-00131-RCJ-WGC   Document 1-2   Filed 03/08/10   Page 13 of 79

Case 09-50746-gw_   Doc 1401-2   Entered 02/03/10 08:_ _.10   Page 3 of 21
Case 09-50746-gwz   Doc 1336   Entered 01/14/10 14:38:56   Page 2 of 20

1    Debtors, Zante, Inc., The Sands Regent, Plantation Investments, Inc., Last Chance, Inc.,

2    Dayton Gaming, Inc.,  California Prospectors, Ltd., Herbst Gaming, Inc., Flamingo Paradise

3    Gaming, LLC,  E-T-T, Inc., Market Gaming, Inc., The Primadonna Company, LLC, HGI

4    Lakeside, Inc., HGI St. Jo, Inc., HGI Mark Twain, Inc., Cardivan Company, Corral Coin, Inc.,

5    Corral Country Coin, Inc., and E-T-T Enterprises, LLC (collectively, the "Debtors") having filed

6    their First Amended Joint Plan of Reorganization as modified (the "Plan") on July 22, 2009

7    [Docket No. 593]; the Debtors' Second Amended Disclosure Statement to Accompany First

8    Amended Joint Plan of Reorganization, as modified (the "Disclosure Statement") filed August 7,

9    2009 [Docket No. 659], having been approved by Order of this Court on August 10, 2009 (the

10   "Disclosure Statement Order") [Docket No. 665]; the Court having held a confirmation hearing

11   on October 28-30, 2009 (the "Confirmation Hearing"); and after due deliberation, and sufficient

12   cause appearing therefore;

13       **IT HAVING BEEN FOUND AND DETERMINED** by this Court (collectively, the

14   "Findings and Conclusions") that:

15       1.    Unless otherwise defined herein, all capitalized terms shall have the meanings

16   given such terms in the Plan.

17       2.    On March 22, 2009 (the "Petition Date"), Debtors filed their respective voluntary

18   petitions for relief under Chapter 11 of title 11 of the U.S. Code (the "Bankruptcy Code"),

19   thereby commencing the above-captioned bankruptcy cases (collectively, the "Chapter 11

20   Cases").   Since the Petition Date, Debtors have continued operating their businesses and

21   managing their properties as debtors and debtors-in-possession pursuant to Sections 1107(a) and

22   1108 of the Bankruptcy Code.

23       3.    This Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §

24   1334. Confirmation of the Plan is a core proceeding in which the Court may enter a final order

25   in accordance with 28 U.S.C. § 157(b)(2). Venue of the Chapter 11 Cases in this District is

26   proper pursuant to 28 U.S.C. §§ 1408 and 1409.

27       4.    This Court takes judicial notice pursuant to Rule 201 of the Federal Rules of

28   Evidence of the docket of the Chapter 11 Cases including, without limitation, all pleadings and

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

2

101323-003/Version 757101_6 Findings of Fact and Conclusion of_3.doc

Case 3:10-cv-00131-RCJ-WGC   Document 1-2   Filed 03/08/10   Page 14 of 79

Case 09-50746-gw_   Doc 1401-2   Entered 02/03/10 08:__.10   Page 4 of 21
Case 09-50746-gwz   Doc 1336   Entered 01/14/10 14:38:56   Page 3 of 20

1    other documents filed in both Debtors' main bankruptcy case and in the associated adversary

2    proceeding styled as <u>HSBC Bank USA, N.A., as Indenture Trustee v. Wilmington Trust Co., as</u>

3    <u>Administrative Agent, et al.</u>, being Adversary Proceeding No. 09-5048 (the "<u>Indenture Trustee</u>

4    <u>Adversary</u>"), all orders entered, and all evidence and arguments made, proffered or adduced at,

5    the hearings held before the Court during the pendency of these Chapter 11 Cases and the

6    Indenture Trustee Adversary.

7                                    **Confirmation Requirements**

8           5.      Except as modified herein with respect to Class 6 (Section 726(a)(4) Claims), and

9    with respect to any claims of the Indenture Trustee and/or its counsel for the allowance and

10   payment or reimbursement of the Indenture Trustee's and/or its counsel's fees and expenses, the

11   classification of Claims and Equity Interests in Section 3 of the Plan is necessary and reasonable

12   to implement the Plan, and satisfies the requirements of Section 1122(a) of the Bankruptcy Code

13   in that each Claim or Equity Interest in each particular Class is substantially similar to other

14   Claims or Equity Interests in such Class.

15          6.      The separate classification of Class 4 (General Unsecured Claims) from Class 5

16   (Senior Subordinated Note Claims) is reasonable, in good faith, not unfairly discriminatory, and

17   justified based upon the economic realities of these Chapter 11 Cases, including but not limited

18   to the value of the Debtors as compared with its liabilities, enforcement of the subordination

19   provisions in Articles 10 and 11 of the Indentures, and giving effect to the relevant priorities

20   under applicable state law.  As such, the separate classification of Class 4 from Class 5 satisfies

21   the requirements of Section 1122 of the Bankruptcy Code.

22          7.      Except as modified herein with respect to Class 6 (Section 726(a)(4) Claims),

23   Section 3 of the Plan adequately and properly identifies and classifies all Claims and Equity

24   Interests, thereby satisfying the requirements of Section 1123(a)(1) of the Bankruptcy Code.

25          8.      Except as modified herein with respect to Class 6 (Section 726(a)(4) Claims),

26   Sections 4 and 5 of the Plan adequately and properly identify the Classes of Claims and Equity

27   Interests which are and are not impaired.  Therefore, the Plan satisfies the requirements of

28   Section 1123(a)(2) of the Bankruptcy Code.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

3
101323-003/Version 757101_6 Findings of Fact and Conclusion of_3.doc

Case 3:10-cv-00131-RCJ-WGC   Document 1-2   Filed 03/08/10   Page 15 of 79

Case 09-50746-gw_   Doc 1401-2   Entered 02/03/10 08:__.10   Page 5 of 21
Case 09-50746-gwz   Doc 1336   Entered 01/14/10 14:38:56   Page 4 of 20

1      9.     Sections 4 and 5 of the Plan specify the treatment of each impaired Class of

2 Claims and Equity Interests and thereby satisfy the requirements of Section 1123(a)(3) of the

3 Bankruptcy Code.

4      10.    The Plan provides for the same treatment for each Claim or Equity Interest in a

5 particular Class and thereby satisfies the requirements of Section 1123(a)(4) of the Bankruptcy

6 Code.

7      11.    The Plan provides adequate means for its implementation, thereby satisfying

8 Section 1123(a)(5) of the Bankruptcy Code, including, among other things:  the continued

9 existence of Reorganized Debtors, the execution and delivery to the Senior Credit Facility Agent

10 of the Reorganized Herbst Gaming Senior Credit Facility and related documents, the effectuation

11 of the transfer of assets to Reorganized Debtors, the continuation of post-Effective Date

12 management and operations, the continuation of post-confirmation adequate protection

13 payments, and the procedures specified under the Plan for the disbursements to Holders of

14 Allowed Claims.

15      12.    In accordance with Section 1123(a)(6) of the Bankruptcy Code, the document

16 governing the interests to be issued under the Plan shall prohibit the issuance of non-voting

17 interests to the extent required by Section 1123(a)(6) of the Bankruptcy Code.

18      13.    The provisions of the Plan are consistent with the interests of the Holders of

19 Claims and Equity Interests and public policy and, therefore, satisfy the requirements of Section

20 1123(a)(7) of the Bankruptcy Code.

21      14.    In accordance with Section 1123(b)(1) of the Bankruptcy Code, Section 5 of the

22 Plan impairs Classes 3, 5, 7 and 8, and Section 4 of the Plan leaves unimpaired Classes 1, 2, 4,

23 and 9.

24      15.    The Plan constitutes a motion by the Debtors to assume, as of the Effective Date,

25 all executory contracts and unexpired leases to which the Debtors are a party except for any such

26 executory contract or unexpired lease that:  (a) is included on Schedule 7.1 of the Plan or has

27 been rejected pursuant to an order of this Court; (b) is the subject of a separate motion by the

28 Debtors to assume or assume and assign pursuant to Section 365 of the Bankruptcy Code and is

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

4

101323-003/Version 757101_6 Findings of Fact and Conclusion of_3.doc

Case 3:10-cv-00131-RCJ-WGC   Document 1-2   Filed 03/08/10   Page 16 of 79

Case 09-50746-gw    Doc 1401-2   Entered 02/03/10 08...  .10   Page 6 of 21
Case 09-50746-gwz   Doc 1336   Entered 01/14/10 14:38:56   Page 5 of 20

1    pending as of the Effective Date; or (c) is the subject of a stipulation or other written agreement

2    between the applicable Debtor(s) and the other party to a particular executory contract or

3    unexpired lease, either approved or to be approved by this Court. For the avoidance of doubt, all

4    objections to confirmation of the Plan filed by Clarke County Development Corporation are

5    hereby overruled in all respects, and Debtors shall be and hereby are permitted to assume and to

6    assign the Management and Operation Agreement, and all related and ancillary agreements

7    thereto, subject only to the applicable regulatory approval by the Iowa Racing and Gaming

8    Commission.

9        16.    The Debtors' decision regarding the assumption or rejection of executory

10   contracts and unexpired leases, as authorized by Section 1123(b)(2) of the Bankruptcy Code and

11   as provided for in Section 7 of the Plan, is a reasonable exercise of sound business judgment and

12   is in the best interests of the Debtors and the Estate.

13       17.    Pursuant to and in compliance with Section 1123(b)(3) of the Bankruptcy Code,

14   Section 10.2 of the Plan provides that, except as otherwise expressly provided in the Plan, all

15   Litigation Claims shall be assigned and transferred to the Reorganized Debtors and Reorganized

16   Herbst Gaming. The Reorganized Debtors and Reorganized Herbst Gaming, as the successors in

17   interest to the Debtors and the Estates, may, and shall have the exclusive right to, enforce, sue

18   on, settle, compromise, transfer or assign (or decline to do any of the foregoing) any or all of the

19   Litigation Claims, including, without limitation, any and all derivative actions pending or

20   otherwise existing against the Debtors as of the Substantial Consummation Date.

21       18.    Pursuant to and in compliance with Section 1123(b)(3) of the Bankruptcy Code,

22   Section 10.3 of the Plan provides that at any time after the Confirmation Date and before the

23   Substantial Consummation Date, notwithstanding anything in this Plan to the contrary, the

24   Debtors may settle any or all of the Litigation Claims with the approval of the Bankruptcy Court

25   pursuant to Bankruptcy Rule 9019. After the Substantial Consummation Date, the Reorganized

26   Debtors and Reorganized Herbst Gaming may, and shall have the exclusive right to, compromise

27   and settle any Claims against them and claims they may have against other Person or entity,

28   including, without limitation, the Litigation Claims, without notice to or approval from the

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

5

101323-003/Version 757101_6 Findings of Fact and Conclusion of_3.doc

Case 3:10-cv-00131-RCJ-WGC   Document 1-2   Filed 03/08/10   Page 17 of 79

Case 09-50746-gwz   Doc 1401-2   Entered 02/03/10 08:__.10   Page 7 of 21
Case 09-50746-gwz   Doc 1336   Entered 01/14/10 14:38:56   Page 6 of 20

1   Bankruptcy Court, including, without limitation, any and all derivative actions pending or

2   otherwise existing against the Debtors as of the Effective Date.

3        19.   Pursuant to and in compliance with Sections 1123(b)(3)(A) and (b)(6) of the

4   Bankruptcy Code, with respect to Sections 10.5 (Settlement and Compromise), 10.6 (Debtors'

5   Releases), and/or 10.7 (Third Party Releases) of the Plan, the Court finds and concludes that:

6             a.   Without limiting the effect of the releases in Sections 10.6 and 10.7 of the

7        Plan, which are as broad as the law allows, the releases (i) do not release a non-Debtor,

8        third party from any claim or cause of action held by an alternate non-Debtor, third party

9        that is not otherwise released by the Debtors, and (ii) are not intended to effect, release or

10       impair investigations, actions and proceedings brought or that may be brought by the

11       U.S. Securities and Exchange Commission.

12            b.   The releases in Sections 10.6 and 10.7 of the THI Parties are intended to

13       and only act to release the THI Parties solely, as applicable, in their capacities as present

14       and former officers and directors of Debtors.

15            c.   The discharge, compromise and settlement, release and injunction

16       provisions in Sections 10.4 through 10.8 of the Plan:

17                 i.   fall within the jurisdiction of this Court under 28 U.S.C. § 1334(a),

18            (b), (d) and (e);

19                 ii.   are essential means of implementing the Plan pursuant to Section

20            1123(a)(5) of the Bankruptcy Code;

21                 iii.   are integral elements of the transactions incorporated into the Plan;

22                 iv.   confer a material benefit on, and are in the best interests of, the

23            Debtors, the Estate, and Creditors;

24                 v.   are important to the overall objectives of the Plan; and

25                 vi.   are consistent with Sections 105, 510, 1123, 1129, and other

26            applicable provisions of the Bankruptcy Code.

27            d.   All entities which are benefited by the discharge, compromise and

28       settlement, release and injunctive provisions of the Plan have contributed and/or will

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

6

Case 3:10-cv-00131-RCJ-WGC   Document 1-2   Filed 03/08/10   Page 18 of 79

Case 09-50746-gwz   Doc 1401-2   Entered 02/03/10 08:ᴗᴗ.10   Page 8 of 21
Case 09-50746-gwz   Doc 1336   Entered 01/14/10 14:38:56   Page 7 of 20

1    contribute value to the Debtors and/or the Estates under the Plan.

2         e.    The failure to effect the discharge, compromise and settlement, release

3    and injunctive provisions of the Plan would impair the Debtors' ability to confirm the

4    Plan.

5         f.    The settlement, compromise and allowance in full of Claims in Class 3

6    (Senior Credit Facility Claims), and the subordination of all Claims in Class 5 (Senior

7    Subordinated Note Claims) to Claims in Class 3 are in good faith, fair, equitable, within

8    the range of reasonableness, in the best interests of the Debtors and their Estates, and are

9    entered into in good faith, at arms' length, and are appropriate pursuant to Sections 1123

10   of the Bankruptcy Code, including but not limited to subsections (b)(3)(A) and (b)(6), the

11   standards applicable to settlements and compromises in bankruptcy pursuant to Rule

12   9019 of the Federal Rules of Bankruptcy Procedure, and applicable caselaw.  The Court

13   further finds and concludes that:

14        i.    In order for the Class 5 Claimants to receive any monetary recovery

15              in these Chapter 11 cases, (A) the debt due to the Class 3 Claimants

16              would have to be stripped of its senior status relative to the Class 5

17              Claimants, and (B) the liens of the Class 3 Claimants would have to

18              be avoided.  This is not probable.

19        ii.   Articles 10 and 11 of the Indentures do not allow Class 5 Claimants

20              to recover any payments from either HGI or the guarantors of the

21              Senior Subordinated Notes before the Class 3 Claimants have been

22              paid in full.

23        iii.  As to the Indenture Trustee's allegation that the incurrence of debt

24              in connection with the acquisition of the Sands Regent (the "Sands

25              Acquisition") and in connection with the acquisition of Primadonna

26              Company LLC and related assets (the "Primm Acquisition")

27              violated Section 4.09 (the "Debt Incurrence Test") of the

28              Indentures:

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/Version 757101_6 Findings of Fact and Conclusion of_3.doc

7

Case 3:10-cv-00131-RCJ-WGC Document 1-2 Filed 03/08/10 Page 19 of 79

Case 09-50746-gwz Doc 1401-2 Entered 02/03/10 08.00.10 Page 9 of 21
Case 09-50746-gwz Doc 1336 Entered 01/14/10 14:38:56 Page 8 of 20

A. The Indentures required that GAAP-compliant financial statements be available for the Debt Incurrence Test;

B. The evidence presented established that it would have been impossible for GAAP-compliant financial statements for the fourth quarter of 2006 to be created prior to the January 3, 2007 closing date of the Sands Acquisition, and the Indenture Trustee's claim that the debt incurred for the Sands Acquisition violated the Debt Incurrence Test (as defined in the Indentures) is not plausible.

C. The evidence presented established that it would have been impossible for GAAP-compliant financial statements for the first quarter of 2007 to be created prior to the April 10, 2007 closing date of the Primm Acquisition; and

D. There is no provision in the Indentures that required the Debtors to delay the closing of the Primm or Sands Acquisitions to await the preparation of financial statements for the prior quarter.

iv. The Indenture Trustee is unlikely to prevail upon its argument that the incurrence of debt in connection with the Sands Acquisition and in connection with the Primm Acquisition violated Section 4.11 (the "Affiliate Transaction" provision) of the Indentures.

v. As to any fraudulent conveyance action regarding the Sands Acquisition, the probability of success is very low.

vi. The economic realities of these Chapter 11 cases do not warrant the prosecution of a fraudulent transfer action regarding the Primm Acquisition. Even though the probability of success of such an action is probably higher than any fraudulent transfer action regarding the Sands Acquisition, there is no probability of success

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/Version 757101_6 Findings of Fact and Conclusion of_3.doc

8

1        for such litigation sufficient to justify disapproval of the settlement.

2      g.  The Challenge Period, as defined in the Final Order Approving Amended

3 and Restated Stipulation Authorizing Use of Cash Collateral by Debtors, and Granting

4 Adequate Protection (the "Cash Collateral Order") [Docket No. 377], terminates as of the

5 Confirmation Date; *provided, however*, that if the Confirmation Order is ever revoked,

6 vacated, or otherwise set aside, then any party with standing may, within ninety (90) days

7 of entry of such order, commence an action or proceeding raising any Claims or

8 Defenses (as such terms are defined in the Cash Collateral Order).  If such action or

9 proceeding is not commenced within ninety (90) days after entry of an order revoking,

10 vacating or otherwise setting aside the Confirmation Order, then such action or

11 proceeding shall be barred.

12    20.  The classification and treatment of the Class 4 (General Unsecured Claims) and

13 Class 5 (Senior Subordinated Note Claims) based upon the economic realities of these Chapter

14 11 Cases, including but not limited to the value of the Debtors as compared with their liabilities,

15 enforcement of the subordination provisions in Articles 10 and 11 of the Indentures, and giving

16 effect to the relevant priorities under applicable state law, is fair and equitable and satisfies

17 Section 1123 of the Bankruptcy Code.

18    21.  The Senior Credit Facility Gift as provided for in the Plan to Class 4 (General

19 Unsecured Claims) is permissible and appropriate under Section 1123 of the Bankruptcy Code.

20    22.  The Plan complies with all applicable provisions of the Bankruptcy Code, thereby

21 satisfying the requirements of Section 1129(a)(1) of the Bankruptcy Code, including but not

22 limited to the requirements of Sections 1122 and 1123 of the Bankruptcy Code as incorporated

23 therein.

24    23.  The Debtors, as proponents of the Plan, have complied with the applicable

25 provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules

26 of Bankruptcy Practice for the U.S. District Court for the District of Nevada, and orders of this

27 Court with respect to the Plan.  Good, sufficient and timely notice of the Confirmation Hearing

28 has been given to holders of Claims and Equity Interests and to other parties-in-interest to whom

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

9

101323-003/Version 757101_6 Findings of Fact and Conclusion of_3.doc

Case 3:10-cv-00131-RCJ-WGC   Document 1-2   Filed 03/08/10   Page 21 of 79

Case 09-50746-gwz   Doc 1401-2   Entered 02/03/10 08:30:10   Page 11 of 21
Case 09-50746-gwz   Doc 1336   Entered 01/14/10 14:38:56   Page 10 of 20

1   notice is required to be given in accordance with the Disclosure Statement Order. The
2   solicitation of votes was made in good faith and in compliance with the applicable provisions of
3   the Bankruptcy Code and all other rules, laws and regulations, and such solicitation was
4   conducted after disclosure of "adequate information" as defined in Section 1125 of the
5   Bankruptcy Code. Ballots of Holders of Claims entitled to vote on the Plan were properly
6   solicited and tabulated in accordance with the Disclosure Statement Order. Holders of at least
7   two-thirds (2/3) in amount and one-half (1/2) in number of the Claims actually voting in Class 3
8   (and 7) have accepted the Plan. Holders of Claims in Classes 1, 2, 4 and 9 are not impaired
9   under the Plan and were not entitled to vote to accept or reject the Plan. Holders of Claims in
10  Classes 5 and 9, and Holders of Equity Interests in Class 8, are conclusively presumed to have
11  rejected the Plan, and were not entitled to vote on the Plan. As such, the Debtors have complied
12  with Section 1129(a)(2) of the Bankruptcy Code, including, but not limited to the requirements
13  set forth in Section 1125 and 1126 of the Bankruptcy Code.

14      24.     The Plan, and the compromises and settlements embodied therein, have been
15  proposed in good faith and not by any means forbidden by law, as evidenced by, among other
16  things, the totality of the circumstances surrounding the formulation of the Plan, and the record
17  of these Chapter 11 Cases and the Indenture Trustee Adversary. The Plan provides the greatest
18  opportunities to maximize the value of the Estates, and Debtors have exercised sound and
19  reasonable business judgment through the Plan. As such, the Plan satisfies the requirements of
20  Section 1129(a)(3) of the Bankruptcy Code.

21      25.     Any payment made or to be made under the Plan or by any Person acquiring
22  property under the Plan, for services or for costs and expenses in, or in connection with, the
23  Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, has been
24  approved by, or will be subject to the approval of, the Court as reasonable, thereby satisfying the
25  requirements of Section 1129(a)(4) of the Bankruptcy Code.

26      26.     The Debtors' current officers and current members of its Board of Directors shall
27  serve in their respective capacities, pending the Substantial Consummation Date. Therefore, the
28  Debtors have satisfied the requirements of Section 1129(a)(5) of the Bankruptcy Code.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

10

101323-003/Version 757101_6 Findings of Fact and Conclusion of_3.doc

Case 3:10-cv-00131-RCJ-WGC   Document 1-2   Filed 03/08/10   Page 22 of 79

Case 09-50746-gwz   Doc 1401-2   Entered 02/03/10 08:.   .0   Page 12 of 21
Case 09-50746-gwz   Doc 1336   Entered 01/14/10 14:38:56   Page 11 of 20

27.    Section 1129(a)(6) of the Bankruptcy Code is inapplicable to these Chapter 11 Cases because the Plan does not contain rate changes for which a governmental regulatory commission has jurisdiction after confirmation.

28.    The Plan complies with Section 1129(a)(7) of the Bankruptcy Code in that with respect to Classes 1, 2, 3, 4, 5, 7 and 9, each holder of a Claim or Equity Security will receive and retain under the Plan on account of such Claim or Equity Security property of a value, as of the Effective Date of the Plan that is not less than the amount that such holder would so receive or retain if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code, on such date.

29.    The Debtors introduced and had admitted into evidence a valuation analysis prepared by Goldman, Sachs & Co., which estimated a total enterprise value range of the Debtors of approximately $500,000,000.00 to $600,000,000.00, which report and testimony were unrebutted. ~~After reviewing and considering the evidence and arguments of counsel, the Court finds that the total enterprise value range of the Debtors is between the range as set forth in the valuation analysis prepared by Goldman, Sachs & Co.~~

30.    In accordance with Section 1129(a)(8) of the Bankruptcy Code, Classes 3 and 7 have voted to accept the Plan in accordance with Section 1126(c) of the Bankruptcy Code. Classes 1, 2, 4 and 9 under the Plan are unimpaired and therefore have been deemed to have accepted the Plan pursuant to Section 1126(f) of the Bankruptcy Code. With respect to Classes 5 and 8 under the Plan, such classes are deemed to have voted to reject the Plan pursuant to Section 1126(g) of the Bankruptcy Code. Because the impaired Classes in Classes 5 and 8 have not accepted the Plan, the requirements of Section 1129(a)(8) of the Bankruptcy Code have not been met, thereby requiring application of Section 1129(b) of the Bankruptcy Code. As is more fully set forth hereinafter, the Plan satisfies Section 1129(b) of the Bankruptcy Code with respect to Classes 5 and 8.

31.    The Plan's treatment of Allowed Administrative Claims, Allowed Priority Tax Claims, and other unclassified priority claims as set forth in Section 507(a) of the Bankruptcy Code satisfies the requirements set forth in Section 1129(a)(9) of the Bankruptcy Code because, except to the extent that the Holder of a particular Claim has agreed to a different treatment of

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

11
101323-003/Version 757101_6 Findings of Fact and Conclusion of_3.doc

Case 3:10-cv-00131-RCJ-WGC   Document 1-2   Filed 03/08/10   Page 23 of 79

Case 09-50746-gwz   Doc 1401-2   Entered 02/03/10 08:_  :0   Page 13 of 21
Case 09-50746-gwz   Doc 1336   Entered 01/14/10 14:38:56   Page 12 of 20

1   such Claim, the Plan provides that (i) the Holder of each Allowed Administrative Claim shall be

2   paid in full, in Cash; and (ii) the Holders of Allowed Priority Tax Claims shall be paid in full, in

3   Cash, or in such amounts and on such other terms as may be agreed to by the Holders of such

4   Claims and the Debtors, or according to the ordinary business terms of the Debtors and such

5   Holders.

6        32.      The Plan complies with Section 1129(a)(10) of the Bankruptcy Code in that (A)

7   Class 3 (an impaired class of Claims under the Plan) voted to accept the Plan without including

8   acceptance by any insider, (B) Wilmington Trust Company, as agent, moved for temporary

9   allowance of its claims pursuant to Rule 3018(a) of the Bankruptcy Rules, and (C) the Court

10  ordered temporary allowance of Wilmington Trust Company's claims for voting purposes on the

11  record of the hearing on October 28, 2009.

12       33.      The Plan complies with Section 1129(a)(11) of the Bankruptcy Code in that

13  confirmation will not likely be followed by the liquidation or the need for further financial

14  reorganization of the Debtors, except as proposed in the Plan.  The Plan offers a reasonable

15  prospect of success; it provides a reasonable probability that the provisions of the Plan can be

16  performed.  Therefore, the Plan satisfies the feasibility test set forth in Section 1129(a)(11) of the

17  Bankruptcy Code.

18       34.      The Plan complies with Section 1129(a)(12) of the Bankruptcy Code in that the

19  Plan provides for the payment of all fees under 28 U.S.C. § 1930 as of the Effective Date or as

20  they come due after such time.

21       35.      Section 1129(a)(13) of the Bankruptcy Code is satisfied as there are no retiree

22  benefits, as the term is defined in Section 1114 of the Bankruptcy Code, affected under the Plan.

23       36.      Debtors are not required or obligated on any domestic support obligation, and

24  thus Section 1129(a)(14) of the Bankruptcy Code is inapplicable.

25       37.      Debtors are not individuals, and thus Section 1129(a)(15) of the Bankruptcy Code

26  is inapplicable.

27       38.      Debtors are moneyed, business and commercial entities, and thus Section

28  1129(a)(16) of the Bankruptcy Code is inapplicable.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

12

101323-003/Version 757101_6 Findings of Fact and Conclusion of_3.doc

Case 3:10-cv-00131-RCJ-WGC   Document 1-2   Filed 03/08/10   Page 24 of 79

Case 09-50746-gwz    Doc 1401-2   Entered 02/03/10 08:00.10   Page 14 of 21
Case 09-50746-gwz    Doc 1336   Entered 01/14/10 14:38:56   Page 13 of 20

39. Except as modified herein with respect to Class 6 (Section 726(a)(4) Claims), the requirements of Section 1129(b) of the Bankruptcy Code are satisfied as all of the applicable requirements of Section 1129(a) of the Bankruptcy Code other than subsection (a)(8) are met with respect to the Plan and the Plan does not discriminate unfairly and is fair and equitable with respect to Classes 5 and 8, which are the two impaired Classes under the Plan that did not accept the Plan. With respect to Class 6, the requirements of Section 1129(b) of the Bankruptcy Code were not met with respect to the separate classification of those claims from Class 4 (General Unsecured Claims) as such classification was not fair and equitable and unfairly discriminated against the claims in Class 6.

40. The principal purpose of the Plan is not the avoidance of taxes or avoidance of the requirements of section 5 of the Securities Act of 1933. No governmental unit has requested that the Court deny confirmation on such basis. Therefore, the Plan satisfies the requirements of Section 1129(d) of the Bankruptcy Code.

**Modifications**

41. Section 4.3 of the Plan is amended to include the following additional paragraph:

> To the extent that the Debtors do not have sufficient unencumbered Cash to make such payments to Class 4 Claims, such Cash payments will be deemed to have been transferred by the Senior Credit Facility Gift, to which the Senior Credit Facility Lenders consent. In the event the Disputed Claim Reserve, as set forth in Section XVII.B.2, or the Cash on hand on the Effective Date are not sufficient to pay all the Class 4 Claims in full, in addition to any rights they may have, Class 4 Creditors have standing to file a motion to compel the funding of the Senior Creditor Facility Gift in the Bankruptcy Court and the Senior Creditor Facility Lenders and the Debtors consent to resolution of such issues to be in contested matter by motion practice.

42. The following sections of the Plan are deleted: Sections 1.1.92, 3.2.6, and 5.3. Any and all Claims that were previously proposed to be classified in Class 6 (Section 726(a)(4) Claims) are now part of Class 4 (General Unsecured Claims). For the avoidance of doubt, any Claims or portions of Claims for exemplary or punitive damages, including but not necessarily limited to any filed by or on behalf of Juan Delegado Sr., individually and as Special

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/Version 757101_6 Findings of Fact and Conclusion of_3.doc

13

Case 3:10-cv-00131-RCJ-WGC   Document 1-2   Filed 03/08/10   Page 25 of 79

Case 09-50746-gwz   Doc 1401-2   Entered 02/03/10 08:00.10   Page 15 of 21
Case 09-50746-gwz   Doc 1336   Entered 01/14/10 14:38:56   Page 14 of 20

1      Administrator of the Estate of Rosa Delegado (deceased), to the extent Allowed, shall be

2      included in Class 4.

3          43.     The second paragraph of Section 13.5 of the Plan is amended (with the added text

4      being underlined) to provide as follows:

> In the event that the Substantial Consummation Date does not occur within one year following the Effective Date, upon notification submitted by the Debtors to the Court: (i) the Confirmation Order shall be vacated, (ii) no additional distributions made under this Plan shall be <u>made except that distribution pursuant to Section 4.3 to Holders of General Unsecured Claims shall continue unaffected</u>, (iii) the Debtors and all Holders of Claims <u>(except for Holders of General Unsecured Claims)</u> shall be restored to the status quo ante as of the day immediately preceding the Confirmation Date as though the Confirmation Date had never occurred, and (iv) the Debtors' obligations with respect to the Claims shall remain unchanged (except to the extent of any post-Effective Date payments <u>and continuing payments pursuant to Section 4.3</u>) and nothing contained in this Plan shall constitute or be deemed a waiver or release of any Claims by or against the Debtors or any other Person or to prejudice in any manner the rights of the Debtors or any Person in any further proceedings involving the Debtors.

16         44.     The above-listed modifications, and, to the extent that any other provisions in

17     these Findings and Conclusions could be construed as modifications to the Plan, such

18     modifications do not materially adversely affect or change the treatment of any Claims against or

19     Equity Interest in the Debtors.  Accordingly, such modifications would not require additional

20     disclosure under Section 1125 of the Bankruptcy Code or the resolicitation of acceptances or

21     rejections under Section 1126 of the Bankruptcy Code, nor do they require that Holders of

22     Claims against the Debtors be afforded an opportunity to change previously cast acceptances or

23     rejections of the Plan as filed with the Bankruptcy Court.   As such, the above-listed

24     modifications are approved as necessary and appropriate, and the Plan is so modified. All other

25     modifications and amendments to the Plan are subject to Section 12.1 of the Plan.

26         Accordingly, it is hereby **ORDERED, ADJUDGED AND DECREED** that:

27         45.     The Plan is confirmed as having satisfied all of the applicable requirements of

28     Chapter 11 of the Bankruptcy Code.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

14
101323-003/Version 757101_6 Findings of Fact and Conclusion of_3.doc

Case 3:10-cv-00131-RCJ-WGC   Document 1-2   Filed 03/08/10   Page 26 of 79

Case 09-50746-gw⌐   Doc 1401-2   Entered 02/03/10 08:⌐⌐:10   Page 16 of 21
Case 09-50746-gwz   Doc 1336   Entered 01/14/10 14:38:56   Page 15 of 20

46.     Any Objection to the Plan and any response or request for continuance regarding confirmation of the Plan not resolved by the terms of the Confirmation Order, or by a statement announced on the record of the Confirmation Hearing and not otherwise withdrawn, waived or settled, including but not limited to those of Clarke County Development Corporation, the Official Committee of Unsecured Creditors, and HSBC Bank USA, N.A, as Indenture Trustee, is overruled and denied.

47.     These Findings and Conclusions, and as additionally put forth on the record by the Court orally at the Confirmation Hearing, shall constitute findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable pursuant to Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure, which oral findings and conclusions of the Court are incorporated herein by reference.  To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and *vice versa*.

48.     Except as otherwise provided in Section 1141(d) of the Bankruptcy Code, on and after the Confirmation Date, the provisions of the Plan shall bind any holder of a Claim against, or Equity Interest in, the Debtors and their successors and assigns, or in the assets of the Debtors, their successors and assigns, in each case regardless of whether the Claim or Equity Interest of such Holder is impaired under the Plan and whether such Holder has accepted the Plan.

49.     Subject to the terms of the Plan, the Debtors are duly and validly authorized to issue, execute, deliver, file or record any and all documents necessary to implement the Plan, and to take any action reasonably necessary or appropriate to implement the Plan, in accordance with its terms.

50.     The provisions of the Plan and these Findings and Conclusions shall not diminish or impair in any manner the enforceability and coverage of any insurance policies that may cover Claims against the Debtors or any other Person.  Nothing in the Plan and these Findings and Conclusions shall be deemed to constitute a rejection of any insurance policies or related agreements relating to any insurance policies under Section 365 of the Bankruptcy Code to the extent such policies and agreements exist and are executory.  Debtors shall remain the insured under its applicable insurance policies and related agreements.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

15
101323-003/Version 757101_6 Findings of Fact and Conclusion of_3.doc

Case 3:10-cv-00131-RCJ-WGC  Document 1-2  Filed 03/08/10  Page 27 of 79

Case 09-50746-gwz  Doc 1401-2  Entered 02/03/10 08:55.10  Page 17 of 21
Case 09-50746-gwz  Doc 1336  Entered 01/14/10 14:38:56  Page 16 of 20

51.     Payment obligations incurred after the Effective Date of the Plan: (a) shall not be subject to application or proof of claim and shall be paid by the Debtors in the ordinary course of business and without further Bankruptcy Court approval, as Administrative Claims, and (b) shall be paid by the Debtors to the applicable professional from available cash set aside and reserved for such purpose by the Debtors on or before the Effective Date.

52.     Notwithstanding any provision to the contrary in this Order or the Plan, nothing contained in this Order or in the Plan shall preclude, limit, or otherwise prevent the Indenture Trustee and/or its counsel from seeking and obtaining the allowance and payment or reimbursement of the Indenture Trustee's and/or its counsel's fees and expenses as an Administrative Claim, General Unsecured Claim, or otherwise, in accordance with sections 7.07, 10.11, and other applicable provisions of the Indentures. Any request by the Indenture Trustee and/or its counsel for the allowance and payment or reimbursement of fees and expenses, whether as an Administrative Claim, General Unsecured Claim or otherwise, shall be filed by the Administrative Claim Bar Date. The Plan and this Order shall be without prejudice to, and shall not limit in any way, the rights of interested parties to object to any such request made by the Indenture Trustee and/or its counsel.

53.     All documents necessary to implement the Plan upon execution on or after the Effective Date, will constitute valid, binding and enforceable agreements not in conflict with any federal or state laws.

54.     The Debtors, and their respective professionals and advisors have acted in good faith with respect to the solicitation of votes to accept or reject Plan, and the Debtors, and their respective professionals and advisors are entitled to the protection under Section 1125(e) of the Bankruptcy Code.

55.     The Court's retention of jurisdiction as set forth in Section 11 of the Plan comports with the parameters contained in 28 U.S.C. § 157.

56.     Notice of all proceedings regarding or relating to confirmation of the Plan, including without limitation, the Confirmation Hearing, was adequate under the circumstances

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

16

101323-003/Version 757101_6 Findings of Fact and Conclusion of_3.doc

Case 3:10-cv-00131-RCJ-WGC    Document 1-2    Filed 03/08/10    Page 28 of 79

Case 09-50746-gwz    Doc 1401-2    Entered 02/03/10 08:33:10    Page 18 of 21
Case 09-50746-gwz    Doc 1336    Entered 01/14/10 14:38:56    Page 17 of 20

1    and complied with applicable provisions of the Bankruptcy Code and the Federal Rules of

2    Bankruptcy Procedure.

3        57.    The failure specifically to include or reference any particular provision of the Plan

4    in these Findings and Conclusions shall not diminish or impair the effectiveness of such

5    provision, it being the intent of the Court that the Plan be confirmed in its entirety.

6        58.    To the extent these Findings and Conclusions and/or the Confirmation Order

7    and/or the Plan is inconsistent with the Disclosure Statement, or any other agreement entered

8    into by the Debtors and any third party, (i) the Plan shall control (x) the Disclosure Statement

9    and (y) any such agreements between the Debtors and any third party and (ii) these Findings and

10   Conclusions and the Confirmation Order (and any other orders of the Court) controls the Plan.

11       **IT IS SO ORDERED.**

12

13

14

15

16   Prepared and Submitted:

17   GORDON SILVER

18

19   By:    /s/ Matthew C. Zirzow
     GERALD M. GORDON, ESQ.
20   MATTHEW C. ZIRZOW, ESQ.
     3960 Howard Hughes Pkwy., 9th Floor
21   Las Vegas, NV 89169
     Attorneys for Debtors
22

23   . . .

24   . . .

25   . . .

26

27

28

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

17

101323-003/Version 757101_6 Findings of Fact and Conclusion of_3.doc

Case 3:10-cv-00131-RCJ-WGC   Document 1-2   Filed 03/08/10   Page 29 of 79

Case 09-50746-gwz   Doc 1401-2   Entered 02/03/10 08:00.10   Page 19 of 21
Case 09-50746-gwz   Doc 1336   Entered 01/14/10 14:38:56   Page 18 of 20

1

2

~~APPROVED~~/DISAPPROVED:                    ~~APPROVED~~/DISAPPROVED:

3

By:   /s/ Andrew G. Devore                   By:   /s/ Gordon Z. Novod
4   ROPES & GRAY, LLP                          BROWN RUDNICK LLP
    STEVEN T. HOORT, ESQ.                      STEVEN D. POHL, ESQ.
5   ANDREW G. DEVORE, ESQ.                     One Financial Center
    One International Place                    Boston, MA  02111
6   Boston, MA  02110-2624

7                                              BROWN RUDNICK LLP
    DARBY LAW PRACTICE, LTD.                   GORDON Z. NOVOD, ESQ.
8   KEVIN A. DARBY, ESQ.                       Seven Times Square
    4777 Caughlin Parkway                      New York, NY  10036
9   Reno, NV 89519
                                               SCHWARTZER & MCPHERSON
10  Attorneys for HSBC Bank USA, N.A,          JEANETTE E. MCPHERSON, ESQ.
    as Indenture Trustee                       2850 S. Jones Blvd., Ste. 1
11                                             Las Vegas, NV  89146

12                                             Attorneys for Official Committee
13                                             of Unsecured Creditors

14

15  APPROVED/~~DISAPPROVED~~:                  APPROVED/~~DISAPPROVED~~:

16

By:   /s/ Jeffrey L. Hartman                  By:   /s/ Cecilia Lee
17  HARTMAN & HARTMAN                          CECILIA LEE, LTD.
    JEFFREY L. HARTMAN, ESQ.                   CECILIA LEE, ESQ.
18  510 W. Plumb Lane, Suite B                 510 W. Plumb Lane, Suite A
    Reno, NV 89509                             Reno, NV 89509
19

20  Attorneys for Kmart Corporation           Attorneys for Paul Roshetko

21

22  ~~APPROVED~~/DISAPPROVED:                  APPROVED/~~DISAPPROVED~~:

23

By:   /s/ Craig S. Dunlap                     By:   /s/ William Cossitt
24  FENNEMORE CRAIG, P.C.                      OFFICE OF THE U.S. TRUSTEE
    CRAIG S. DUNLAP, ESQ.                      WILLIAM COSSITT, ESQ.
25  300 S. Fourth Street, Suite 1400          300 Booth Street, Suite 2129
    Las Vegas, NV 89101                        Reno, NV 89509
26

27  Attorneys for Juan Delegado, Sr., and the
    Estate of Rosa Delegado, Juan Delegado
28  Special Administrator

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

18
101323-003/Version 757101_6 Findings of Fact and Conclusion of_3.doc

1   APPROVED/DISAPPROVED:                APPROVED/DISAPPROVED:

2

3   By:   /s/ Thomas Kreller             By:   /s/ Amy N. Tirre
    MILBANK, TWEED, HADLEY &             LAW OFFICES OF AMY N. TIRRE
4   MCCLOY, LLP                          AMY N. TIRRE, ESQ.
    THOMAS KRELLER, ESQ.                 3715 Lakeside Drive, Suite A
5   601 S. Figueroa Street, 30th Floor   Reno, NV 89509
    Los Angeles, CA 90017
6                                        BROWN, WINICK, GRAVES, GROSS,
7   LEWIS AND ROCA, LLP                  BASKERVILLE & SCHOENEBAUM,
    BRUCE T. BEESLEY, ESQ.               P.L.C.
8   50 West Liberty St., Suite 410       DOUGLAS E. GROSS, ESQ.
    Reno, NV 89501                       666 Grand Ave., Suite 200
9                                        Des Moines, IA 50309-2510
    Attorneys for Wilmington Trust Company
10                                       Attorneys for Clarke County Development
11                                       Corporation

12

13  . . .

14  . . .

15  . . .

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

19

1

## LR 9021 CERTIFICATION

2

In accordance with LR 9021, counsel submitting this document certifies as follows:

3

☐    The Court waived the requirement of approval under LR 9021.

4

5

☐    No parties appeared or filed written objections, and there is no trustee appointed in this case.

6

7

8

☒    A copy of this proposed findings of fact and conclusions of law was delivered to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below:

9

10

STEVEN T. HOORT, ESQ.; ANDREW G. DEVORE, ESQ.; KEVIN A. DARBY, ESQ., Attorneys for HSBC Bank USA, N.A, as Indenture Trustee: **DISAPPROVED**

11

12

STEVEN D. POHL, ESQ.; GORDON Z. NOVOD, ESQ.; JEANETTE E. MCPHERSON, ESQ., Attorneys for Official Committee of Unsecured Creditors: **DISAPPROVED**

13

JEFFREY L. HARTMAN, ESQ., Attorneys for Kmart Corporation: **APPROVED**

14

CECILIA LEE, ESQ., Attorneys for Paul Roshetko: **APPROVED**

15

16

CRAIG S. DUNLAP, ESQ., Attorneys for Juan Delegado, Sr., and the Estate of Rosa Delegado, Juan Delegado Special Administrator: **DISAPPROVED**

17

WILLIAM COSSITT, ESQ., Office Of The U.S. Trustee: **APPROVED**

18

19

THOMAS KRELLER, ESQ.; BRUCE T. BEESLEY, ESQ., Attorneys for Wilmington Trust Company: **APPROVED**

20

AMY N. TIRRE, ESQ.; DOUGLAS E. GROSS, ESQ., Attorneys for Clarke County Development Corporation: **APPROVED**

21

22

# # #

23

24

25

26

27

28

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/Version 757101_6 Findings of Fact and Conclusion of_3.doc

20

# Exhibit 3

1

2

3

**Entered on Docket**
**January 22, 2010**

4

5

Hon. Gregg W. Zive
**United States Bankruptcy Judge**

6

7   GORDON SILVER
    GERALD M. GORDON, ESQ., Nevada Bar No. 229
8   E-mail: ggordon@gordonsilver.com
    MATTHEW C. ZIRZOW, Nevada Bar No. 7222
9   E-mail: mzirzow@gordonsilver.com
    3960 Howard Hughes Pkwy., 9th Floor
10  Las Vegas, Nevada 89169
    Telephone (702) 796-5555
11  Facsimile (702) 369-2666
    Attorneys for Debtors
12

13          **UNITED STATES BANKRUPTCY COURT**
                **FOR THE DISTRICT OF NEVADA**
14

| | |
|---|---|
| In re: | Case No.: BK-N-09-50746-GWZ;  Chapter 11 |
| ZANTE, INC. | Jointly Administered with: |
| ☐ Affects this Debtor. | 09-50747   The Sands Regent |
| | 09-50748   Plantation Investments, Inc. |
| ☒ Affects all Debtors. | 09-50749   Last Chance, Inc. |
| ☐ Affects THE SANDS REGENT | 09-50751   Dayton Gaming, Inc. |
| ☐ Affects PLANTATION INVESTMENTS, INC. | 09-50750   California Prospectors, Ltd. |
| ☐ Affects LAST CHANCE, INC. | 09-50752   Herbst Gaming, Inc. |
| ☐ Affects DAYTON GAMING, INC. | 09-50753   Flamingo Paradise Gaming, LLC |
| ☐ Affects CALIFORNIA PROSPECTORS, LTD. | 09-50754   E-T-T, Inc. |
| ☐ Affects HERBST GAMING, INC. | 09-50755   Market Gaming, Inc. |
| ☐ Affects FLAMINGO PARADISE GAMING, LLC | 09-50756   The Primadonna Company, LLC |
| ☐ Affects E-T-T, INC. | 09-50757   HGI Lakeside, Inc. |
| ☐ Affects MARKET GAMING, INC. | 09-50758   HGI St. Jo, Inc. |
| ☐ Affects THE PRIMADONNA COMPANY, LLC | 09-50759   HGI Mark Twain, Inc. |
| ☐ Affects HGI LAKESIDE, INC. | 09-50760   Cardivan Company |
| ☐ Affects HGI ST. JO, INC. | 09-50761   Corral Coin, Inc. |
| ☐ Affects HGI MARK TWAIN, INC. | 09-50762   Corral Country Coin, Inc. |
| ☐ Affects CARDIVAN COMPANY | 09-50763   E-T-T Enterprises, LLC |
| ☐ Affects CORRAL COIN, INC. | |
| ☐ Affects CORRAL COUNTRY COIN, INC. | Confirmation Hearing: |
| ☐ Affects E-T-T ENTERPRISES, LLC | Date:   October 28-30, 2009 |

27          **AMENDED ORDER CONFIRMING DEBTORS' FIRST AMENDED**
28                  **JOINT PLAN OF REORGANIZATION**

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/831791.doc

Case 3:10-cv-00131-RCJ-WGC   Document 1-2   Filed 03/08/10   Page 34 of 79

Case 09-50746-gwz   Doc 1401-3   Entered 02/03/10 08:⌂⌂:10   Page 3 of 48
Case 09-50746-gwz   Doc 1357   Entered 01/22/10 12:11:48   Page 2 of 5

1    The First Amended Joint Plan of Reorganization (the "Plan") filed on July 22, 2009

2    [Docket No. 593] under chapter 11 of the Bankruptcy Code, as modified by the Findings Of Fact

3    And Conclusions Of Law In Support Of Order Confirming Debtors' First Amended Joint Plan

4    Of Reorganization (the "Findings and Conclusions") entered contemporaneously herewith,

5    having been transmitted to creditors and equity security holders filed by Zante, Inc., The Sands

6    Regent, Plantation Investments, Inc., Last Chance, Inc, Dayton Gaming, Inc., California

7    Prospectors, Ltd., Herbst Gaming, Inc., Flamingo Paradise Gaming, LLC, E-T-T, Inc., Market

8    Gaming, Inc., The Primadonna Company, LLC, HGI Lakeside, Inc., HGI St. Jo, Inc., HGI Mark

9    Twain, Inc., Cardivan Company, Corral Coin, Inc., Corral Country Coin, Inc., and E-T-T

10   Enterprises, LLC (collectively, the "Debtors");

11   It having been determined after hearing on notice that the requirements for confirmation

12   set forth in 11 U.S.C. §§ 1129(a) and (b) have been satisfied;

13   **IT IS ORDERED** that:

14   The Plan filed by Debtors on July 22, 2009, as modified by the Findings and

15   Conclusions, is CONFIRMED. A copy of the confirmed Plan, subject to the modifications set

16   forth in the Findings and Conclusions, is attached as Exhibit 1 hereto.

17   **IT IS SO ORDERED.**

18

19   Prepared and Submitted:

20   GORDON SILVER

21

22   By:    /s/ Matthew C. Zirzow
     GERALD M. GORDON, ESQ.
23   MATTHEW C. ZIRZOW, ESQ.
     3960 Howard Hughes Pkwy., 9th Floor
24   Las Vegas, NV  89169
     Attorneys for Debtors
25

26   . . .

27   . . .

28   . . .

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/831791.doc                    2

| | | |
|---|---|---|
| 1 | ~~APPROVED/DISAPPROVED:~~ | ~~APPROVED~~/DISAPPROVED: |

~~APPROVED/DISAPPROVED:~~                ~~APPROVED~~/DISAPPROVED:


By:  /s/ Andrew G. Devore                By:  /s/ Gordon Z. Novod
ROPES & GRAY, LLP                        BROWN RUDNICK LLP
STEVEN T. HOORT, ESQ.                    STEVEN D. POHL, ESQ.
ANDREW G. DEVORE, ESQ.                   One Financial Center
One International Place                   Boston, MA  02111
Boston, MA  02110-2624

                                         BROWN RUDNICK LLP
DARBY LAW PRACTICE, LTD.                 GORDON Z. NOVOD, ESQ.
KEVIN A. DARBY, ESQ.                     Seven Times Square
4777 Caughlin Parkway                    New York, NY  10036
Reno, NV 89519

                                         SCHWARTZER & MCPHERSON
Attorneys for HSBC Bank USA, N.A,        JEANETTE E. MCPHERSON, ESQ.
as Indenture Trustee                     2850 S. Jones Blvd., Ste. 1
                                         Las Vegas, NV  89146

                                         Attorneys for Official Committee
                                         of Unsecured Creditors


APPROVED/~~DISAPPROVED~~:                APPROVED/~~DISAPPROVED~~:


By:  /s/ Jeffrey L. Hartman              By:  /s/ Cecilia Lee
HARTMAN & HARTMAN                        CECILIA LEE, LTD.
JEFFREY L. HARTMAN, ESQ.                 CECILIA LEE, ESQ.
510 W. Plumb Lane, Suite B               510 W. Plumb Lane, Suite A
Reno, NV 89509                           Reno, NV 89509

Attorneys for Kmart Corporation          Attorneys for Paul Roshetko


APPROVED/DISAPPROVED:                    APPROVED/~~DISAPPROVED~~:


By:  /s/ Craig S. Dunlap                 By:  /s/ William Cossitt
FENNEMORE CRAIG, P.C.                    OFFICE OF THE U.S. TRUSTEE
CRAIG S. DUNLAP, ESQ.                    WILLIAM COSSITT, ESQ.
300 S. Fourth Street, Suite 1400         300 Booth Street, Suite 2129
Las Vegas, NV  89101                     Reno, NV 89509

Attorneys for Juan Delegado, Sr., and the
Estate of Rosa Delegado, Juan Delegado
Special Administrator

Gordon Silver
Attorneys At Law
Ninth Floor
60 Howard Hughes Pkwy
ss Vegas, Nevada 89169
(702) 796-5555

101323-003/831791.doc

3

Case 3:10-cv-00131-RCJ-WGC   Document 1-2   Filed 03/08/10   Page 36 of 79

Case 09-50746-gwz   Doc 1401-3   Entered 02/03/10 08:00:10   Page 5 of 48
Case 09-50746-gwz   Doc 1357   Entered 01/22/10 12:11:48   Page 4 of 5

1

2

**APPROVED/~~DISAPPROVED~~:**

**APPROVED/~~DISAPPROVED~~:**

3

By: ___/s/ Thomas Kreller___

By: ___/s/ Amy N. Tirre___

4

MILBANK, TWEED, HADLEY &
MCCLOY, LLP

LAW OFFICES OF AMY N. TIRRE
AMY N. TIRRE, ESQ.

5

THOMAS KRELLER, ESQ.
601 S. Figueroa Street, 30th Floor

3715 Lakeside Drive, Suite A
Reno, NV 89509

6

Los Angeles, CA 90017

7

LEWIS AND ROCA, LLP

BROWN, WINICK, GRAVES, GROSS,
BASKERVILLE & SCHOENEBAUM,
P.L.C.

8

BRUCE T. BEESLEY, ESQ.
50 West Liberty St., Suite 410

DOUGLAS E. GROSS, ESQ.
666 Grand Ave., Suite 200

9

Reno, NV 89501

Des Moines, IA 50309-2510

10

Attorneys for Wilmington Trust Company

11

Attorneys for Clarke County Development
Corporation

12

13

. . .

14

. . .

15

. . .

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon Silver
Attorneys At Law
Ninth Floor
60 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/831791.doc

4

## LR 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies as follows:

☐   The Court waived the requirement of approval under LR 9021.

☐   No parties appeared or filed written objections, and there is no trustee appointed in this case.

☒   A copy of this proposed findings of fact and conclusions of law was delivered to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below:

STEVEN T. HOORT, ESQ.; ANDREW G. DEVORE, ESQ.; KEVIN A. DARBY, ESQ., Attorneys for HSBC Bank USA, N.A, as Indenture Trustee: **DISAPPROVED**

STEVEN D. POHL, ESQ.; GORDON Z. NOVOD, ESQ.; JEANETTE E. MCPHERSON, ESQ., Attorneys for Official Committee of Unsecured Creditors: **DISAPPROVED**

JEFFREY L. HARTMAN, ESQ., Attorneys for Kmart Corporation: **APPROVED**

CECILIA LEE, ESQ., Attorneys for Paul Roshetko: **APPROVED**

CRAIG S. DUNLAP, ESQ., Attorneys for Juan Delegado, Sr., and the Estate of Rosa Delegado, Juan Delegado Special Administrator: **DISAPPROVED**

WILLIAM COSSITT, ESQ., Office Of The U.S. Trustee: **APPROVED**

THOMAS KRELLER, ESQ.; BRUCE T. BEESLEY, ESQ., Attorneys for Wilmington Trust Company: **APPROVED**

AMY N. TIRRE, ESQ.; DOUGLAS E. GROSS, ESQ., Attorneys for Clarke County Development Corporation: **APPROVED**

# # #

Gordon Silver
Attorneys At Law
Ninth Floor
60 Howard Hughes Pkwy
as Vegas, Nevada 89169
(702) 796-5555

101323-003/831791.doc

5

# EXHIBIT 1

**Entered on Docket**
**January 22, 2010**

1

GORDON SILVER

GERALD M. GORDON, ESQ., Nevada Bar No. 229

2

E-mail: ggordon@gordonsilver.com

THOMAS H. FELL, ESQ., Nevada Bar No. 3717

3

E-mail: tfell@gordonsilver.com

3960 Howard Hughes Pkwy., 9th Floor

4

Las Vegas, Nevada 89169

5

Telephone (702) 796-5555

Facsimile (702) 369-2666

6

Attorneys for Joint Debtors

E-Filed _7-22-09_

7

8

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

9

In re:

10

ZANTE, INC.

☐ Affects this Debtor.

11

☒ Affects all Debtors.

12

☐ Affects THE SANDS REGENT

☐ Affects PLANTATION INVESTMENTS, INC.

13

☐ Affects LAST CHANCE, INC.

☐ Affects DAYTON GAMING, INC.

14

☐ Affects CALIFORNIA PROSPECTORS, LTD.

☐ Affects HERBST GAMING, INC.

15

☐ Affects FLAMINGO PARADISE GAMING, LLC

☐ Affects E-T-T, INC.

16

☐ Affects MARKET GAMING, INC.

☐ Affects THE PRIMADONNA COMPANY, LLC

17

☐ Affects HGI LAKESIDE, INC.

☐ Affects HGI ST. JO, INC.

18

☐ Affects HGI MARK TWAIN, INC.

☐ Affects CARDIVAN COMPANY

19

☐ Affects CORRAL COIN, INC.

☐ Affects CORRAL COUNTRY COIN, INC.

20

☐ Affects E-T-T ENTERPRISES, LLC

Case No.: BK-N-09-50746-GWZ;  Chapter 11
Jointly Administered with:

| 09-50747 | The Sands Regent |
| 09-50748 | Plantation Investments, Inc. |
| 09-50749 | Last Chance, Inc. |
| 09-50751 | Dayton Gaming, Inc. |
| 09-50750 | California Prospectors, Ltd. |
| 09-50752 | Herbst Gaming, Inc. |
| 09-50753 | Flamingo Paradise Gaming, LLC |
| 09-50754 | E-T-T, Inc. |
| 09-50755 | Market Gaming, Inc. |
| 09-50756 | The Primadonna Company, LLC |
| 09-50757 | HGI Lakeside, Inc. |
| 09-50758 | HGI St. Jo, Inc. |
| 09-50759 | HGI Mark Twain, Inc. |
| 09-50760 | Cardivan Company |
| 09-50761 | Corral Coin, Inc. |
| 09-50762 | Corral Country Coin, Inc. |
| 09-50763 | E-T-T Enterprises, LLC |

Date:    To Be Determined
Time:    To Be Determined

21

22

**DEBTORS' FIRST AMENDED JOINT PLAN OF REORGANIZATION**

23

24

25

26

27

28

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/714628_7.doc

# TABLE OF CONTENTS

Page

1.   DEFINITIONS, RULES OF INTERPRETATION AND COMPUTATION OF
     TIME ................................................................................................................. 1

     1.1.   Definitions ............................................................................................. 1
     1.1.1.   7.000% Senior Subordinated Notes. ................................................... 1
     1.1.2.   7.000% Senior Subordinated Note Claims. ........................................ 1
     1.1.3.   7.000% Indenture. ............................................................................... 1
     1.1.4.   8.125% Senior Subordinated Notes. ................................................... 1
     1.1.5.   8.125% Senior Subordinated Note Claims. ........................................ 2
     1.1.6.   8.125% Indenture. ............................................................................... 2
     1.1.7.   Administrative Claim. ......................................................................... 2
     1.1.8.   Administrative Claim Bar Date. ......................................................... 2
     1.1.9.   Affiliate. .............................................................................................. 2
     1.1.10. Allowed Administrative Claim. .......................................................... 2
     1.1.11. Allowed Claim. ................................................................................... 2
     1.1.12. Allowed Equity Interest. ..................................................................... 2
     1.1.13. Assets. ................................................................................................. 3
     1.1.14. Assumption Schedule. ......................................................................... 3
     1.1.15. Avoidance Actions. ............................................................................. 3
     1.1.16. Bankruptcy Code. ............................................................................... 3
     1.1.17. Bankruptcy Court. ............................................................................... 3
     1.1.18. Bankruptcy Rules. ............................................................................... 3
     1.1.19. Bar Date. ............................................................................................. 3
     1.1.20. Business Day. ...................................................................................... 3
     1.1.21. Cash. ................................................................................................... 3
     1.1.22. Casino Business. ................................................................................. 3
     1.1.23. Casino Business Restructuring. .......................................................... 3
     1.1.24. Casino Debtors. ................................................................................... 3
     1.1.25. Causes of Action. ................................................................................ 3
     1.1.26. Chapter 11 Cases. ............................................................................... 4
     1.1.27. Claim. .................................................................................................. 4
     1.1.28. Class. ................................................................................................... 4
     1.1.29. Company. ............................................................................................. 4
     1.1.30. Computation of Time. ......................................................................... 4
     1.1.31. Confirmation. ...................................................................................... 4
     1.1.32. Confirmation Date. ............................................................................. 4
     1.1.33. Confirmation Hearing. ........................................................................ 4
     1.1.34. Confirmation Order. ........................................................................... 4
     1.1.35. Consenting Lenders. ........................................................................... 4
     1.1.36. Consummation. ................................................................................... 4
     1.1.37. Contingent Claim. ............................................................................... 4
     1.1.38. COO/Gaming. ...................................................................................... 5
     1.1.39. Creditor. .............................................................................................. 5
     1.1.40. Cure. .................................................................................................... 5
     1.1.41. Debtor Releasees. ............................................................................... 5
     1.1.42. Debtors. ............................................................................................... 5
     1.1.43. Disbursing Agent. ............................................................................... 5
     1.1.44. Disclosure Statement. ......................................................................... 5
     1.1.45. Disputed Claim or Disputed Equity Interest. ..................................... 5
     1.1.46. Disputed Claim Reserve. .................................................................... 5
     1.1.47. Distribution. ........................................................................................ 5

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/714628_7.doc                               i

1.1.48. D&O Liability Insurance Policy or Policies. .................................................. 5
1.1.49. Effective Date. ........................................................................................... 5
1.1.50. Equity Interest. .......................................................................................... 6
1.1.51. Estate. ....................................................................................................... 6
1.1.52. Executory Contract. .................................................................................. 6
1.1.53. Federal Judgment Rate. ............................................................................ 6
1.1.54. Final Order. ............................................................................................... 6
1.1.55. Gaming Authorities. .................................................................................. 6
1.1.56. General Unsecured Claim. ........................................................................ 6
1.1.57. Governmental and Regulatory Authority. ................................................ 6
1.1.58. Guarantor Debtors. ................................................................................... 6
1.1.59. Herbst Gaming Equity Interest Holders. .................................................. 6
1.1.60. Holder. ...................................................................................................... 6
1.1.61. Impaired. ................................................................................................... 6
1.1.62. IRS. ........................................................................................................... 6
1.1.63. Indentures. ................................................................................................ 7
1.1.64. Insider. ...................................................................................................... 7
1.1.65. Intercompany Claims. ............................................................................... 7
1.1.66. Intercompany Interests. ............................................................................ 7
1.1.67. Lien. .......................................................................................................... 7
1.1.68. Litigation Claims. ..................................................................................... 7
1.1.69. Lockup Agreement. ................................................................................... 7
1.1.70. Management Incentive Plan. ..................................................................... 7
1.1.71. Nevada Secretary. ..................................................................................... 7
1.1.72. Other Priority Claims. ............................................................................... 7
1.1.73. Other Secured Claims. .............................................................................. 7
1.1.74. Person. ...................................................................................................... 7
1.1.75. Petition Date. ............................................................................................ 7
1.1.76. Plan. .......................................................................................................... 7
1.1.77. Plan Supplement. ...................................................................................... 8
1.1.78. Priority Tax Claim. ................................................................................... 8
1.1.79. Pro Rata. ................................................................................................... 8
1.1.80. Professional Fees. ..................................................................................... 8
1.1.81. Record Date. ............................................................................................. 8
1.1.82. Related Party Agreement. ......................................................................... 8
1.1.83. Releasing Parties. ..................................................................................... 8
1.1.84. Reorganized Debtor(s). ............................................................................. 8
1.1.85. Reorganized Herbst Gaming. .................................................................... 8
1.1.86. Reorganized Herbst Gaming New Common Equity. ................................ 8
1.1.87. Reorganized Herbst Gaming Organizational Documents. ........................ 8
1.1.88. Reorganized Herbst Gaming Senior Credit Facility. ................................ 9
1.1.89. Reorganized Herbst Gaming Senior Loan. ............................................... 9
1.1.90. Requisite Majority. ................................................................................... 9
1.1.91. Schedules. ................................................................................................. 9
1.1.92. Section 726(a)(4) Claims. ......................................................................... 9
1.1.93. Secured Claim. .......................................................................................... 9
1.1.94. Secured Tax Claims. ................................................................................. 9
1.1.95. Senior Credit Facility. .............................................................................. 9
1.1.96. Senior Credit Facility gent. ...................................................................... 9
1.1.97. Senior Credit Facility Claims. .................................................................. 9
1.1.98. Senior Credit Facility Gift. ....................................................................... 9
1.1.99. Senior Subordinated Notes. ...................................................................... 9
1.1.100.      Senior Subordinated Note Claims. ................................................... 9
1.1.101.      Slot Route Business. ....................................................................... 10
1.1.102.      Slot Route Debtor(s). ...................................................................... 10

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/714628_7.doc

ii

Case 3:10-cv-00131-RCJ-WGC   Document 1-2   Filed 03/08/10   Page 42 of 79

Case 09-50746-gwz   Doc 1401-3   Entered 02/03/10 08:⌴⌴.10   Page 11 of 48
Case 09-50746-gwz   Doc 1357-1   Entered 01/22/10 12:11:48   Page 5 of 42

|  | 1.1.103. | Slot Route Contracts. | 10 |
|  | 1.1.104. | Statutory Committee. | 10 |
|  | 1.1.105. | Substantial Consummation Date. | 10 |
|  | 1.1.106. | Taxes. | 10 |
|  | 1.1.107. | THI Parties. | 10 |
|  | 1.1.108. | Third Party Releasee. | 10 |
|  | 1.1.109. | Unexpired Lease. | 10 |
|  | 1.1.110. | Unimpaired. | 10 |
|  | 1.2. | Exhibits and Plan Schedules. | 10 |
|  | 1.3. | Rules of Interpretation. | 11 |
| 2. | | TREATMENT OF UNCLASSIFIED CLAIMS | 11 |
|  | 2.1. | General. | 11 |
|  | 2.2. | Treatment of Administrative Claims. | 11 |
|  | 2.3. | Generally. | 11 |
|  | 2.3.1. | Requests for Payment. | 11 |
|  | 2.3.2. | Allowed Priority Tax Claims. | 12 |
| 3. | | DESIGNATION OF CLASSES OF CLAIMS AND EQUITY INTERESTS | 12 |
|  | 3.1. | Summary of Classification. | 12 |
|  | 3.2. | Specific Classification. | 13 |
|  | 3.2.1. | Class 1: Other Priority Claims. | 13 |
|  | 3.2.2. | Class 2: Other Secured Claims. | 13 |
|  | 3.2.3. | Class 3: Senior Credit Facility Claims. | 13 |
|  | 3.2.4. | Class 4: General Unsecured Claims. | 13 |
|  | 3.2.5. | Class 5: Senior Subordinated Note Claims. | 13 |
|  | 3.2.6. | Class 6: Section 726(a)(4) Claims. | 13 |
|  | 3.2.7. | Class 7: Intercompany Claims. | 13 |
|  | 3.2.8. | Class 8: Equity Interests in Herbst Gaming. | 13 |
|  | 3.2.9. | Class 9: Intercompany Interests. | 13 |
| 4. | | DESIGNATION OF AND PROVISIONS FOR TREATMENT OF CLASSES OF CLAIMS NOT IMPAIRED BY THIS PLAN | 13 |
|  | 4.1. | Class 1 – Other Priority Claims. | 13 |
|  | 4.2. | Class 2 – Other Secured Claims. | 13 |
|  | 4.3. | Class 4 – General Unsecured Claims. | 14 |
|  | 4.4. | Class 7 – Intercompany Claims. | 14 |
|  | 4.5. | Class 9 – Intercompany Interests. | 14 |
|  | 4.6. | Interest. | 14 |
| 5. | | DESIGNATION OF AND PROVISIONS FOR TREATMENT OF CLASSES OF CLAIMS AND EQUITY INTERESTS IMPAIRED BY THIS PLAN | 14 |
|  | 5.1. | Class 3 – Senior Credit Facility Claims. | 14 |
|  | 5.2. | Class 5 – Senior Subordinated Note Claims. | 15 |
|  | 5.3. | Class 6 - Section 726(a)(4) Claims. | 15 |
|  | 5.4. | Class 8 – Equity Interests in Herbst Gaming. | 15 |
| 6. | | MEANS FOR IMPLEMENTATION OF PLAN | 15 |
|  | 6.1. | Reorganized Herbst Gaming. | 15 |
|  | 6.2. | Additional Plan Provisions for Reorganized Herbst Gaming. | 15 |

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/714628_7.doc

iii

6.3.   Reorganized Herbst Gaming Senior Credit Facility. ......................................... 15
6.4.   ETT Enterprises and Corral Country. ................................................................ 15
6.5.   Reorganized Debtors. ......................................................................................... 15
6.6.   Effectuation of Plan Provisions. ........................................................................ 15
6.7.   Herbst Gaming. .................................................................................................. 16
6.8.   Post-Effective Date Management and Operations. ............................................ 16
6.9.   Post-Confirmation Adequate Protection Payments. .......................................... 16
6.10.  Notice of Effectiveness. ..................................................................................... 16
6.11.  No Corporate or Limited Liability Company Action Required........................... 16
6.12.  Effectuation of Transactions. ............................................................................. 17
6.13.  Debtors' Organizational Documents. ................................................................. 17
6.14.  Filing with Nevada Secretary. ........................................................................... 17

7.   EXECUTORY CONTRACTS AND UNEXPIRED LEASES ........................................ 18

7.1.   Executory Contracts. .......................................................................................... 18
7.2.   Approval of Assumption or Rejection. ............................................................... 18
7.3.   Cure of Defaults. ................................................................................................ 18
7.4.   Post-Petition Date Contracts and Leases. .......................................................... 19
7.5.   Bar Date. ............................................................................................................ 19

8.   MANNER OF DISTRIBUTION OF PROPERTY UNDER THIS PLAN ..................... 19

8.1.   Distributions. ...................................................................................................... 19
8.2.   No Recourse. ...................................................................................................... 19
8.3.   Reserves. ............................................................................................................ 20
8.4.   Statements. ......................................................................................................... 20
8.5.   Further Authorization. ........................................................................................ 20

9.   CONDITIONS PRECEDENT TO CONFIRMATION AND THE EFFECTIVE
DATE ............................................................................................................................... 20

9.1.   Conditions to Confirmation. .............................................................................. 20
9.2.   Conditions to Effectiveness. .............................................................................. 20
9.3.   Conditions to Substantial Consummation. ......................................................... 21
9.4.   Waiver of Conditions. ........................................................................................ 21

10.  TITLE TO PROPERTY; DISCHARGE; INJUNCTION............................................... 21

10.1.  Vesting of Assets. .............................................................................................. 21
10.2.  Preservation of Litigation Claims. ..................................................................... 21
10.3.  Settlement of Litigation Claims. ........................................................................ 21
10.4.  Discharge. ........................................................................................................... 21
10.5.  Compromise and Settlement. ............................................................................. 22
10.6.  Debtors' Releases. .............................................................................................. 22
10.7.  Third Party Release. ........................................................................................... 23
10.8.  Injunction. .......................................................................................................... 23
10.9.  Exculpation. ........................................................................................................ 23
10.10. Director and Officer Liability Insurance............................................................. 24
10.11. Indemnification. ................................................................................................. 24

11.  RETENTION OF JURISDICTION ................................................................................ 24

11.1.  Jurisdiction. ........................................................................................................ 24

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/714628_7.doc

iv

Case 3:10-cv-00131-RCJ-WGC   Document 1-2   Filed 03/08/10   Page 44 of 79

Case 09-50746-gwz   Doc 1401-3   Entered 02/03/10 08:○○.10   Page 13 of 48
Case 09-50746-gwz   Doc 1357-1   Entered 01/22/10 12:11:48   Page 7 of 42

12.   MODIFICATION AND AMENDMENT OF PLAN ...................................................... 26

    12.1.   Modification and Amendment. ........................................................................... 26

13.   MISCELLANEOUS ...................................................................................................... 26

    13.1.   Filing of Objections to Claims or Equity Interests. ........................................... 26
    13.2.   Resolution of Objections After Effective Date; Distributions. .......................... 26
    13.3.   Effectuating Documents; Further Transactions; Timing. ................................... 27
    13.4.   Exemption from Transfer Taxes. ....................................................................... 27
    13.5.   Revocation or Withdrawal of this Plan. ............................................................. 27
    13.6.   Binding Effect. ................................................................................................... 28
    13.7.   Governing Law. .................................................................................................. 28
    13.8.   Modification of Payment Terms. ....................................................................... 28
    13.9.   Allocation of Plan Distributions Between Principal and Interest. ..................... 28
    13.10.   Means of Cash Payment. .................................................................................. 28
    13.11.   Providing for Claims Payments. ...................................................................... 28
    13.12.   Set Offs. ............................................................................................................ 29
    13.13.   Notices. ............................................................................................................. 29
    13.14.   Statutory Committee. ........................................................................................ 30
    13.15.   Severability. ...................................................................................................... 30
    13.16.   Withholding and Reporting Requirements. ...................................................... 30
    13.17.   Post Confirmation Reporting. .......................................................................... 30
    13.18.   No Strict Construction. ..................................................................................... 30
    13.19.   Cramdown. ....................................................................................................... 30
    13.20.   Quarterly Fees to the United States Trustee. .................................................... 30

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/714628_7.doc

v

Case 3:10-cv-00131-RCJ-WGC   Document 1-2   Filed 03/08/10   Page 45 of 79

Case 09-50746-gwz   Doc 1401-3   Entered 02/03/10 08:ᴜᴜ.10   Page 14 of 48
Case 09-50746-gwz   Doc 1357-1   Entered 01/22/10 12:11:48   Page 8 of 42

Zante, Inc. ("Zante"), The Sands Regent ("The Sands"), Plantation Investments, Inc. ("Plantation"), Last Chance, Inc. ("Last Chance"), Dayton Gaming, Inc. ("Dayton"), California Prospectors, Ltd. ("Prospectors"), Herbst Gaming, Inc. ("Herbst Gaming"), Flamingo Paradise Gaming, LLC ("Flamingo"), E-T-T, Inc. ("ETT"), Market Gaming, Inc. ("Market Gaming"), The Primadonna Company, LLC. ("Primadonna"), HGI Lakeside, Inc. ("Lakeside"), HGI St. Jo, Inc. ("St. Jo"), HGI Mark Twain, Inc. ("Mark Twain"), Cardivan Company ("Cardivan"), Corral Coin, Inc. ("Corral Coin"), Corral Country Coin, Inc. ("Corral Country"), and E-T-T Enterprises, LLC ("ETT Enterprises" and together with Zante, The Sands, Plantation, Last Chance, Dayton, Prospectors, Herbst Gaming, Flamingo, ETT, Market Gaming, Primadonna, Lakeside, St. Jo, Mark Twain, Cardivan, Corral Coin, and Corral Country, "Debtors"), Debtors and Debtors-in-possession, propose this First Amended Plan of Reorganization ("Plan") for the resolution of Debtors' outstanding Claims and Equity Interests (as these terms are defined herein). All Creditors, Equity Interest Holders (as both terms are defined herein) and other parties-in-interest should refer to the Disclosure Statement (as this term is defined herein) for a discussion of Debtors' history, assets, historical financial data, and for a summary and analysis of this Plan and certain related matters.

All Holders of Claims against and Equity Interests in Debtors are encouraged to read this Plan, the Disclosure Statement and the related solicitation materials in their entirety before voting to accept or reject this Plan. Holders of Senior Subordinated Note Claims and Equity Interests in Herbst Gaming are deemed to have rejected this Plan.

Subject to the restrictions on modifications set forth in Section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, and those restrictions on modifications set forth in Article 12 to this Plan, Debtors expressly reserve the right to alter, amend, strike, withdraw or modify this Plan one or more times before the Substantial Consummation Date.

## 1. DEFINITIONS, RULES OF INTERPRETATION AND COMPUTATION OF TIME

**1.1. Definitions.** For purposes of this Plan, and except as expressly provided or unless the context otherwise requires, all capitalized terms not otherwise defined shall have the meanings ascribed to them in this Article 1. Any term used in this Plan that is not defined herein, but is defined in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules, in that order of priority. Whenever the context requires, such terms shall include the plural as well as the singular, the masculine gender shall include the feminine, and the feminine gender shall include the masculine.

**1.1.1. 7.000% Senior Subordinated Notes.** The 7.000% Senior Subordinated Notes due November 1, 2014, issued by Herbst Gaming pursuant to the 7.000% Indenture and guaranteed by the Guarantor Debtors dated November 22, 2004.

**1.1.2. 7.000% Senior Subordinated Note Claims.** All Claims arising under, or in any way related to, the 7.000% Senior Subordinated Notes.

**1.1.3. 7.000% Indenture.** The Indenture, dated as of November 22, 2004, among Herbst Gaming, the Guarantor Debtors and HSBC Bank, National Association, as successor trustee.

**1.1.4. 8.125% Senior Subordinated Notes.** The 8.125% Senior Subordinated Notes due June 1, 2012, issued by Herbst Gaming pursuant to the 8.125% Indenture and guaranteed by the Guarantor Debtors dated June 11, 2004.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/714628_7.doc

Case 3:10-cv-00131-RCJ-WGC   Document 1-2   Filed 03/08/10   Page 46 of 79

Case 09-50746-gwz   Doc 1401-3   Entered 02/03/10 08:○○.10   Page 15 of 48
Case 09-50746-gwz   Doc 1357-1   Entered 01/22/10 12:11:48   Page 9 of 42

**1.1.5. 8.125% Senior Subordinated Note Claims.** All Claims arising under, or in any way related to, the 8.125% Senior Subordinated Notes.

**1.1.6. 8.125% Indenture.** The Indenture, dated as of June 11, 2004, among Herbst Gaming, the Guarantors and HSBC Bank, National Association, as successor trustee.

**1.1.7. Administrative Claim.** A Claim for any cost or expense of administration of the Estates allowed under Sections 503(b), 507(b), 546(c)(2) and 1114(e)(2) of the Bankruptcy Code and entitled to priority under Section 507(a)(1) of the Bankruptcy Code, including, but not limited to: (i) any fees payable pursuant to Section 1930 of Title 28 of the United States Code; (ii) any actual and necessary costs and expenses, including Taxes, incurred on or after the Petition Date of preserving the respective Estates and operating the business of the Debtors, including wages, salaries, or commissions for services rendered after the commencement of the Chapter 11 Cases; (iii) the value of any goods received by Debtors within 20 days before the Petition Date in which the goods have been sold to Debtors in the ordinary course of their business; and (iv) all Professional Fees approved by the Bankruptcy Court pursuant to interim and final allowances. To the extent that a Claim is allowed as an Administrative Claim pursuant to Section 365(d)(3) and (d)(5) of the Bankruptcy Code, such Claim shall also be deemed an "Administrative Claim" under this paragraph.

**1.1.8. Administrative Claim Bar Date.** The end of the first Business Day occurring on or after the forty-fifth (45th) day after the Effective Date.

**1.1.9. Affiliate.** This term has the meaning set forth in Section 101(2) of the Bankruptcy Code.

**1.1.10. Allowed Administrative Claim.** An Administrative Claim: (i) as to which no objection has been filed or, if an objection has been filed, has been resolved by the allowance of such Administrative Claim by a Final Order of the Bankruptcy Court; or (ii) which requires payment in the ordinary course and as to which there is no Final Order of the Bankruptcy Court in effect which prohibits any such payment.

**1.1.11. Allowed Claim.** A Claim or any portion thereof that is not a Disputed Claim: (i) that is allowed pursuant (w) to this Plan or Final Order of the Bankruptcy Court (x) to any stipulation executed prior to the Confirmation Date and approved by the Bankruptcy Court, (y) to any stipulation with Debtors or the Reorganized Debtors executed on or after the Confirmation Date and approved by the Bankruptcy Court or (z) to any contract, instrument, indenture or other agreement entered into or assumed in connection herewith; (ii) proof of which, requests for payment of which, or application for allowance of which, was filed or deemed to be filed on or before the Bar Date, as the case may be, for filing proofs of Claim or requests for payment of Claims of such type against the Debtors; or (iii) if no proof of Claim is filed, which has been or hereafter is listed by the Debtors in the Schedules as liquidated in amount and not disputed or contingent; and in the case of (ii) or (iii) no objection to the allowance thereof has been interposed within the applicable period of limitation fixed by this Plan, the Bankruptcy Code, the Bankruptcy Rules or the Bankruptcy Court or the Bankruptcy Court has entered a Final Order Allowing all or a portion of such Claim. Notwithstanding anything herein to the contrary, by treating a Claim as an "Allowed Claim" Debtors do not waive their rights to contest the amount and validity of any disputed, contingent or unliquidated Claim in the manner and venue in which such Claim would have been determined, resolved or adjudicated if the Chapter 11 Cases had not been commenced.

**1.1.12. Allowed Equity Interest.** An Equity Interest that is allowed: (i) pursuant to this Plan; (ii) in any stipulation executed prior to the Confirmation Date and approved by the Bankruptcy Court; (iii) in any stipulation with Debtors or the Reorganized Debtors executed on or after the Confirmation Date and approved by the Bankruptcy Court; or (iv) in or pursuant to

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/714628_7.doc

2

Case 3:10-cv-00131-RCJ-WGC   Document 1-2   Filed 03/08/10   Page 47 of 79

Case 09-50746-gwz   Doc 1401-3   Entered 02/03/10 08:͡ʊ.10   Page 16 of 48
Case 09-50746-gwz   Doc 1357-1   Entered 01/22/10 12:11:48   Page 10 of 42

1   any contract, instrument, indenture or other agreement entered into or assumed in connection
    herewith.

2
        **1.1.13. Assets.** All of the assets, property, interests, including equity interests,
3   and effects, Cash, receivables, real and personal, tangible and intangible, wherever situated, of
    Debtors, as they exist on the Effective Date.

4
        **1.1.14. Assumption Schedule.** As defined in Section 7.3 of this Plan.
5
        **1.1.15. Avoidance Actions.** All avoidance, recovery, subordination and other
6   similar actions preserved for the Estate under the Bankruptcy Code, including but not limited to
    those set forth in Sections 510, 541, 542, 543, 544, 545, 547, 548, 549, 550, 551, 553(b) and
7   724(a) of the Bankruptcy Code regardless of whether or not such action has been commenced
    prior to the Effective Date.

8
        **1.1.16. Bankruptcy Code.** The Bankruptcy Reform Act of 1978, Title 11, United
9   States Code, as applicable to the Chapter 11 Cases, as now in effect or hereafter amended, 11
    U.S.C. §§ 101 et seq.
10
        **1.1.17. Bankruptcy Court.** The United States Bankruptcy Court for the District
11  of Nevada, having jurisdiction over the Chapter 11 Cases and, to the extent of the withdrawal of
    any reference under Section 157 of title 28 of the United States Code and/or the General Order of
12  the District Court pursuant to Section 151 of title 28 of the United States Code, the United States
    District Court for the District of Nevada.
13
        **1.1.18. Bankruptcy Rules.** The Federal Rules of Bankruptcy Procedure, as
14  applicable to the Chapter 11 Cases, promulgated under 28 U.S.C. § 2075 and the general, local
    and chambers rules of the Bankruptcy Court.
15
        **1.1.19. Bar Date.** The date or dates established by this Plan, order of the
16  Bankruptcy Court or the Bankruptcy Code or Bankruptcy Rules for the filing of proofs of Claim
    for all Creditors.
17
        **1.1.20. Business Day.** Any day, other than a Saturday, Sunday or "legal holiday"
18  (as defined in Bankruptcy Rule 9006(a)).

19      **1.1.21. Cash.** The legal tender of the United States of America or the equivalent
    thereof, including bank deposits, checks, wire transfers and other cash equivalents.
20
        **1.1.22. Casino Business.** The ownership and operation of casinos in Nevada,
21  Iowa and Missouri by the Casino Debtors.

22      **1.1.23. Casino Business Restructuring.** The restructuring of the Casino
    Business to be approved by the Bankruptcy Court pursuant to motion and concluded upon
23  approval of Nevada Gaming Authorities which will effectuate the transfer from ETT and Market
    Gaming of all of their respective assets that relate to the Casino Business to Flamingo.
24
        **1.1.24. Casino Debtors.** Each of Zante, The Sands, Plantation, Last Chance,
25  Dayton, Prospectors, Flamingo, Primadonna, Lakeside, St. Jo, and Mark Twain.

26      **1.1.25. Causes of Action.** All actions, causes of action, Litigation Claims,
    Claims, liabilities, obligations, rights, suits, debts, damages, judgments, remedies, demands,
27  setoffs, defenses, recoupments, crossclaims, counterclaims, third-party claims, indemnity claims,
    contribution claims or any other claims disputed or undisputed, suspected or unsuspected,
28  foreseen or unforeseen, direct or indirect, choate or inchoate, existing or hereafter arising, in law,

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/714628_7.doc                                    3

1   equity or otherwise, based in whole or in part upon any act or omission or other event occurring prior to the Petition Date or during the course of the Chapter 11 Cases, up to and through the
2   Substantial Consummation Date.

3       **1.1.26. Chapter 11 Cases.** (a) When used with reference to a particular Debtor, the chapter 11 case for that Debtor under chapter 11 of the Bankruptcy Code in the Bankruptcy
4   Court and (b) when used with reference to all Debtors, the procedurally consolidated chapter 11 cases for all of Debtors.

5       **1.1.27. Claim.** Any right to payment from a Debtor, whether or not such right is
6   reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured or any right to an equitable remedy for breach
7   of performance if such breach gives rise to a right of payment from a Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured,
8   disputed, undisputed, secured or unsecured.

9       **1.1.28. Class.** A category of Holders of Claims or Equity Interests as classified in
10  this Plan.

11      **1.1.29. Company.** Collectively, all the Debtors in these Chapter 11 Cases.

        **1.1.30. Computation of Time.** In computing any period of time prescribed or
12  allowed by this Plan, unless otherwise expressly provided, the provisions of Bankruptcy Rule 9006(a) shall apply.
13
        **1.1.31. Confirmation.** The entry of the Confirmation Order on the docket of the
14  Chapter 11 Cases, subject to all conditions specified having been satisfied or waived.

15      **1.1.32. Confirmation Date.** The date upon which the Bankruptcy Court enters the Confirmation Order on the docket of the Chapter 11 Cases, within the meaning of
16  Bankruptcy Rules 5003 and 9021.

17      **1.1.33. Confirmation Hearing.** The duly noticed initial hearing held by the Bankruptcy Court to confirm this Plan pursuant to Section 1128 of the Bankruptcy Code, and
18  any subsequent hearing held by the Bankruptcy Court from time to time to which the initial hearing is adjourned without further notice other than the announcement of the adjourned dates
19  at the Confirmation Hearing.

20      **1.1.34. Confirmation Order.** The order of the Bankruptcy Court confirming this Plan pursuant to Section 1129 of the Bankruptcy Code.
21
        **1.1.35. Consenting Lenders.** Each of the Holders of Class 3 Senior Credit
22  Facility Claims which are parties to the Lockup Agreement.

23      **1.1.36. Consummation.** The occurrence of the Substantial Consummation Date.

24      **1.1.37. Contingent Claim.** A Claim which is contingent, unmatured or unliquidated on or immediately before the Confirmation Date.
25
        **1.1.38. COO/Gaming.** David Ross or a successor COO/Gaming of Herbst
26  Gaming, who, subject to all applicable Gaming Authorities' approvals, commenced employment during the Chapter 11 Cases and will be reasonably acceptable to Herbst Gaming's board of
27  directors and employed by Herbst Gaming (as a member of the office of the CEO and reporting to Herbst Gaming's board of directors), until the Substantial Consummation Date.
28

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/714628_7.doc

4

**1.1.39. Creditor.** Any Holder of a Claim, whether or not such Claim is an Allowed Claim.

**1.1.40. Cure.** The distribution on the Effective Date or as soon thereafter as practicable of Cash, or such other property as may be agreed upon by the parties or ordered by the Bankruptcy Court, with respect to the assumption of an Executory Contract or Unexpired Lease, pursuant to Section 365(b) of the Bankruptcy Code, in an amount equal to all unpaid monetary obligations, due under such Executory Contract or Unexpired Lease, to the extent such obligations are enforceable under the Bankruptcy Code and applicable non-bankruptcy law.

**1.1.41. Debtor Releasees.** As defined in Section 10.6 of this Plan.

**1.1.42. Debtors.** Each of Herbst Gaming and the Guarantor Debtors in their respective capacity as debtors and debtors-in-possession.

**1.1.43. Disbursing Agent.** The Reorganized Debtors or any party designated by the Reorganized Debtors to serve as disbursing agent under this Plan.

**1.1.44. Disclosure Statement.** The disclosure statement for this Plan, as amended, supplemented or modified from time to time, describing this Plan that is prepared and distributed in accordance with, among others, Sections 1125, 1126(b) and 1145 of the Bankruptcy Code, Bankruptcy Rule 3018 and other applicable law.

**1.1.45. Disputed Claim or Disputed Equity Interest.** A Claim or Equity Interest or any portion thereof which is: (i) subject to timely objection interposed by a Debtor, Reorganized Debtor, or any party-in-interest entitled to file and prosecute such objection in a Debtor's Chapter 11 Case, if at such time such objection remains unresolved; (ii) a Claim that is listed by a Debtor as disputed, unliquidated or contingent in the Schedules; or (iii) if no objection has been timely filed, a Claim which has been asserted in a timely filed proof of Claim in an amount greater than or in a Class different than that listed by a Debtor in the Schedules as liquidated in amount and not disputed or contingent; provided, however, that the Bankruptcy Court may estimate a Disputed Claim for purposes of allowance pursuant to Section 502(c) of the Bankruptcy Code. The term "Disputed", when used to modify a reference in this Plan to any Claim or Class of Claims or Equity Interest, shall mean a Claim or Equity Interest (or any Claim or Equity Interest in such Class) that is a Disputed Claim or Disputed Equity Interest. In the event there is a dispute as to classification or priority of a Claim or Equity Interest, it shall be considered a Disputed Claim or Disputed Equity Interest in its entirety. Until such time as a Contingent Claim becomes fixed and absolute, such Claim shall be treated as a Disputed Claim and not an Allowed Claim for purposes related to allocations and distributions under this Plan.

**1.1.46. Disputed Claim Reserve.** A reserve established to hold in one or more accounts Cash or other Assets equal to the aggregate amount thereof that would have been distributed on a Distribution date on account of a Disputed Claim.

**1.1.47. Distribution.** Any distribution by Debtors or Reorganized Debtors to the Holders of Allowed Claims and Holders of Allowed Equity Interests as of the Record Date.

**1.1.48. D&O Liability Insurance Policy or Policies.** As defined in Section 10.10 of this Plan.

**1.1.49. Effective Date.** The day that is no earlier than the 11th day after the Confirmation Order is docketed and after which the conditions as set forth in Section 9.2 below have been satisfied or waived.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/714628_7.doc

5

**1.1.50. Equity Interest.** Any share of common stock, preferred stock, membership interest or other instrument evidencing an ownership interest in a Debtor, whether or not transferable, and any option, warrant or right, contractual or otherwise, to acquire any such interest in a Debtor that existed immediately prior to the Substantial Consummation Date.

**1.1.51. Estate.** As to each Debtor, the estate created for the Debtor in its Chapter 11 Case pursuant to Section 541 of the Bankruptcy Code.

**1.1.52. Executory Contract.** A contract to which one or more of Debtors is a party that is subject to assumption or rejection under Section 365 of the Bankruptcy Code.

**1.1.53. Federal Judgment Rate.** The rate of interest on judgments as provided for by 28 U.S.C. § 1961 as of the Petition Date.

**1.1.54. Final Order.** An order or judgment of the Bankruptcy Court, or other court of competent jurisdiction, entered on the docket of such court, that has not been reversed, rescinded, stayed, modified or amended, that is in full force and effect, and as to which order or judgment: (a) the time to appeal, seek review or rehearing, or petition for certiorari has expired and no timely filed appeal or petition for review, rehearing, remand or certiorari is pending; or (b) any appeal taken or petition for certiorari or request for reargument or further review or rehearing filed (i) has been resolved by the highest court to which the order or judgment was appealed or from which review, rehearing or certiorari was sought or (ii) has not yet been resolved by such highest court, but such order has not been stayed pending appeal. Specifically, the Confirmation Order shall become a Final Order on the 11th day following entry of such Confirmation Order unless any appeal of such Confirmation Order is accompanied by a stay pending appeal.

**1.1.55. Gaming Authorities.** The Governmental or Regulatory Authorities which regulate gaming activities in Nevada, Iowa or Missouri.

**1.1.56. General Unsecured Claim.** Any prepetition unsecured Claim against any Debtor that is not an Administrative Claim, Other Priority Claim, Priority Tax Claim, 7.000% Senior Subordinated Note Claim, 8.125% Senior Subordinated Note Claim, or Intercompany Claim.

**1.1.57. Governmental and Regulatory Authority.** Any court, tribunal, arbiter, authority, agency, commission, official or other instrumentality in the United States, any foreign country or any domestic or foreign county, city or other political subdivision.

**1.1.58. Guarantor Debtors.** Each of Zante, The Sands, Plantation, Last Chance, Dayton, Prospectors, Flamingo, ETT, Market Gaming, Primadonna, Lakeside, St. Jo, Mark Twain, Cardivan, Corral Coin, Corral Country, and ETT Enterprises.

**1.1.59. Herbst Gaming Equity Interest Holders.** Collectively, the Edward J. Herbst Gaming Trust, The Timothy P. Herbst Gaming Trust and the Troy D. Herbst Gaming Trust.

**1.1.60. Holder.** An entity holding an Equity Interest or Claim.

**1.1.61. Impaired.** Impaired within the meaning of Section 1124 of the Bankruptcy Code.

**1.1.62. IRS.** The Internal Revenue Service.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/714628_7.doc

6

Case 3:10-cv-00131-RCJ-WGC    Document 1-2    Filed 03/08/10    Page 51 of 79

Case 09-50746-gwz    Doc 1401-3    Entered 02/03/10 08:ɔɔ.10    Page 20 of 48
Case 09-50746-gwz    Doc 1357-1    Entered 01/22/10 12:11:48    Page 14 of 42

1    **1.1.63. Indentures.**    Collectively, the 7.000% Indenture and the 8.125%
Indenture.

2

3    **1.1.64. Insider.**  This term shall have the meaning set forth in Section 101(31) of
the Bankruptcy Code.

4    **1.1.65. Intercompany Claims.**  Any and all Claims of a Debtor against another
Debtor, whether or not set forth in an account reflecting intercompany book entries by one
5    Debtor with respect to another Debtor.

6    **1.1.66. Intercompany Interests.**  An Equity Interest in a Debtor held by another
Debtor or an Equity Interest in a Debtor held by an Affiliate of Debtors, but not including Equity
7    Interests classified in Class 8.

8    **1.1.67. Lien.**  This term shall have the meaning set forth in Section 101(37) of the
Bankruptcy Code and, with respect to any Asset, includes, without limitation, any mortgage,
9    lien, pledge, charge, security interest or other encumbrance of any kind, or any other type of
preferential arrangement that has the practical effect of creating a security interest, in respect of
10    such Asset..

11    **1.1.68. Litigation Claims.**  All rights, claims, torts, liens, liabilities, obligations,
actions, causes of action, Avoidance Actions, derivative actions, proceedings, debts, contracts,
12    judgments, damages and demands whatsoever in law or in equity, whether known or unknown,
contingent or otherwise, that any Debtor or its Estate may have against any Person, including but
13    not limited to those listed on Schedule 1.1.75 hereto.  Failure to list a Litigation Claim on
Schedule 1.1.75 shall not constitute a waiver or release by any Debtor or Reorganized Debtor of
14    such Litigation Claim.

15    **1.1.69. Lockup Agreement.**  The agreement dated March 9, 2009, among Herbst
Gaming, the Guarantor Debtors and the Consenting Lenders (each as defined in the Lockup
16    Agreement) identified therein, as modified on May 28, 2009, and on June __, 2009.

17    **1.1.70. Management Incentive Plan.**  A management incentive plan on terms to
be set by the board of managers of Reorganized Herbst Gaming after the Substantial
18    Consummation Date, for up to five percent (5%) of the Reorganized Herbst Gaming New
Common Equity.

19
**1.1.71. Nevada Secretary.**  The Secretary of State of the State of Nevada.
20

21    **1.1.72. Other Priority Claims.**  Any and all Claims accorded priority in right of
payment under Section 507(a) of the Bankruptcy Code, other than Priority Tax Claims.

22    **1.1.73. Other Secured Claims.**  Any Secured Claim, other than a Senior Credit
Facility Claim, an Administrative Claim or Secured Tax Claim.
23

24    **1.1.74. Person.**  An individual, corporation, limited liability company, partnership,
association, joint stock company, joint venture, estate, trust, unincorporated organization,
25    governmental unit or any subdivision thereof or any other entity.

26    **1.1.75. Petition Date.**  March 22, 2009, the date on which Debtors filed their
voluntary petitions commencing the Chapter 11 Cases.

27    **1.1.76. Plan.**  This plan of reorganization, either in its present form or as it may
be amended, supplemented or modified from time to time, including all exhibits and schedules
28    annexed hereto or referenced herein.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/714628_7.doc

7

**1.1.77. Plan Supplement.** The Supplement to this Plan to be filed prior to the hearing on the Disclosure Statement to which the effectuating documents for this Plan are attached, as may thereafter be amended, modified or supplemented from time to time.

**1.1.78. Priority Tax Claim.** Any Claim against Debtors entitled to priority in payment under Sections 502(i) and 507(a)(8) of the Bankruptcy Code.

**1.1.79. Pro Rata.** The ratio of an Allowed Claim or Equity Interest in a particular Class to the aggregate amount of all such Allowed Claims or Allowed Equity Interests in any such Class.

**1.1.80. Professional Fees.** The Administrative Claims for compensation and reimbursement submitted pursuant to Sections 330, 331 or 503(b) of the Bankruptcy Code of Persons: (i) employed pursuant to an order of the Bankruptcy Court under Sections 327, 328 or 1103 of the Bankruptcy Code; or (ii) for whom compensation and reimbursement has been allowed by the Bankruptcy Court pursuant to Section 503(b)(4) of the Bankruptcy Code or by other Final Order.

**1.1.81. Record Date.** The Confirmation Date for the purpose of determining the Holders of Equity Interests.

**1.1.82. Related Party Agreement.** Any agreement by and between any Debtor and any of the THI Parties.

**1.1.83. Releasing Parties.** Collectively, all current and former officers and directors of Debtors and New Herbst Gaming Subs, all current and former parties and Lenders to the Senior Credit Facility, all Holders of Equity Interests, and each of their respective officers, directors, employees, members, attorneys, actuaries, financial advisors, accountants, investment bankers, agents, professionals, partners and representatives; provided, however, that no THI Party, in its capacity as such, shall be a Releasing Party.

**1.1.84. Reorganized Debtor(s).** Each of or collectively, Zante, The Sands, Plantation, Last Chance, Dayton, Prospectors, Flamingo, Primadonna, Lakeside, St. Jo, and Mark Twain, as such entities exist on or after the Substantial Consummation Date (and after taking into consideration the Casino Business Restructuring), and each of Market Gaming, ETT, Cardivan and Corral Coin, which own and operate the Slot Route Business, as such entities exist on or after the Substantial Consummation Date in each case, or any successor thereto, by merger, consolidation or otherwise.

**1.1.85. Reorganized Herbst Gaming.** Herbst Gaming, LLC, to be organized on or before the Substantial Consummation Date or any successor thereto, by merger, consolidation or otherwise, on or after the Substantial Consummation Date.

**1.1.86. Reorganized Herbst Gaming New Common Equity.** The membership interests in Reorganized Herbst Gaming to be authorized pursuant to the Reorganized Herbst Gaming limited liability company agreement and this Plan and to be initially issued on the Substantial Consummation Date pursuant to this Plan subject to the Management Incentive Plan.

**1.1.87. Reorganized Herbst Gaming Organizational Documents.** The Reorganized Herbst Gaming limited liability company agreement and related organizational documents which shall be substantially in the form attached to the Plan Supplement. The Reorganized Herbst Gaming Organizational Documents shall be consistent with applicable securities, bankruptcy and/or state laws.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/714628_7.doc

8

Case 3:10-cv-00131-RCJ-WGC   Document 1-2   Filed 03/08/10   Page 53 of 79

Case 09-50746-gwz   Doc 1401-3   Entered 02/03/10 08:○○.10   Page 22 of 48
Case 09-50746-gwz   Doc 1357-1   Entered 01/22/10 12:11:48   Page 16 of 42

1.1.88. **Reorganized Herbst Gaming Senior Credit Facility.** The credit agreement and related loan documents to be executed by Reorganized Herbst Gaming and each Reorganized Debtor on the Substantial Consummation Date.

1.1.89. **Reorganized Herbst Gaming Senior Loan.** The $350,000,000 senior secured loan to be issued on the Substantial Consummation Date in accordance with the Reorganized Herbst Gaming Senior Credit Facility.

1.1.90. **Requisite Majority.** Consenting Lenders holding at least two-thirds in amount of the Class 3 Senior Credit Facility Claims held by all Consenting Lenders.

1.1.91. **Schedules.** The schedules of assets and liabilities and any amendments thereto filed by Debtors with the Bankruptcy Court in accordance with Section 521(1) of the Bankruptcy Code.

1.1.92. **Section 726(a)(4) Claims.** Claims, whether secured or unsecured, for any fine, penalty, or forfeiture, or for multiple, exemplary or punitive damages, arising before the Petition Date, to the extent that such fine, penalty, forfeiture, or damages are not compensation for actual pecuniary loss suffered by the holder of such Claim as provided for in Section 726(a)(4) of the Bankruptcy Code.

1.1.93. **Secured Claim.** A Claim that is secured by a Lien against property of the Estate to the extent of the value of any interest in such property of the Estate securing such Claim which Lien is valid, perfected and enforceable pursuant to applicable law or by reason of a Bankruptcy Court order or to the extent of the amount of such Claim subject to setoff in accordance with Section 553 of the Bankruptcy Code, in either case as determined pursuant to Section 506(a) of the Bankruptcy Code, including Secured Tax Claims.

1.1.94. **Secured Tax Claims.** The Claim of any state or local governmental unit which is secured by a Lien against property owned by Debtors by operation of applicable law, including, but not limited to, every such Claim for unpaid real and personal property taxes together with statutory interest.

1.1.95. **Senior Credit Facility.** That certain Second Amended and Restated Credit Agreement dated as of January 3, 2007, as amended.

1.1.96. **Senior Credit Facility gent.** Wilmington Trust Company, in its capacity as administrative agent under the Senior Credit Facility.

1.1.97. **Senior Credit Facility Claims.** All Claims arising under, or in any way related to the Senior Credit Facility.

1.1.98. **Senior Credit Facility Gift.** The deemed transfer by gift under this Plan of Cash of Debtors from Holders of Allowed Class 3 Claims to Holders of Allowed Class 4 General Unsecured Claims sufficient in amount to allow the Holders of such Claims to receive the treatment described in this Plan.

1.1.99. **Senior Subordinated Notes.** The 7.000% Senior Subordinated Notes and the 8.125% Senior Subordinated Notes.

1.1.100. **Senior Subordinated Note Claims.** The 7.000% Senior Subordinated Note Claims and the 8.125% Senior Subordinated Note Claims subordinated to the Senior Credit Facility and the Senior Credit Facility Claims pursuant to the Indentures.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/714628_7.doc

9

1    **1.1.101.   Slot Route Business.**   All of the Assets of the Slot Route Debtors related to the ownership and operation of gaming machines pursuant to agreements with chain
2    stores, restaurants, bars, convenience stores and such other locations in Nevada by the Slot Route Debtors, including the Slot Route Contracts and Equity Interests in the Slot Route Debtors.
3
     **1.1.102.   Slot Route Debtor(s).**   Each, of or collectively, ETT Enterprises,
4    Market Gaming, ETT, Cardivan, Corral Coin, and Corral Country, which own and operate the Slot Route Business.
5
     **1.1.103.   Slot Route Contracts.**   All Executory Contracts held by the Slot Route
6    Debtors on the Substantial Consummation Date.
7    **1.1.104.   Statutory Committee.**   Collectively, any committee appointed pursuant to Section 1102 of the Bankruptcy Code.
8
     **1.1.105.   Substantial Consummation Date.**   The day that is the third Business
9    Day after the Effective Date on which: (i) no stay of the Confirmation Order is in effect; (ii) all conditions to the Effective Date have occurred; (iii) all Governmental and Regulatory Authorities
10   have approved the transactions contemplated by this Plan, including Gaming Authorities; and (iv) all other conditions precedent to substantial consummation of this Plan have been satisfied or
11   waived by Debtors or a non-Debtor party that has the power to satisfy or waive such conditions. Notwithstanding the foregoing, the Substantial Consummation Date must occur no later than one
12   (1) year following the Effective Date unless extended by mutual agreement of Debtors and the Requisite Majority.
13
     **1.1.106.   Taxes.**   All income, gaming, franchise, excise, sales, use, employment,
14   withholding, property, payroll or other taxes, assessments, of governmental charges, together with any interest penalties, additions to tax, fines, and similar amounts relating thereto, whether
15   or not yet assessed or imposed, collected by, or due to any federal, state, local or foreign governmental authority.   This shall include all Taxes imposed on the Herbst Gaming Equity
16   Interest Holders as a result of Herbst Gaming status as a S Corporation for federal and state income tax purposes and all Taxes arising out of or attributable to the business of the Debtors up
17   to and including the Substantial Consummation Date, whether assessed or determined or payable prior to or after the Substantial Consummation Date.
18
     **1.1.107.      THI Parties.**   Terrible Herbst, Inc., a Nevada corporation, Edward
19   J. Herbst, Timothy P. Herbst, Troy D. Herbst or Jerry E. Herbst as well as any other person or entity, other than a Debtor, affiliated with Terrible Herbst, Inc. that is a party to a Related Party
20   Agreement.
21   **1.1.108.   Third Party Releasee.**   Collectively, each of Debtors, the Reorganized Debtors, Reorganized Herbst Gaming, each Releasing Party, and each of their respective
22   officers, directors, employees, members, attorneys, actuaries, financial advisors, accountants, investment bankers, agents, professionals, Affiliates, partners and representatives; provided,
23   however, that no THI Party, in its capacity as such, shall be a Third Party Releasee.
24   **1.1.109.   Unexpired Lease.**   A lease of non-residential real property to which one or more of Debtors is a party that is subject to assumption or rejection under Section 365 of
25   the Bankruptcy Code.
26   **1.1.110.   Unimpaired.**   Unimpaired within the meaning of Section 1124 of the Bankruptcy Code.
27
     **1.2.   Exhibits and Plan Schedules.**   All exhibits and plan schedules are
28   incorporated into and are a part of this Plan as if set forth in full herein. Holders of Claims and

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/714628_7.doc

Case 3:10-cv-00131-RCJ-WGC   Document 1-2   Filed 03/08/10   Page 55 of 79

Case 09-50746-gwz   Doc 1401-3   Entered 02/03/10 08:30.10   Page 24 of 48
Case 09-50746-gwz   Doc 1357-1   Entered 01/22/10 12:11:48   Page 18 of 42

Equity Interests may obtain a copy of the exhibits and plan schedules upon written request to the Debtors. The exhibits and plan schedules may be inspected in the office of the clerk of the Bankruptcy Court or its designee during normal business hours or obtained by written request to counsel to the Debtors.

      **1.3.   Rules of Interpretation.** For purposes of this Plan only: (i) any reference in this Plan to a contract, instrument, release, or other agreement or documents being in particular form or on particular terms and conditions means that such document shall be substantially in such form or substantially on such terms and conditions; (ii) any reference in this Plan to an existing document or exhibit filed or to be filed means such document or exhibit as it may have been or may be amended, modified, or supplemented; (iii) unless otherwise specified, all references in this Plan to Sections, Articles, Schedules and Exhibits are references to Sections, Articles, Schedules and Exhibits of or to this Plan; (iv) the words "herein," "hereof," "hereto," and "hereunder" refer to this Plan in its entirety rather than to a particular portion of this Plan; (v) captions and headings to Articles and Sections are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of this Plan; and (vi) the rules of construction and definitions set forth in Sections 101 and 102 of the Bankruptcy Code and in the Bankruptcy Rules shall apply unless otherwise expressly provided.

## 2.   TREATMENT OF UNCLASSIFIED CLAIMS

      **2.1.   General.** Pursuant to Section 1123(a)(1) of the Bankruptcy Code, the Claims against each of the Debtors set forth in this Article 2 are not classified within any Classes. The Holders of such Claims are not entitled to vote on this Plan. The treatment of the Claims set forth below is consistent with the requirements of Section 1129(a)(9)(A) of the Bankruptcy Code.

      The Chapter 11 Cases for each of the Debtors will not be substantively consolidated. Accordingly, Holders of unclassified Claims against a particular Debtor shall have their Claims allowed and treated in such respective Debtor's Estate. As such, for each category of unclassified Claims a sub-category shall be deemed to exist for each Debtor.

      **2.2.   Treatment of Administrative Claims.**

      **2.3.   Generally.** Each Holder of an Allowed Administrative Claim shall be paid in full and final satisfaction of such Claim, by the applicable Debtor, or after the Substantial Consummation Date, the applicable Reorganized Debtor or Reorganized Herbst Gaming (or otherwise satisfied in accordance with its terms), upon the latest of: (i) the Effective Date or as soon thereafter as practicable; (ii) such date as may be fixed by the Bankruptcy Court; (iii) the eleventh (11th) Business Day after such Claim is Allowed or as soon thereafter as practicable; (iv) the date such Claim becomes due by its terms; and (v) such date as is agreed to by the Holder of such Claim and the applicable Debtor or applicable Reorganized Debtor or Reorganized Herbst Gaming.

      **2.3.1.   Requests for Payment.** All requests for payment of Administrative Claims against a Debtor and all final applications for allowance and disbursement of Professional Fees must be filed by the Administrative Claim Bar Date or the Holders thereof shall be forever barred from asserting such Administrative Claims against Debtors and the Reorganized Debtors. All Professional Fee applications must be in compliance with all of the terms and provisions of any applicable order of the Bankruptcy Court, including the Confirmation Order, and all other orders governing payment of Professional Fees. Unless otherwise ordered by the Bankruptcy Court, from and after the Effective Date no professional shall be required to file fee applications with the Bankruptcy Court, and the Debtors or the Reorganized Debtors and Reorganized Herbst Gaming, as applicable, may pay all professionals in the ordinary course for fees and expenses incurred after the Effective Date.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/714628_7.doc

11

Case 3:10-cv-00131-RCJ-WGC   Document 1-2   Filed 03/08/10   Page 56 of 79

Case 09-50746-gwz   Doc 1401-3   Entered 02/03/10 08:35.10   Page 25 of 48
Case 09-50746-gwz   Doc 1357-1   Entered 01/22/10 12:11:48   Page 19 of 42

**2.3.2. Allowed Priority Tax Claims.** Each Holder of an Allowed Priority Tax Claim, if any, will, in full and final satisfaction of such Claim, be paid in full (or be treated in compliance with Section 1129(a)(9)(C) of the Bankruptcy Code) by the applicable Debtor, or after the Substantial Consummation Date, by the applicable Reorganized Debtor or Reorganized Herbst Gaming on the later of (i) the Effective Date or as soon thereafter as practicable; (ii) such date as may be fixed by the Bankruptcy Court; (iii) the eleventh (11th) Business Day after the date on which an order allowing such Claim becomes a Final Order; or (iv) such date as is agreed to by the Holder of such Claim and the applicable Debtor or the applicable Reorganized Debtor or Reorganized Herbst Gaming.

**3.    DESIGNATION OF CLASSES OF CLAIMS AND EQUITY INTERESTS**

Pursuant to this Plan and in accordance with Section 1123(a)(1) of the Bankruptcy Code, all Claims of Creditors and the Holders of Equity Interests (except Administrative Claims and Priority Tax Claims) are placed in the Classes described below with each Class having sub-categories for each Debtor. A Claim or Equity Interest is classified in a particular Class only to the extent that the Claim or Equity Interest qualifies within the description of that Class and is classified in other Classes only to the extent that any remainder of the Claim or Equity Interest qualifies within the description of such other Classes. A Claim or Equity Interest is also classified in a particular Class only to the extent that such Claim or Equity Interest is an Allowed Claim or Allowed Equity Interest in that Class and has not been paid, released or otherwise satisfied prior to the Effective Date. With respect to Classes of Claims described as Unimpaired under this Plan, except as otherwise provided under this Plan, nothing shall affect the rights and legal and equitable defenses of a Debtor, a Reorganized Debtor and Reorganized Herbst Gaming regarding such Claims classified as Unimpaired under this Plan, including but not limited to all rights in respect of legal and equitable defenses to setoff or recoupment against such Claims.

**3.1.    Summary of Classification.**

| Class 1 | Other Priority Claims | Unimpaired- deemed accepted - no solicitation required |
| --- | --- | --- |
| Class 2 | Other Secured Claims | Unimpaired- deemed accepted - no solicitation required |
| Class 3 | Senior Credit Facility Claims | Impaired- entitled to vote - solicitation required |
| Class 4 | General Unsecured Claims | Unimpaired- deemed accepted - no solicitation required |
| Class 5 | Senior Subordinated Note Claims | Impaired—deemed rejected - no solicitation required |
| Class 6 | Section 726(a)(4) Claims | Impaired-deemed rejected - no solicitation required |
| Class 7 | Intercompany Claims | Impaired- entitled to vote - solicitation required |
| Class 8 | Equity Interest in Herbst Gaming | Impaired—deemed rejected - no solicitation required |
| Class 9 | Intercompany Interests | Unimpaired- deemed accepted no solicitation required |

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/714628_7.doc

12

### 3.2.   Specific Classification.

**3.2.1. Class 1: Other Priority Claims.** Class 1 consists of all Other Priority Claims against a Debtor.

**3.2.2. Class 2: Other Secured Claims.** Class 2 consists of all Other Secured Claims against a Debtor.

**3.2.3. Class 3: Senior Credit Facility Claims.** Class 3 consists of all Senior Credit Facility Claims against Debtors. This Class includes both the secured and the unsecured Claims, if any, of all Holders of such Claims.

**3.2.4. Class 4: General Unsecured Claims.** Class 4 consists of all General Unsecured Claims against a Debtor other than Class 5, Class 6 and Class 7 Claims.

**3.2.5. Class 5: Senior Subordinated Note Claims.** Class 6 consists of all Senior Subordinated Note Claims against Debtors.

**3.2.6. Class 6: Section 726(a)(4) Claims.** Class 6 consists of all Section 726(a)(4) Claims against Debtors.

**3.2.7. Class 7: Intercompany Claims.** Class 7 consists of all Intercompany Claims against Debtors.

**3.2.8. Class 8: Equity Interests in Herbst Gaming.** Class 8 consists of all Equity Interests in Herbst Gaming.

**3.2.9. Class 9: Intercompany Interests.** Class 9 consists of all Intercompany Interests in Debtors.

### 4.   DESIGNATION OF AND PROVISIONS FOR TREATMENT OF CLASSES OF CLAIMS NOT IMPAIRED BY THIS PLAN

**4.1.   Class 1 – Other Priority Claims.** Each Allowed Other Priority Claim, if any, shall, in full and final satisfaction of such Claim, be paid in full in Cash by the applicable Debtor or applicable Reorganized Debtor or Reorganized Herbst Gaming, as the case may be, upon the latest of: (i) the Effective Date or as soon thereafter as practicable; (ii) such date as may be fixed by the Bankruptcy Court; (iii) the eleventh (11th) Business Day after such Claim is Allowed; and (iv) such date as agreed upon by the Holder of such Claim and the applicable Debtor, and after the Substantial Consummation Date, the applicable Reorganized Debtor or Reorganized Herbst Gaming. Holders of Claims in Class 1 are Unimpaired under this Plan, deemed to have accepted this Plan pursuant to Section 1126(f) of the Bankruptcy Code, and are not entitled to vote on this Plan.

**4.2.   Class 2 – Other Secured Claims.** Each Allowed Other Secured Claim, if any, shall, in full and final satisfaction of such Claim, be paid in full in Cash or otherwise left Unimpaired by the applicable Debtor or applicable Reorganized Debtor or Reorganized Herbst Gaming, as the case may be, upon the latest of: (i) the Effective Date or as soon thereafter as practicable; (ii) such date as may be fixed by the Bankruptcy Court; (iii) the eleventh (11th) Business Day after such Claim is Allowed; and (iv) such date as agreed upon by the Holder of such Claim and the applicable Debtor, and after the Substantial Consummation Date, the applicable Reorganized Debtor or Reorganized Herbst Gaming. Creditors in Class 2 are Unimpaired under this Plan, deemed to have accepted this Plan, and are not entitled to vote on this Plan.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/714628_7.doc

13

1    **4.3.    Class 4 – General Unsecured Claims.**  Each Allowed General Unsecured Claim shall, in full and final satisfaction of such Claim, be paid in full in Cash (with any Cash

2    payment being made by the Debtors, the Reorganized Debtors or Reorganized Herbst Gaming, as applicable, first from unencumbered assets of the applicable Debtor, Reorganized Debtor or

3    Reorganized Herbst Gaming, then, to the extent the Debtor or Reorganized Debtor, as applicable, does not have sufficient unencumbered assets to make such payments, pursuant to the Senior

4    Credit Facility Gift) or otherwise left Unimpaired by the applicable Debtor or applicable Reorganized Debtor or Reorganized Herbst Gaming, as the case may be, upon the latest of: (i)

5    the Effective Date or as soon thereafter as practicable; (ii) the eleventh (11th) Business Day after such Claim is Allowed; and (iii) such date as agreed upon by the Holder of such Claim and the

6    applicable Debtor, and after the Substantial Consummation Date, the applicable Reorganized Debtor or Reorganized Herbst Gaming.  The Holders of Class 4 Claims will be conclusively

7    deemed to have accepted this Plan pursuant to Section 1126(f) of the Bankruptcy Code. Therefore, Holders of Class 4 Claims are Unimpaired under this Plan and are not entitled to vote

8    on this Plan.

9    **4.4.    Class 7 – Intercompany Claims.**  On the Substantial Consummation Date as determined by Reorganized Herbst Gaming, the Intercompany Claims of any Debtor against

10    any other Debtor shall either be reinstated, in full or in part, and Unimpaired or cancelled and discharged, in full or in part, and Impaired, in which case such discharge and satisfied portion

11    shall be eliminated and the Holders thereof shall not be entitled to, and shall not receive or retain, any property or interest in property on account of such portion; provided however,  that the

12    treatment of Intercompany Claims shall be reasonably acceptable to the Requisite Majority. Holders of Class 7 Claims whose Claims are reinstated in full are Unimpaired and conclusively

13    deemed to have accepted this Plan pursuant to Section 1126(f) of the Bankruptcy Code.  Holders of Class 7 Claims whose Claims are not reinstated in full or otherwise receiving treatment that

14    would leave such Claims Unimpaired, but who are receiving cash or property under the Plan, are Impaired and entitled to vote on the Plan.  Holders of Class 7 Claims who are not receiving any

15    cash or property on account of such Claims shall be Impaired, not entitled to vote on this Plan and deemed to have rejected this Plan.

16

17    **4.5.    Class 9 – Intercompany Interests.**  Except as otherwise provided herein, Class 9 Intercompany Interests shall be retained and the legal, equitable, and contractual rights to

18    which the Holders of such Intercompany Interests are entitled shall remain unaltered. Holders of Class 9 Intercompany Interests will be conclusively deemed to have accepted this Plan pursuant

19    to Section 1126(f) of the Bankruptcy Code. Therefore, Holders of Class 9 Intercompany Interests are Unimpaired under this Plan and are not entitled to vote on this Plan.

20    **4.6.    Interest.**  All Unimpaired Allowed Claims in Classes 1 and 4 shall also be paid contemporaneous with payment of the Allowed Claims interest from the Petition Date at

21    either the stated contractual rate for the Claim or, if no stated contractual rate, the Federal Judgment Rate .

22

23    **5.    DESIGNATION OF AND PROVISIONS FOR TREATMENT OF CLASSES OF CLAIMS AND EQUITY INTERESTS IMPAIRED BY THIS PLAN**

24    **5.1.    Class 3 – Senior Credit Facility Claims.**  Holders of Allowed Class 3 Claims will receive on the Substantial Consummation Date: (a) their Pro Rata share of the

25    Reorganized Herbst Gaming Senior Loan and any remaining value of the realization of Debtors' Assets; and (b) one-hundred percent (100%) of the Reorganized Herbst Gaming New Common

26    Equity, subject to dilution for the five percent (5%) of the Reorganized Herbst Gaming New Common Equity which may be issued in accordance with the Management Incentive Plan;

27    provided, however, that all Allowed Class 3 Claims shall be subject to any Senior Credit Facility Gift.   To the extent the distributions to Holders of Allowed Class 3 Claims are not equivalent to

28    full satisfaction of their Allowed Class 3 Claims, the unsatisfied balance of the Allowed Class 3

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/714628_7.doc                                        14

1   Claims shall be discharged pursuant to Section 10.4 of this Plan contemporaneous with the
discharge of all Senior Subordinated Note Claims as provided for in Section 10.4 of this Plan.
2   Holders of Class 3 Claims are Impaired under this Plan and are entitled to vote on this Plan.

3         **5.2.   Class 5 – Senior Subordinated Note Claims.**   On the Substantial
Consummation Date, all outstanding obligations of any nature under the Indentures and the
4   Senior Subordinated Notes shall be terminated. Holders of Class 5 Claims, including the trustee
under either of the Indentures, shall not receive or retain any property on account of their Claims
5   under this Plan. Holders of Class 5 Claims are deemed to have rejected this Plan and will not be
entitled to vote on this Plan.

6
      **5.3.   Class 6 - Section 726(a)(4) Claims.**   Holders of Class 6 Section 726(a)(4)
7   Claims shall not receive or retain any property on account of their Claims under this Plan.
Holders of Class 6 Claims are deemed to have rejected this Plan and will not be entitled to vote
8   on this Plan.

9         **5.4.   Class 8 – Equity Interests in Herbst Gaming.**   On the Substantial
Consummation Date, all Class 8 Equity Interests in Herbst Gaming shall be cancelled. Holders
10  of Class 8 Equity Interests shall not receive or retain any property on account of their Equity
Interests under this Plan.  Holders of Class 8 Equity Interests are deemed to have rejected this
11  Plan and will not be entitled to vote on this Plan.

12  **6.   MEANS FOR IMPLEMENTATION OF PLAN**

13        **6.1.   Reorganized Herbst Gaming.**   On or before the Substantial
Consummation Date, the Reorganized Herbst Gaming Organizational Documents shall be
14  executed and, to the extent required, filed with the Nevada Secretary.

15        **6.2.   Additional Plan Provisions for Reorganized Herbst Gaming.**   On the
Substantial Consummation Date, Reorganized Herbst Gaming shall have ___ membership
16  interests authorized all of which membership interests shall, in accordance with this Plan, be
issued to Class 3 Holders of Senior Credit Facility Claims on a Pro Rata Basis.

17
      **6.3.   Reorganized Herbst Gaming Senior Credit Facility.** On the Substantial
18  Consummation Date, Herbst Gaming and the Reorganized Debtors shall execute and deliver to
the Senior Credit Facility Agent the Reorganized Herbst Gaming Senior Credit Facility and
19  related documents.

20        **6.4.   ETT Enterprises and Corral Country.**   On the Substantial
Consummation Date, ETT Enterprises and Corral Country shall be dissolved.

21
      **6.5.   Reorganized Debtors.** The Reorganized Debtors shall continue to exist
22  after the Substantial Consummation Date as separate entities in accordance with applicable law.
The existing articles of incorporation and bylaws or articles of organization and operating
23  agreements will continue in effect following the Substantial Consummation Date, except to the
extent that such articles of incorporation and bylaws or articles of organization and operating
24  agreements are amended in conformance with this Plan, or by proper corporate actions
implemented after the Substantial Consummation Date.  To the extent allowed by applicable
25  state law, on the Substantial Consummation Date, each Reorganized Debtor which is a qualified
subchapter S subsidiary shall be converted into a limited liability company, and to the extent
26  required under applicable state law, each Debtor which cannot covert into a limited liability
company will be merged into a new limited liability company.

27
      **6.6.   Effectuation of Plan Provisions.** Herbst Gaming shall contribute all of
28  its interests, including the Intercompany Interests in the Reorganized Debtors to Reorganized

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/714628_7.doc                                  15

1  Herbst Gaming in exchange for one hundred percent (100%) of the Reorganized Herbst Gaming
   New Common Equity and the notes evidencing the Reorganized Herbst Gaming Senior Loan.
2  Herbst Gaming shall then transfer the Herbst Gaming New Common Equity and the notes
   evidencing the Reorganized Herbst Gaming Senior Loan to Holders of Class 3 Senior Credit
3  Facility Claims on a Pro Rata Basis in accordance with this Plan.

4           **6.7. Herbst Gaming.**  On the Substantial Consummation Date and after
   completion of all steps necessary for the implementation of this Plan, Herbst Gaming shall be
5  dissolved and all Class 8 Equity Interests in Herbst Gaming shall be cancelled and extinguished.

6           **6.8. Post-Effective Date Management and Operations.**  From the Effective
   Date until the Substantial Consummation Date, the Debtors will continue to be managed by the
7  existing officers, directors and the COO/Gaming who shall work in consultation with the
   Consenting Lenders, regarding the management of operations, maintenance of working capital
8  and utilization of cash flows of the Reorganized Debtors, all in accordance with applicable
   gaming laws and regulations.  The Debtors and, after the Substantial Confirmation Date,
9  Reorganized Debtors and Reorganized Herbst Gaming, shall be responsible for the payment of
   all Allowed Claims to be paid pursuant to this Plan which are not paid on or before the Effective
10 Date, as well as all Allowed Claims, including Taxes and Professional Fees, incurred by the
   Debtors and, with respect to Taxes, the Herbst Gaming Equity Interest Holders, in operating their
11 businesses and complying with this Plan up to and including the Substantial Consummation
   Date, whether due and payable before or after the Substantial Consummation Date.  After the
12 Substantial Consummation Date, Reorganized Debtors and Reorganized Herbst Gaming shall be
   responsible for the preparation of all reports, tax returns and other governmental filings required
13 to be filed by the Debtors; provided, however, that the Herbst Gaming Equity Interest Holders
   shall have the right to review for at least a ten day period prior to the deadline for, and consent
14 to, the filing of the final Herbst Gaming S corporation tax return, such consent not to be
   unreasonably withheld.
15
           **6.9. Post-Confirmation Adequate Protection Payments.**  Commencing on
16 the Effective Date and running through the Substantial Consummation Date, subject to all
   approvals of Gaming Authorities, if required, adequate protection payments shall be made to the
17 Holders of Senior Credit Facility Claims under the Reorganized Herbst Gaming Senior Credit
   Facility, in an amount equal to Debtors' Cash and Cash Equivalents (as reflected on Debtors'
18 balance sheet) in excess of $100,000,000 to be measured (x) initially, as of the last day of the
   third full calendar month following the month in which the Effective Date occurs and (y) as of
19 the last day of every third full calendar month thereafter, and to be paid in each case on the 30th
   day after the date on which it is measured.
20
           **6.10. Notice of Effectiveness.**  When all of the steps contemplated by Section
21 9.2 have been completed, the Reorganized Debtors shall file with the Bankruptcy Court and
   serve upon all Creditors and all potential Holders of Administrative Claims known to the Debtors
22 (whether or not disputed), a Notice of Effective Date of Plan.  The Notice of Effective Date of
   Plan shall include notice of the Administrative Claim Bar Date.
23
           **6.11. No Corporate or Limited Liability Company Action Required.**  As of
24 the Effective Date and Substantial Consummation Date, as the case may be: (i) the adoption,
   execution, delivery and implementation or assignment of all contracts, leases, instruments,
25 releases and other agreements related to or contemplated by this Plan; and (ii) the other matters
   provided for under or in furtherance of this Plan involving corporate or limited liability company
26 action to be taken by or required of each Debtor shall be deemed to have occurred and be
   effective as provided herein, and shall be authorized and approved in all respects without further
27 order of the Bankruptcy Court or any requirement of further action by the members or officers of
   each Debtor. In particular, the adoption of the amended organizational documents, and the
28 selection of directors and officers for, each of the Reorganized Debtors, and all other actions

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/714628_7.doc

16

Case 3:10-cv-00131-RCJ-WGC   Document 1-2   Filed 03/08/10   Page 61 of 79

Case 09-50746-gwz   Doc 1401-3   Entered 02/03/10 08:00.10   Page 30 of 48
Case 09-50746-gwz   Doc 1357-1   Entered 01/22/10 12:11:48   Page 24 of 42

1  contemplated by or described in this Plan with respect thereto, shall be authorized and approved
   and be binding and in full force and effect in all respects (subject to the provisions of this Plan
2  and the Confirmation Order), in each case without further notice to or order of the Bankruptcy
   Court, act or action under applicable law, regulation, order, or rule (other than filing such
3  organizational documents with the applicable governmental unit as required by applicable law)
   or the vote, consent, authorization or approval of any Person.
4
          **6.12.  Effectuation of Transactions.**  On the Substantial Consummation Date,
5  the appropriate officers of the Debtors and the Reorganized Debtors and members of their
   respective boards of directors are authorized to issue, execute, and deliver, and consummate the
6  transactions contemplated by, the contracts, agreements, documents, guarantees, pledges,
   consents, securities, certificates, resolutions and instruments contemplated by or described in this
7  Plan in the name of and on behalf of the Debtors and Reorganized Debtors, in each case without
   further notice to or order of the Bankruptcy Court, act or action under applicable law, regulation,
8  order, or rule or any requirement of further action, vote or other approval or authorization by any
   Person.
9
          **6.13.  Debtors'  Organizational  Documents.**   As  of  the  Substantial
10 Consummation Date, the certificates or articles of incorporation and by-laws or other
   organizational documents of each of the Debtors shall be amended as necessary to satisfy the
11 provisions of this Plan and the Bankruptcy Code, and shall (i) include, among other things,
   pursuant to section 1123(a)(6) of the Bankruptcy Code, a provision prohibiting the issuance of
12 non-voting equity securities, but only to the extent required by section 1123(a)(6) of the
   Bankruptcy Code; (ii) authorize the issuance of new common stock and/or membership interests
13 in an amount not less than the amount necessary to permit the distributions thereof required or
   contemplated by this Plan, and (iii) to the extent necessary or appropriate, include such
14 provisions as may be needed to effectuate and consummate this Plan and the transactions
   contemplated herein.  After the Substantial Consummation Date, the Reorganized Debtors may
15 amend and restate their respective certificates or articles of incorporation and by-laws, and other
   applicable organizational documents, as permitted by applicable law.
16
          Pursuant to section 1129(a)(5) of the Bankruptcy Code, the Debtors will disclose, at or
17 prior to the Confirmation Hearing, the identity and affiliations of any Person proposed to serve
   on the initial board of directors of each Reorganized Debtor and Reorganized Herbst Gaming,
18 and, to the extent such Person is an insider other than by virtue of being a director, the nature of
   any compensation for such Person.  Each such director and officer shall serve from and after the
19 Substantial Consummation Date pursuant to applicable law and the terms of the organizational
   documents of the Reorganized Debtors and Reorganized Herbst Gaming.  The existing board of
20 directors of each Debtor will be deemed to have resigned on and as of the Substantial
   Consummation Date.
21
          On the Substantial Consummation Date, the appropriate officers of the Debtors and
22 Reorganized Debtors and members of their respective boards of directors are authorized to issue,
   execute, and deliver, and consummate the transactions contemplated by, the contracts,
23 agreements, documents, guarantees, pledges, consents, securities, certificates, resolutions and
   instruments contemplated by or described in this Plan in the name of and on behalf of the
24 Debtors and Reorganized Debtors, in each case without further notice to or order of the
   Bankruptcy Court, act or action under applicable law, regulation, order, or rule or any
25 requirement of further action, vote or other approval or authorization by any Person.
26
          **6.14.  Filing with Nevada Secretary.**  In accordance with NRS 78.622, on the
27 Effective Date a certified copy of this Plan and the Confirmation Order shall be filed with the
   Nevada Secretary. Each Debtor, from the Confirmation Date until the Effective Date, is
28 authorized and directed to take any action or carry out any proceeding necessary to effectuate
   this Plan pursuant to NRS 78.622.  To the extent there are analogous statutes in Missouri and

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/714628_7.doc                                    17

Iowa, the same shall apply to each Debtor.

## 7. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**7.1.   Executory Contracts.** Except for Executory Contracts and Unexpired Leases specifically addressed in this Plan or set forth on the schedule of Rejected Executory Contracts and Unexpired Leases attached as Schedule 7.1 hereto (which may be supplemented and amended up to the date the Bankruptcy Court enters the Confirmation Order), all Executory Contracts and Unexpired Leases that exist on the Confirmation Date shall be deemed assumed by the applicable Debtor on the Effective Date.

**7.2.   Approval of Assumption or Rejection.** Entry of the Confirmation Order shall constitute as of the Effective Date: (i) approval, pursuant to Section 365(a) of the Bankruptcy Code, of the assumption by the applicable Debtor of each Executory Contract and Unexpired Lease to which a Debtor is a party not listed on Schedule 7.1, not otherwise provided for in this Plan and neither assumed, assumed and assigned nor rejected by separate order prior to the Effective Date; and (ii) rejection by the Debtor of each Executory Contract and Unexpired Lease to which Debtor is a party listed on Schedule 7.1. Upon the Effective Date, each counter party to an assumed Executory Contract or Unexpired Lease listed shall be deemed to have consented to assumption contemplated by Section 365(c)(1)(B) of the Bankruptcy Code, to the extent such consent is necessary for such assumption. To the extent applicable, all Executory Contracts or Unexpired Leases of Reorganized Debtors assumed pursuant to this Section 7 shall be deemed modified such that the transactions contemplated by this Plan shall not be a "change of control," however such term may be defined in the relevant Executory Contract or Unexpired Lease and any required consent under any such Executory Contract or Unexpired Lease shall be deemed satisfied by the confirmation of this Plan. Also, to the extent applicable, all Executory Contracts or Unexpired Leases of Herbst Gaming assumed pursuant to this Section 7 shall be assigned to Reorganized Herbst Gaming on the Substantial Consummation Date, and such assignment shall not be a "change of control," however such term may be defined in the relevant Executory Contract or Unexpired Lease and any required consent under any such Executory Contract or Unexpired Lease shall be deemed satisfied by the confirmation of this Plan.

**7.3.   Cure of Defaults.** The applicable Debtor shall Cure any defaults respecting each Executory Contract or Unexpired Lease assumed pursuant to this Section 7 upon the latest of (i) the Effective Date or as soon thereafter as practicable; (ii) such dates as may be fixed by the Bankruptcy Court or agreed upon by such Debtor, and after the Substantial Consummation Date, the Reorganized Debtor or Reorganized Herbst Gaming; or (iii) the tenth (10th) Business Day after the entry of a Final Order resolving any dispute regarding (a) a Cure amount; (b) the ability of the Debtor or the Reorganized Debtor to provide "adequate assurance of future performance" under the Executory Contract or Unexpired Lease assumed pursuant to this Plan in accordance with Section 365(b)(1) of the Bankruptcy Code; or (c) any matter pertaining to assumption, assignment or the Cure of a particular Executory Contract or an Unexpired Lease. On Schedule 7.3, the Debtors shall list the proposed Cure amounts, if any, that will be paid on the Effective Date (the "Assumption Schedule")

Any party to an Executory Contract or Unexpired Lease who objects to the listed Cure amounts must file and serve an objection on Debtors' counsel no later than thirty (30) days after the Effective Date. Failure to file and serve a timely objection shall be deemed consent to the Cure amounts listed on the Assumption Schedule. Any Cure amounts shall be the responsibility of Reorganized Herbst Gaming. If there is a dispute regarding: (a) the amount of any Cure payment; (b) the ability of a Reorganized Debtor to provide "adequate assurance of future performance" under the Executory Contract or Unexpired Lease to be assumed or assigned; or (c) any other matter pertaining to assumption, the Cure payments required by Section 365(b)(1) of the Bankruptcy Code will be made following the entry of a Final Order resolving the dispute and approving the assumption. If a Debtor (other than Herbst Gaming) assumes an Executory

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/714628_7.doc                                                18

Contract or Unexpired Lease and the non-Debtor party to such Executory Contract or Unexpired Lease objects to such Debtor's ability to provide adequate assurance of future performance (or if the time period for a non-Debtor to object to the cure amount has not yet lapsed), the Debtor may assign the Executory Contract or Unexpired Lease to Herbst Gaming. In such a circumstance, Herbst Gaming may demonstrate Herbst Gaming's ability to provide adequate assurance of future performance.

The Confirmation Order will constitute an order of the Bankruptcy Court approving the assumptions described in this Section 7, pursuant to Section 365 of the Bankruptcy Code, as of the Effective Date. Notwithstanding the foregoing, if, as of the date the Bankruptcy Court enters the Confirmation Order, there is pending before the Bankruptcy Court a dispute concerning the cure amount or adequate assurance for any particular Executory Contract or Unexpired Lease (or if the time period for a non-Debtor to object to the Cure has not yet lapsed), the assumption of such Executory Contract or Unexpired Lease shall be effective as of the date the Bankruptcy Court enters an order resolving any such dispute and authorizing assumption by the applicable Debtor.

**7.4.   Post-Petition Date Contracts and Leases.**   Each such Executory Contract and Unexpired Lease shall be performed by the Debtor or the Reorganized Debtor or Reorganized Herbst Gaming, as applicable, in the ordinary course of its business.

**7.5.   Bar Date.**   All proofs of Claims with respect to Claims arising from the rejection of any Executory Contract or Unexpired Lease shall be filed no later than thirty (30) days after the Effective Date. Any Claim not filed within such time shall be forever barred.

**8.   MANNER OF DISTRIBUTION OF PROPERTY UNDER THIS PLAN**

**8.1.   Distributions.**   Each Debtor, and if applicable, Reorganized Debtor or Reorganized Herbst Gaming, shall be responsible for making Distributions described in this Plan. Each Debtor, Reorganized Debtor and Reorganized Herbst Gaming may make such Distributions before the allowance of each Claim and Equity Interest has been resolved if the Debtor, Reorganized Debtor or Reorganized Herbst Gaming has a good faith belief that the Disputed Claim Reserve or Disputed Equity Interest Reserve is sufficient for all Disputed Claims and Disputed Equity Interests. Except as otherwise provided in this Plan or the Confirmation Order, all Cash necessary for the Reorganized Debtors or Reorganized Herbst Gaming to make payments pursuant to this Plan shall be obtained from existing Cash balances, the operations of the Debtors and the Reorganized Debtors and Reorganized Herbst Gaming, the Reorganized Herbst Gaming Senior Credit Facility. The Reorganized Debtors and Reorganized Herbst Gaming may also make such payments using Cash received from their subsidiaries through the Reorganized Debtors' and Reorganized Herbst Gaming's consolidated cash management systems.

**8.2.   No Recourse.**   No recourse shall ever be had, directly or indirectly, against Debtors, the Reorganized Debtors and Reorganized Herbst Gaming or against any agent, attorney, accountant or other professional for the Reorganized Debtors and Reorganized Herbst Gaming, by legal or equitable proceedings or by virtue of any statute or otherwise, nor upon any promise, contract, instrument, undertaking, obligation, covenant or agreement whatsoever executed by the Debtors, the Reorganized Debtors or Reorganized Herbst Gaming under this Plan, or by reason of the creation of any indebtedness by the Debtors, the Reorganized Debtors or Reorganized Herbst Gaming under this Plan for any purpose authorized by this Plan, it being expressly understood and agreed that all such liabilities, covenants, and agreements of the Debtors, the Reorganized Debtors and Reorganized Herbst Gaming, whether in writing or otherwise, shall be enforceable only against and be satisfied only out of the Assets or such part thereof as shall under the terms of any such agreement be liable therefore or shall be evidence only of a right of payment out of the Assets.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/714628_7.doc

19

**8.3.   Reserves.**   Each Debtor, and if applicable, Reorganized Debtor or Reorganized Herbst Gaming, shall establish and maintain a Disputed Claim Reserve.

**8.4.   Statements.**   Debtors and, if applicable, the Reorganized Debtors and Reorganized Herbst Gaming, shall maintain a record of the names and addresses of all Holders of Allowed General Unsecured Claims as of the Effective Date and all Holders as of the Record Date of Equity Interests of Debtors for purposes of mailing Distributions to them.   The Debtors, the Reorganized Debtors  and Reorganized Herbst Gaming may rely on the name and address set forth in Debtors' Schedules and/or proofs of Claim and the ledger and records regarding Holders of Equity Interests as of the Record Date as being true and correct unless and until notified in writing.   Each Debtor, Reorganized Debtor and Reorganized Herbst Gaming shall file all tax returns and other filings with governmental authorities on behalf of the Debtor and Reorganized Debtor and the Assets it holds.

**8.5.   Further Authorization.**   Each Debtor, Reorganized Debtor and Reorganized Herbst Gaming shall be entitled to seek such orders, judgments, injunctions and rulings as it deems necessary to carry out the intentions and purposes, and to give full effect to the provisions of this Plan.

## 9.   CONDITIONS PRECEDENT TO CONFIRMATION AND THE EFFECTIVE DATE

**9.1.   Conditions to Confirmation.**   The following are conditions precedent to the Confirmation of the Plan:

a)   The Confirmation Order shall have been entered and be in form and substance reasonably acceptable to the Debtors and the Requisite Majority as provided for in the Lockup Agreement; and

b)   Each Related Party Agreement shall have been assumed, assigned, rejected, modified, extended or otherwise addressed, and any and all Claims relating to such Related Party Agreement shall have been resolved, released or otherwise disposed of, in a manner acceptable to the Requisite Majority.

**9.2.   Conditions to Effectiveness.**   The following are conditions precedent to the occurrence of the Effective Date:

a)   The Confirmation Order shall be a Final Order, except that the Debtors with the concurrence of the Requisite Majority  reserve the right to cause the Effective Date to occur notwithstanding the pendency of an appeal of the Confirmation Order, under circumstances that would moot such appeal;

b)   No request for revocation of the Confirmation Order under Section 1144 of the Bankruptcy Code shall have been made, or, if made, shall remain pending, including any appeal;

c)   All documents necessary to implement the transactions contemplated by this Plan shall be in form and substance reasonably acceptable to Herbst Gaming and the Requisite Majority  as provided for in the Lockup Agreement; and

d)   Sufficient Cash and other Assets shall be set aside, reserved and withheld by each Debtor to make the distributions required by the Bankruptcy Code and this Plan.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/714628_7.doc

20

9.3. **Conditions to Substantial Consummation.** The following are conditions precedent to the Substantial Consummation Date:

a)     All approvals as required for the transactions as set forth in this Plan and effectuating documents have been obtained from the Governmental and Regulatory Authorities;

b)     None of the Consenting Lenders and Reorganized Debtors are in material breach of this Plan or any other effectuating documents in effect from the Effective Date through the Substantial Consummation Date; and

c)     The Bankruptcy Court shall have authorized the assumption and rejection of Executory Contracts and Unexpired Leases by the Reorganized Debtors, Herbst Gaming and Reorganized Herbst Gaming as contemplated by this Plan.

9.4. **Waiver of Conditions.** The Debtors and/or the Requisite Majority, as applicable, may waive any or all of the other conditions set forth in this Plan and specifically Sections 9.2. and 9.3. above (except for Section 9.3.a above) (each for themselves but not for others) without leave of or order of the Bankruptcy Court and without any formal action. The failure of a party to exercise any of the foregoing rights shall not be deemed a waiver of any other rights, and each right shall be deemed an ongoing right that may be asserted at any time.

## 10.     TITLE TO PROPERTY; DISCHARGE; INJUNCTION

10.1. **Vesting of Assets.** Subject to the provisions of this Plan, the Assets shall be transferred to and by the Reorganized Debtors and Reorganized Herbst Gaming on the Substantial Consummation Date. On and after the Substantial Consummation Date, the Reorganized Debtors and Reorganized Herbst Gaming may operate their businesses and may use, acquire, and dispose of property and compromise or settle any Claims without supervision of or approval by the Bankruptcy Court and free and clear of any restrictions of the Bankruptcy Code or the Bankruptcy Rules, other than restrictions expressly imposed by this Plan or the Confirmation Order.

10.2. **Preservation of Litigation Claims.** In accordance with Section 1123(b)(3) of the Bankruptcy Code, and except as otherwise expressly provided herein, all Litigation Claims shall be assigned and transferred to the Reorganized Debtors and Reorganized Herbst Gaming. The Reorganized Debtors and Reorganized Herbst Gaming, as the successors in interest to the Debtors and the Estates, may, and shall have the exclusive right to, enforce, sue on, settle, compromise, transfer or assign (or decline to do any of the foregoing) any or all of the Litigation Claims, including, without limitation, any and all derivative actions pending or otherwise existing against the Debtors as of the Substantial Consummation Date.

10.3. **Settlement of Litigation Claims.** At any time after the Confirmation Date and before the Substantial Consummation Date, notwithstanding anything in this Plan to the contrary, the Debtors may settle any or all of the Litigation Claims with the approval of the Bankruptcy Court pursuant to Bankruptcy Rule 9019. After the Substantial Consummation Date, the Reorganized Debtors and Reorganized Herbst Gaming may, and shall have the exclusive right to, compromise and settle any Claims against them and claims they may have against other Person or entity, including, without limitation, the Litigation Claims, without notice to or approval from the Bankruptcy Court, including, without limitation, any and all derivative actions pending or otherwise existing against the Debtors as of the Effective Date.

10.4. **Discharge.** On the Effective Date, Debtors shall be discharged from any and all Claims in Classes 1, 2, and 4 to the fullest extent provided in Sections 524 and 1141 of the Bankruptcy Code. On the Substantial Consummation Date. The Debtors shall be discharged

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/714628_7.doc

21

Case 3:10-cv-00131-RCJ-WGC   Document 1-2   Filed 03/08/10   Page 66 of 79

Case 09-50746-gwz   Doc 1401-3   Entered 02/03/10 08:◌◌.10   Page 35 of 48
Case 09-50746-gwz   Doc 1357-1   Entered 01/22/10 12:11:48   Page 29 of 42

1    from any and all of the Claims and Equity Interests, including those in Classes 3, 5, 6, 7, 8 and 9
     to the fullest extent provided in Sections 524 and 1141 of the Bankruptcy Code. The Discharge
2    shall be to the fullest extent provided under section 1141(d)(1)(A) and other applicable
     provisions of the Bankruptcy Code, except as otherwise expressly provided by this Plan or the
3    Confirmation Order, all consideration distributed under this Plan and shall be in exchange for,
     and in complete satisfaction, settlement, discharge, and release of, all Claims of any kind or
4    nature whatsoever against the Debtors or any of their assets or properties, and regardless of
     whether any property shall have been distributed or retained pursuant to this Plan on account of
5    such Claims. Except as otherwise expressly provided by this Plan or the Confirmation Order,
     upon the Effective Date as to Claims in Classes 1, 2, and 4, and on the Substantial
6    Consummation Date as to Claims in Classes 3, 5, 6, 7, 8 and 9, the Debtors, and each of them,
     shall be deemed discharged and released under and to the fullest extent provided under section
7    1141(d)(1)(A) of the Bankruptcy Code from any and all Claims of any kind or nature
     whatsoever, including, but not limited to, demands and liabilities that arose before the
8    Confirmation Date, and all debts of the kind specified in section 502(g), 502(h), or 502(i) of the
     Bankruptcy Code.

9

10           **10.5. Compromise and Settlement.**   The allowance, classification and
     treatment of all Allowed Claims and Equity Interests and their respective distributions and
11   treatments under this Plan take into account and/or conform to the relative priority and rights of
     the Claims and Equity Interests in each Class in connection with any contractual, legal and
12   equitable subordination rights relating thereto whether arising under general principles of
     equitable subordination, Section 510(c) of the Bankruptcy Code, or otherwise, including without
13   limitation the subordination provisions contained in the Indentures and the Senior Subordinated
     Notes. As of the Effective Date or the Substantial Consummation Date, as the case may be, any
14   and all such rights described in the preceding sentence will be settled, compromised and released
     pursuant to this Plan. In addition, the allowance, classification and treatment of Allowed Claims
15   takes into account any Causes of Action, whether under the Bankruptcy Code or otherwise under
     applicable law, that may exist (i) between Debtors, on the one hand, and the Releasing Parties,
16   on the other, and (ii) as between the Releasing Parties (to the extent set forth in the Third Party
     Release, as set forth below). As of the Effective Date or the Substantial Consummation Date, as
17   the case may be, any and all such Causes of Action are settled, compromised and released
     pursuant hereto. The Confirmation Order shall approve the releases by all entities of all such
18   contractual, legal and equitable subordination rights or Causes of Action against each such
     Releasing Party that are satisfied, compromised and settled in this manner.

19           **10.6. Debtors' Releases.** On the Substantial Consummation Date and effective
     as of the Substantial Consummation Date, for the good and valuable consideration provided by
20   each of the Releasing Parties, including, but not limited to: (i) the discharge of debt and all other
     good and valuable consideration paid pursuant to this Plan; (ii) the obligations of the Releasing
21   Parties to provide the support necessary for Consummation of this Plan; and (iii) the services of
     Debtors' present and former officers and directors in facilitating the expeditious implementation
22   of the reorganization contemplated by this Plan, each of Debtors and the Reorganized Debtors
     shall provide a full discharge and release to each Releasing Party and each of their respective
23   members, officers, directors, agents, financial advisors, attorneys, employees, partners, Affiliates
     and representatives (but not including any THI Party solely in its capacity as such) (collectively,
24   the "Debtor Releasees" (and each such Debtor Releasee so released shall be deemed released and
     discharged by Debtors and the Reorganized Debtors)) and their respective properties from any
25   and all Causes of Action, whether known or unknown, whether for tort, fraud, contract,
     violations of federal or state securities laws, or otherwise, arising from or related in any way to
26   the Debtors, the Reorganized Debtors or Reorganized Herbst Gaming, including, without
     limitation, those that any of the Debtors, the Reorganized Debtors or Reorganized Herbst
27   Gaming would have been legally entitled to assert in their own right (whether individually or
     collectively) or that any Holder of a Claim or Equity Interest or other entity would have been
28   legally entitled to assert on behalf of any of the Debtors or any of their Estates, and further

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555        101323-003/714628_7.doc                        22

1  including those in any way related to the Chapter 11 Cases or this Plan to the fullest extent of the
   law; provided, however, that (a) the foregoing "Debtor Releases" shall not operate to waive or
2  release any Releasing Party from any Causes of Action (i) expressly set forth in and preserved by
   the Plan, any Plan supplement or related documents or (ii) arising under the Reorganized Herbst
3  Gaming Senior Credit Facility, and (b) the Debtor Release shall not be granted, and shall not be
   deemed to have been granted, to any Debtor Releasee that the Bankruptcy Court determines by
4  Final Order to have failed to take any reasonable actions in furtherance of Confirmation and
   Consummation of this Plan or in any material way took actions inconsistent with, or that
5  materially delayed or hindered, Confirmation or Consummation of the Plan or the transactions
   contemplated in this Plan.
6
7          **10.7. Third Party Release.**  On the Substantial Consummation Date and
   effective as of the Substantial Consummation Date, to the extent permitted by law, the Releasing
8  Parties shall provide a full discharge and release (and each entity so released shall be deemed
   released by the Releasing Parties) to the Third Party Releasees and their respective property from
9  any and all Causes of Action, whether known or unknown, whether for tort, fraud, contract,
   violations of federal or state securities laws, or otherwise, arising from or related in any way to
10 Debtors, including, without limitation, those in any way related to the Chapter 11 Cases or this
   Plan to the fullest extent of the law; provided, however, that the foregoing "Third Party Release"
11 shall not operate to waive or release any of the Third Party Releasees from any Causes of Action
   (i) expressly set forth in and preserved by this Plan, Plan Supplement or related documents or (ii)
12 arising under the Reorganized Herbst Gaming Senior Credit Facility.

13         **10.8. Injunction.**  From and after the Substantial Consummation Date, and
   except as provided in this Plan and the Confirmation Order, all entities that have held, currently
14 hold or may hold a Claim or Equity Interest or other right of an Equity Interest Holder that is
   terminated pursuant to the terms of this Plan are permanently enjoined from taking any of the
15 following actions on account of any such Claims or terminated Equity Interests or rights:  (i)
   commencing or continuing in any manner any action or other proceeding against the
16 Reorganized Debtors and Reorganized Herbst Gaming or their respective property; (ii)
   enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or
17 order against the Reorganized Debtors and Reorganized Herbst Gaming or their respective
   property; (iii) creating, perfecting or enforcing any Lien or encumbrance against the Reorganized
18 Debtors and Reorganized Herbst Gaming or their respective property; (iv) asserting a setoff,
   right of subrogation or recoupment of any kind against any debt, liability or obligation due to the
19 Reorganized Debtors and Reorganized Herbst Gaming or their respective property; and (v)
   commencing or continuing any action, in any manner or any place, that does not comply with or
20 is inconsistent with the provisions of this Plan or the Bankruptcy Code.  All injunctions or stays
   provided for in the Chapter 11 Cases under section 105 or 362 of the Bankruptcy Code, or
21 otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until
   the Substantial Consummation Date.  By accepting distributions pursuant to this Plan, each
22 Holder of an Allowed Claim will be deemed to have specifically consented to the injunctions set
   forth in this Section 10.8.

23         **10.9. Exculpation.**  From and after the Substantial Consummation Date, neither
   Debtors, the Reorganized Debtors, Statutory Committees, Consenting Lenders, Reorganized
24 Herbst Gaming, nor any of their respective present or former members, directors, officers,
   managers, employees, advisors, attorneys or agents (excluding any THI Party solely in its
25 capacity as such), shall have or incur any liability to any Holder of a Claim or Equity Interest or
   any other party-in-interest, or any of their respective agents, employees, representatives,
26 financial advisors, attorneys or Affiliates, or any of their successors or assigns, for any act or
   omission in connection with, relating to, or arising out of (from the Petition Date forward) the
27 Chapter 11 Cases, the Reorganized Debtors, the pursuit of Confirmation of this Plan or the
   Consummation of this Plan, except for gross negligence and willful misconduct, and in all
28 respects shall be entitled to reasonably rely upon the advice of counsel with respect to their

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/714628_7.doc                                23

Case 3:10-cv-00131-RCJ-WGC   Document 1-2   Filed 03/08/10   Page 68 of 79

Case 09-50746-gwz   Doc 1401-3   Entered 02/03/10 08:ᴊᴊ.10   Page 37 of 48
Case 09-50746-gwz   Doc 1357-1   Entered 01/22/10 12:11:48   Page 31 of 42

1   duties and responsibilities under this Plan or in the context of the Chapter 11 Cases. No Holder
of a Claim or Equity Interest, nor any other party-in-interest, including their respective agents,
2   employees, representatives, financial advisors, attorneys or Affiliates, shall have any right of
action against Debtors, the Reorganized Debtors, Consenting Lenders, Statutory Committees,
3   Reorganized Herbst Gaming, or any of their respective present or former members, officers,
directors, managers, employees, advisors, attorneys or agents (excluding any THI Party solely in
4   its capacity as such), for any act or omission in connection with, relating to, or arising out of
(from the Petition Date forward) the Chapter 11 Cases, the pursuit of Confirmation of this Plan,
5   the Consummation of this Plan or the administration of this Plan, except for (i) their willful
misconduct and gross negligence, (ii) matters specifically contemplated by either this Plan or the
6   Reorganized Debtors and (iii) any liability of an attorney to its client not subject to exculpation
under the Bankruptcy Code.

7

8         **10.10. Director and Officer Liability Insurance.** As of the Substantial
Consummation Date, Herbst Gaming will obtain sufficient tail coverage under a directors and
9   officers' liability insurance policy ("D&O Liability Insurance Policy", and, together with all
insurance policies for directors and officers' liability maintained by the Debtors as of the Petition
10   Date, the "D&O Liability Insurance Policies") for the current and former directors and officers
for a period of six (6) years. As of the Substantial Consummation Date, The Reorganized
11   Debtors shall assume all of the D&O Liability Insurance Policies pursuant to Section 365(a) of
the Bankruptcy Code, and Herbst Gaming, will assume and, if applicable, assign to Reorganized
12   Herbst Gaming all of the D&O Liability Insurance Policies pursuant to Section 365(a) of the
Bankruptcy Code. Entry of the Confirmation Order will constitute the Bankruptcy Court's
13   approval of Debtors' foregoing assumption and Herbst Gaming's assumption and assignment of
each of the D&O Liability Insurance Policies. Notwithstanding anything to the contrary
14   contained in this Plan, Confirmation of the Plan shall not discharge, impair or otherwise modify
any indemnity obligations assumed by the foregoing assumption of the D&O Liability Insurance
15   Policies, and each such indemnity obligation will be deemed and treated as an Executory
Contract that has been assumed by Debtors under this Plan as to which no proof of Claim need
16   be filed.

17         **10.11. Indemnification.** All indemnification provisions currently in place
(whether in the by-laws, articles or certificates of incorporation, articles of limited partnership,
18   limited liability company agreements, board resolutions (or resolutions of similar bodies) or
employment contracts) for the current and former directors, officers, employees, attorneys, other
19   professionals and agents of the Debtors and such current and former directors and officers'
respective Affiliates shall be assumed, and shall survive effectiveness of this Plan. All
20   indemnification provisions in place on and prior to the Substantial Consummation Date for
current and former directors and officers of the Debtors and their subsidiaries and such current
21   and former directors and officers' respective Affiliates (excluding any THI Party solely in its
capacity as such) shall (i) survive the Substantial Consummation Date of this Plan for Claims
22   related to or in connection with any actions, omissions or transactions occurring prior to the
Substantial Consummation Date, and (ii) remain liabilities of the respective Reorganized Debtor
23   and Reorganized Herbst Gaming on behalf of Herbst Gaming.

24 **11.   RETENTION OF JURISDICTION**

25         **11.1. Jurisdiction.** Notwithstanding the entry of the Confirmation Order and
the occurrence of the Effective Date, the Bankruptcy Court shall retain such jurisdiction over the
26   Chapter 11 Cases and the Reorganized Debtors and Reorganized Herbst Gaming after the
Effective Date as is legally permissible, including jurisdiction to:

27         a) Allow, disallow, determine, liquidate, classify, estimate or establish the
priority or secured or unsecured status of any Claim or Equity Interests or Disputed
28   Claim or Disputed Equity Interests, including the resolution of any request for payment

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/714628_7.doc             24

of any Administrative Claim and the resolution of any and all objections to the allowance or priority of Claims or Disputed Claims and Equity Interests or Disputed Equity Interests;

     b)    Grant or deny any applications for allowance of compensation or reimbursement of expenses authorized pursuant to the Bankruptcy Code or this Plan for periods ending on or before the Effective Date;

     c)    Resolve any matters related to the assumption, assignment or rejection of any Executory Contract or Unexpired Lease to which Debtors or the Reorganized Debtors are party and to hear, determine and, if necessary, liquidate any Claims arising therefrom or Cure amounts related thereto;

     d)    Ensure that distributions to Holders of Allowed Claims and Equity Interests are accomplished pursuant to the provisions of this Plan;

     e)    Decide or resolve any motions, adversary proceedings, contested or litigated matters and any other matters and grant or deny any applications or motions involving Debtors or the Reorganized Debtors that may be pending on the Effective Date or commenced thereafter as provided for by this Plan;

     f)    Enter such orders as may be necessary or appropriate to implement or consummate the provisions of this Plan and all contracts, instruments, releases and other agreements or documents created in connection with this Plan or the Disclosure Statement or the Confirmation Order, except as otherwise provided herein;

     g)    Decide or resolve any cases, controversies, suits or disputes that may arise in connection with the consummation, interpretation or enforcement of any Final Order, this Plan, the Confirmation Order or any Person's obligations incurred in connection with such Final Order, this Plan or the Confirmation Order;

     h)    Modify this Plan before or after the Effective Date pursuant to Section 1127 of the Bankruptcy Code and Section 12.1 of this Plan or modify any contract, instrument, release or other agreement or document created in connection with this Plan, the Disclosure Statement, the Confirmation Order, or the Reorganized Debtors; or remedy any defect or omission or reconcile any inconsistency in any Final Order, this Plan, the Confirmation Order, or any contract, instrument, release or other agreement or document created in connection with this Plan, the Disclosure Statement or the Confirmation Order, in such manner as may be necessary or appropriate to consummate this Plan, to the extent authorized by the Bankruptcy Code;

     i)    Issue injunctions, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any person with consummation, implementation or enforcement of any Final Order, this Plan or the Confirmation Order, except as otherwise provided herein;

     j)    Enter and implement such orders as are necessary or appropriate if a Final Order or the Confirmation Order is for any reason modified, stayed, reversed, revoked or vacated;

     k)    Determine any other matters that may arise in connection with or relate to this Plan, any Final Order, the Disclosure Statement, the Confirmation Order or any contract, instrument, release or other agreement or document created in connection with this Plan, the Disclosure Statement, any Final Order or Confirmation Order, except as otherwise provided herein;

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/714628_7.doc

25

l)     Enter an order closing the Chapter 11 Cases;

m)     Hear and decide Litigation Claims and continue to hear and decide pending Litigation Claims and any other claim or cause of action of Debtors and the Reorganized Debtors; and

n)     Decide or resolve any matter over which the Bankruptcy Court has jurisdiction pursuant to Section 505 of the Bankruptcy Code.

## 12.    MODIFICATION AND AMENDMENT OF PLAN

**12.1.  Modification and Amendment.** Prior to Confirmation, Debtors may alter, amend or modify this Plan under Section 1127(a) of the Bankruptcy Code at any time, provided such amendment or modification to the extent it affects the transactions as provided for in the Lockup Agreement has been approved by the Requisite Majority. After the Confirmation Date and prior to the Substantial Consummation Date, and with the consent of the Requisite Majority, the Debtors may, under Section 1127(b), (c) and (d) of the Bankruptcy Code, alter, amend or modify this Plan or institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in this Plan, the Disclosure Statement or the Confirmation Order, and to make appropriate adjustments and modifications to this Plan or the Confirmation Order as may be necessary to carry out the purposes and effects of this Plan so long as such proceedings do not materially adversely affect the treatment of Holders of Claims under this Plan.

## 13.    MISCELLANEOUS

**13.1.  Filing of Objections to Claims or Equity Interests.** After the Effective Date, objections to Claims or Equity Interests shall be made and objections to Claims and Equity Interests made previous thereto shall be pursued by the Reorganized Debtors, Reorganized Herbst Gaming or any other party properly entitled to do so after notice to the Reorganized Debtors and Reorganized Herbst Gaming and approval by the Bankruptcy Court. Any objections to Pre-Petition Date Claims made after the Effective Date shall be filed and served not later than one hundred and twenty (120) days after the Effective Date, and any objections to Claims arising after the Effective Date and up to and including the Substantial Consummation Date and to Equity Interests shall be filed and served not later than one hundred and twenty (120) days after the Substantial Consummation Date; provided, however, that such period may be extended by order of the Bankruptcy Court for good cause shown.

**13.2.  Resolution of Objections After Effective Date; Distributions.**

a)     Resolution of Objections. From and after the Effective Date, the Reorganized Debtors and Reorganized Herbst Gaming may litigate to judgment, propose settlements of, or withdraw objections to, all pending or filed Disputed Claims and Disputed Equity Interests and may settle or compromise any Disputed Claim or Disputed Equity Interest without notice and a hearing and without approval of the Bankruptcy Court.

b)     Distributions. In order to facilitate Distributions to Holders of Allowed Claims and Allowed Equity Interests, and if and to the extent there are Disputed Claims or Disputed Equity Interests in any Class, the Reorganized Debtors and Reorganized Herbst Gaming shall set aside in a designated reserve account the payments or Distributions applicable to such Disputed Claims or Disputed Equity Interests as if such Disputed Claims or Disputed Equity Interests were Allowed Claims or Allowed Equity Interests, pending the allowance or disallowance of such Disputed Claims or Disputed Equity Interests. In the event that any Reorganized Debtor or Reorganized Herbst

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/714628_7.doc

26

1    Gaming wishes to deposit or hold a lesser amount than required herein and is unable to reach an agreement with the Holder of the Disputed Claim or Disputed Equity Interest on
2    the amount to be deposited or held, the Bankruptcy Court shall fix the amount after notice and hearing. Upon Final Order with respect to a Disputed Claim or Disputed Equity
3    Interest, the Holder of such Disputed Claim or Disputed Equity Interest, to the extent it has been determined to hold an Allowed Claim or Allowed Equity Interest, shall receive
4    from the respective Reorganized Debtor or Reorganized Herbst Gaming that payment or Distribution to which it would have been entitled if the portion of the Claim or Equity
5    Interest so allowed had been allowed as of the Effective Date. Such payment or distribution shall be made as soon as practical after the order allowing the Claim or
6    Equity Interest has become a Final Order.

7        c)    Late-Filed Claims. No Claim filed after the Bar Date or, as applicable, the Administrative Claim Bar Date shall be allowed, and all such Claims are hereby
8    disallowed in full. After the Bar Date or the Administrative Claim Bar Date, as applicable, no Creditor shall be permitted to amend any claim to increase the claimed
9    amount; and any such amendment shall be disallowed to the extent of the late-filed increase in the claimed amount.

10
11        **13.3. Effectuating Documents; Further Transactions; Timing.** Each of the officers of Debtors and the Reorganized Debtors are authorized to execute, deliver, file or record
12    such contracts, instruments, releases and other agreements or documents and to take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of
13    this Plan and any Interests issued, transferred or canceled pursuant to this Plan. All transactions that are required to occur on the Effective Date under the terms of this Plan shall be deemed to
14    have occurred simultaneously. Debtors and the Reorganized Debtors are authorized and directed to do such acts and execute such documents as are necessary to implement this Plan.

15        **13.4. Exemption from Transfer Taxes.** Pursuant to Section 1146(a) of the Bankruptcy Code, (i) the issuance, distribution, transfer or exchange of Estate property; (ii) the
16    creation, modification, consolidation or recording of any deed of trust or other interest, the securing of additional indebtedness by such means or by other means in furtherance of, or
17    connection with this Plan or the Confirmation Order; (iii) the making, assignment, modification or recording of any lease or sublease; or (iv) the making, delivery or recording of a deed or other
18    instrument of transfer under, in furtherance of, or in connection with, this Plan, Confirmation Order or any transaction contemplated above, or any transactions arising out of, contemplated by
19    or in any way related to the foregoing shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act or real estate transfer tax,
20    mortgage recording tax or other similar tax or governmental assessment and the appropriate state or local government officials or agents shall be, and hereby are, directed to forego the collection
21    of any such tax or assessment and to accept for filing or recordation any of the foregoing instruments or other documents without the payment of any such tax or assessment.
22
23        **13.5. Revocation or Withdrawal of this Plan.** Debtors reserve the right to revoke or withdraw this Plan at any time prior to the Confirmation Date. If this Plan is
24    withdrawn or revoked or if the Bankruptcy Court denies confirmation of this Plan, then this Plan shall be deemed null and void and nothing contained herein shall be deemed to constitute a
25    waiver or release of any Claims by or against Debtors or any other Person nor shall the withdrawal or revocation of this Plan prejudice in any manner the rights of Debtor or any Person
26    in any further proceedings involving Debtors. In the event this Plan is withdrawn or revoked, nothing set forth herein shall be deemed an admission of any sort and this Plan and any
27    transaction contemplated thereby shall be inadmissible into evidence in any proceeding.
28        In the event that the Substantial Consummation Date does not occur within one year following the Effective Date, upon notification submitted by the Debtors to the Court: (i) the

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/714628_7.doc                    27

Case 3:10-cv-00131-RCJ-WGC    Document 1-2    Filed 03/08/10    Page 72 of 79

Case 09-50746-gw.    Doc 1401-3    Entered 02/03/10 08:.    0    Page 41 of 48
Case 09-50746-gwz    Doc 1357-1    Entered 01/22/10 12:11:48    Page 35 of 42

Confirmation Order shall be vacated, (ii) no additional distributions under this Plan shall be made, (iii) the Debtors and all Holders of Claims shall be restored to the status quo ante as of the day immediately preceding the Confirmation Date as though the Confirmation Date had never occurred, and (iv) the Debtors' obligations with respect to the Claims shall remain unchanged (except to the extent of any post-Effective Date payments) and nothing contained in this Plan shall constitute or be deemed a waiver or release of any Claims by or against the Debtors or any other Person or to prejudice in any manner the rights of the Debtors or any Person in any further proceedings involving the Debtors.

**13.6.  Binding Effect.** This Plan shall be binding upon, and shall inure to the benefit of, the Debtors and their Estates, the Reorganized Debtors, Reorganized Herbst Gaming and the Holders of all Claims and Equity Interests and their respective successors and assigns.

**13.7.  Governing Law.** Except to the extent that the Bankruptcy Code or other federal law is applicable or as provided in any contract, instrument, release or other agreement entered into in connection with this Plan or in any document which remains unaltered by this Plan, the rights, duties and obligations of Debtors and any other Person arising under this Plan shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Nevada without giving effect to Nevada's choice of law provisions.

**13.8.  Modification of Payment Terms.** The Debtors, Reorganized Debtors and Reorganized Herbst Gaming, as applicable, reserve the right to modify the treatment of any Allowed Claim or Allowed Equity Interest in any manner adverse only to the Holder of such Allowed Claim or Allowed Equity Interest at any time after the Effective Date upon the prior written consent of the Holder whose Allowed Claim or Allowed Equity Interest treatment is being adversely affected.

**13.9.  Allocation of Plan Distributions Between Principal and Interest.** To the extent that any Allowed Claim entitled to a distribution under this Plan is comprised of indebtedness and accrued but unpaid interest thereon, such distribution shall, to the extent permitted by applicable law, be allocated for income tax purposes to the principal amount of the Claim first and then, to the extent that the consideration exceeds the principal amount of the Claim, to the portion of such Claim representing accrued but unpaid interest.

**13.10. Means of Cash Payment.** Payments of Cash made pursuant to this Plan shall be in U.S. dollars and shall be made, at the option and in the sole discretion of the Debtors or Reorganized Debtors and Reorganized Herbst Gaming, as the case may be, by (a) checks drawn on, or (b) wire transfer from, a domestic bank selected by the Debtors, Reorganized Debtors or Reorganized Herbst Gaming as the case may be. Cash payments to foreign creditors may be made, at the option of such Debtors, Reorganized Debtors or Reorganized Herbst Gaming, in such funds and by such means as are necessary or customary in a particular foreign jurisdiction.

**13.11. Providing for Claims Payments.** Distributions to Holders of Allowed Claims shall be made by the Debtors, Reorganized Debtors or Reorganized Herbst Gaming, as the case may be: (i) at the addresses set forth on the proofs of Claim filed by such Holders (or at the last known addresses of such Holders if no proof of Claim is filed or if Debtors have been notified of a change of address); (ii) at the addresses set forth in any written notices of address changes delivered to the Disbursing Agent after the date of any related proof of Claim; or (iii) at the addresses reflected in the Schedules if no proof of Claim has been filed and the Disbursing Agent has not received a written notice of a change of address. Distributions to Holders of Allowed Equity Interests shall be made to the Holder of such Allowed Equity Interest as of the Record Date. If any Holder's distribution is returned as undeliverable, no further distributions to such Holder shall be made unless and until the Disbursing Agent is notified of such Holder's then current address, at which time all missed distributions shall be made to such Holder without

Gordon Silver
Attorneys At Law
Ninth Floor
3860 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/714628_7.doc

Case 3:10-cv-00131-RCJ-WGC   Document 1-2   Filed 03/08/10   Page 73 of 79

Case 09-50746-gwz   Doc 1401-3   Entered 02/03/10 08:͟͟.10   Page 42 of 48
Case 09-50746-gwz   Doc 1357-1   Entered 01/22/10 12:11:48   Page 36 of 42

1   interest. Amounts in respect of undeliverable Distributions made through the Disbursing Agent
2   shall be returned to the Debtors, Reorganized Debtors or Reorganized Herbst Gaming, as
    applicable, until such Distributions are claimed. All claims for undeliverable Distributions shall
    be made on or before the second anniversary of the Effective Date.  After such date, all
3   unclaimed property shall revert to the Debtors, Reorganized Debtors and Reorganized Herbst
    Gaming, as applicable, and the Claim of any Holder or successor to such Holder with respect to
4   such property shall be discharged and forever barred notwithstanding any federal or state escheat
    laws to the contrary.  Nothing contained in this Plan shall require Debtors, the Reorganized
5   Debtors, Reorganized Herbst Gaming or the Disbursing Agent to attempt to locate any Holder of
    an Allowed Claim or Allowed Equity Interest.
6
7           13.12. Set Offs.  Debtors and the Reorganized Debtors may, but shall not be
    required to, set off or recoup against any Claim or Equity Interest and the payments or other
    distributions to be made pursuant to this Plan in respect of such Claim or Equity Interest (before
8   any distribution is made on account of such Claim or Equity Interest), claims of any nature
    whatsoever that the applicable Debtors or Reorganized Debtors may have against the Holder of
9   such Claim or Equity Interest to the extent such Claims or Equity Interests may be set off or
    recouped under applicable law, but neither the failure to do so nor the allowance of any Claim or
10  Equity Interest hereunder shall constitute a waiver or release by Debtors or the Reorganized
    Debtors of any such Claim that it may have against such Holder.
11
12          13.13. Notices.  Any notice required or permitted to be provided under this Plan
    shall be in writing and served by either: (a) certified mail, return receipt requested, postage
13  prepaid; (b) hand delivery or (c) reputable overnight courier service, freight prepaid, to be
    addressed as follows:

14  If to the Debtors:                    Herbst Gaming, Inc.
                                          Attn: Sean T. Higgins, Esq.
15                                        3440 W. Russell Road
                                          Las Vegas, Nv. 89118
16                                        Tel: (702) 889-7600
                                          Fax: (702)
17
18  With a Copy to:                       Gordon Silver, Ltd.
                                          Attn:  Gerald M. Gordon, Esq.
19                                        3960 Howard Hughes Pkwy, 9th Floor
                                          Las Vegas, NV  89109
20                                        Tel: (702) 796-5555
                                          Fax: (702) 369-2666

21  If to the Senior Credit Facility Agent:   Wilmington Trust Company
                                          Attn: James A. Hanley
22                                        Rodney Square North
                                          1180 North Market Street
23                                        Wilmington, De.  19890
                                          Tel:
24                                        Fax:

25  With a Copy to:                       Milbank, Tweed, Hadley & McCloy, LLP
                                          Attn:  Thomas R, Kreller, Esq.
26                                        601 South Figueroa Street, 30th Floor
                                          Los Angeles, Ca.  90017-5735
27                                        Tel: (213) 892-4000
                                          Fax: (213) 629-5063
28

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/714628_7.doc                        29

1    **13.14. Statutory Committee.**   Any Statutory Committee appointed in the
Chapter 11 Cases shall terminate on the Effective Date and shall thereafter have no further
2    responsibilities in respect of the Chapter 11 Cases, except with respect to preparation of the filing
of applications for compensation and reimbursement of expenses.
3

4    **13.15. Severability.**   If any provision of this Plan is determined by the
Bankruptcy Court to be invalid, illegal or unenforceable or this Plan is determined to be not
5    confirmable pursuant to Section 1129 of the Bankruptcy Code, the Bankruptcy Court, at the
request of Debtors shall have the power to alter and interpret such term to make it valid or
6    enforceable to the maximum extent practicable, consistent with the original purpose of the term
or provision held to be invalid, void or unenforceable, and such term or provision shall then be
7    applicable as altered or interpreted.   Notwithstanding any such holding, alteration or
interpretation, the remainder of the terms and provisions of this Plan shall remain in full force
8    and effect and will in no way be affected, impaired or invalidated by such holding, alteration or
interpretation. The Confirmation Order shall constitute a judicial determination and shall provide
9    that each term and provision of this Plan, as it may have been altered or interpreted in accordance
with the foregoing, is valid and enforceable pursuant to its terms.

10   **13.16. Withholding and Reporting Requirements.**   In connection with this
Plan and all instruments and Interests issued in connection therewith and Distributions thereon,
11   the Reorganized Debtors shall comply with all withholding and reporting requirements imposed
by any federal, state, local, or foreign taxing authority and all Distributions hereunder shall be
12   subject to any such withholding and reporting requirements.   The Reorganized Debtors and
Reorganized Herbst Gaming shall be authorized to take any and all action that may be necessary
13   to comply with such withholding and recording requirements.   Notwithstanding any other
provision of this Plan, each Holder of an Allowed Claim or Allowed Equity Interest that has
14   received a Distribution pursuant to this Plan shall have sole and exclusive responsibility for the
satisfaction or payment of any tax obligation imposed by any governmental unit, including
15   income, withholding and other tax obligation on account of such distribution.

16   **13.17. Post Confirmation Reporting.**   Until the entry of the final decree closing
the Chapter 11 Cases, the Reorganized Debtors shall comply with the post-confirmation
17   reporting requirements found in Local Rule 3020 of the Bankruptcy Court. Additionally, to the
extent required, the Reorganized Debtors shall file post-confirmation quarterly operating reports
18   as required by the United States Trustee Guidelines, para. 7.2.

19   **13.18. No Strict Construction.** This Plan is the product of extensive discussions
and negotiations between and among, inter alia, the Debtors and the Consenting Lenders. Each
20   of the foregoing was represented by counsel of its choice who either (a) participated in the
formulation and documentation of, or (b) was afforded the opportunity to review and provide
21   comments on, this Plan, the Disclosure Statement, exhibits and schedules, and the agreements
and documents ancillary or related thereto. Accordingly, unless explicitly indicated otherwise,
22   the general rule of contract construction known as "contra proferentem" shall not apply to the
construction or interpretation of any provision of this Plan, the exhibits and schedules, and the
23   documents ancillary and related thereto.

24   **13.19. Cramdown.**   In the event that any impaired Class is determined to have
rejected this Plan in accordance with Section 1126 of the Bankruptcy Code, Debtors may invoke
25   the provisions of Section 1129(b) of the Bankruptcy Code to satisfy the requirements for
Confirmation of this Plan. Debtors reserve the right to modify this Plan to the extent, if any, that
26   Confirmation pursuant to Section 1129(b) of the Bankruptcy Code requires modification.

27   **13.20. Quarterly Fees to the United States Trustee.**   Prior to the Substantial
Consummation Date, the Debtors, and after the Substantial Confirmation Date, Reorganized
28   Herbst Gaming shall pay all quarterly fees payable to the Office of the United States Trustee

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/714628_7.doc

30

Case 3:10-cv-00131-RCJ-WGC   Document 1-2   Filed 03/08/10   Page 75 of 79

Case 09-50746-gwz   Doc 1401-3   Entered 02/03/10 08:30.10   Page 44 of 48
Case 09-50746-gwz   Doc 1357-1   Entered 01/22/10 12:11:48   Page 38 of 42

1  after Consummation, consistent with applicable provisions of the Bankruptcy Code and
   Bankruptcy Rules.

2

3       DATED this 22nd day of July, 2009.

4                                    ZANTE INC., a Nevada corporation

5                                    By: _____

6                                    Its: _____

7                                    THE SANDS REGENT, a Nevada corporation

8                                    By: _____

9                                    Its: _____

10                                   LAST CHANCE, INC., a Nevada corporation

11                                   By: _____

12                                   Its: _____

13                                   DAYTON GAMING, INC., a Nevada
                                     corporation

14                                   By: _____

15                                   Its: _____

16                                   CALIFORNIA PROSPECTORS, LTD., a
                                     Nevada limited liability company

17

18                                   By: _____

19                                   Its: _____

20                                   HERBST GAMING, INC., a Nevada
                                     corporation

21

22                                   By: _____

23                                   Its: _____

24                                   FLAMINGO PARADISE GAMING, LLC, a
                                     Nevada limited liability company

25                                   By: _____

26                                   Its: _____

27

28

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/714625_7.doc

31

Case 3:10-cv-00131-RCJ-WGC   Document 1-2   Filed 03/08/10   Page 76 of 79

Case 09-50746-gwz   Doc 1401-3   Entered 02/03/10 08:00.10   Page 45 of 48
Case 09-50746-gwz   Doc 1357-1   Entered 01/22/10 12:11:48   Page 39 of 42

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

E-T-T, INC., A Nevada corporation

By:

Its:

MARKET GAMING, INC., a Nevada
corporation

By:

Its:

THE PRIMADONNA COMPANY, LLC, a
Nevada limited liability company

By:

Its:

HGI-LAKESIDE, INC., a Nevada corporation

By:

Its:

HGI – ST. JO, INC., a Nevada corporation

By:

Its:

HGI – MARK TWAIN, INC., a Nevada
corporation

By:

Its:

CARDIVAN COMPANY, a Nevada corporation

By:

Its:

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/714628_7.doc

32

Case 3:10-cv-00131-RCJ-WGC   Document 1-2   Filed 03/08/10   Page 77 of 79

Case 09-50746-gwz   Doc 1401-3   Entered 02/03/10 08:∾.10   Page 46 of 48
Case 09-50746-gwz   Doc 1357-1   Entered 01/22/10 12:11:48   Page 40 of 42

1
2          CORRAL COIN, INC., a Nevada corporation
3          By: _____
4          Its: _____
5          CORRAL COUNTRY COIN, INC., a Nevada
6          corporation
7          By: _____
8          Its: _____
9          E-T-T ENTERPRISES, INC., a Nevada
10         corporation
11         By: _____
12         Its: _____
13  PREPARED AND SUBMITTED BY:
14  GORDON SILVER LTD.
15
    By: _____
16       GERALD M. GORDON, ESQ.
         THOMAS H. FELL, ESQ.
17       3960 Howard Hughes Pkwy., 9th Floor
         Las Vegas, Nevada 89109
18       Attorneys for Joint Debtors
19
20
21
22
23
24
25
26
27
28

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/714628_7.doc                    33

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### SCHEDULE 1.1.72

### TO PLAN OF REORGANIZATION

### CERTAIN PRESERVED POTENTIAL CAUSES OF ACTION

All defined terms used herein shall have the meanings set forth in this Plan. The following is a non-exhaustive list of potential parties against whom the Debtors, and/or the Reorganized Debtors may hold a claim or cause of action. The Debtors, Reorganized Debtors and Reorganized Herbst Gaming reserve their right to modify this list to amend or add parties or causes of action, but disclaim any obligation to do so. In addition to the possible causes of action and claims listed below, the Debtors and the Reorganized Debtors have or may have, in the ordinary course of their business, numerous causes of action and Claims or rights against contractors, subcontractors, suppliers and others with whom they deal in the ordinary course of their business (the "Ordinary Course Claims"). The Debtors, Reorganized Debtors and Reorganized Herbst Gaming reserve their right to enforce, sue on, settle or compromise (or decline to do any of the foregoing) the Ordinary Course Claims, as well as the claims and causes of action listed below and all other claims and causes of action. The Debtors, Reorganized Debtors and Reorganized Herbst Gaming also have, or may have, and are retaining, various claims or causes of action arising under or pursuant to its insurance policies, and all rights arising under, relating to, or in connection with such policies are expressly reserved and retained.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/714628_7.doc

34

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SCHEDULE 7.1

## TO

## PLAN OF REORGANIZATION

## REJECTED EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101323-003/714628_7.doc

35