**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| *In re* ZANTE, INC. et al.,  )<br>)<br>Debtors.                      )<br>─────────────────────────── )<br>)<br>ZANTE, INC. et al.,              )<br>)<br>Appellants,    )<br>)<br>vs.                              )<br>)<br>JUAN DELGADO, SR. et al.,        )<br>)<br>Appellees.     )<br>─────────────────────────── ) | 3:10-cv-00131-RCJ-WGC<br><br>**ORDER** |

This bankruptcy appeal arises out of the reclassification of a punitive damages claim in a Chapter 11 confirmation order. For the reasons given herein, the Court affirms.

**I.   FACTS AND PROCEDURAL HISTORY**

E-T-T, Inc. ("ETT") is one of several Debtors in a consolidated Chapter 11 bankruptcy along with several other Herbst Gaming-related entities. (*See* Appellants' Opening Br. 2, Apr. 19, 2010, ECF No. 6). Appellees Juan Delegado, Sr., individually and in his capacity as the administrator of the Estate of Rosa Delegado, sued ETT in state court, winning compensatory damages of $4,183,250.50 and punitive damages in the same amount after remittitur. (*Id.* 2–3). The amended judgment is under consideration by the Nevada Supreme Court on rehearing en

1  banc. (*Id.* 3–4).

2     In this bankruptcy case, Appellees filed unsecured proofs of claim against ETT based
3  upon the punitive damages award (the "Claim"). (*Id.* 6).  At least two other claimants filed
4  proofs of claim against ETT or other of the Debtors based in part upon punitive damages, but
5  those claims had not ben reduced to judgment. (*Id.* 6–7).

6     Debtors' proposed plan (the "Plan") would have put all general unsecured claims in Class
7  4, to be paid in full, but would have put all claims for punitive damages in Class 6, to be totally
8  impaired. (*Id.* 5).  Appellees filed an objection to the Plan, arguing that it unfairly discriminated
9  against Class 6 claims because they were unsecured claims like those in Class 4 and therefore
10 should have been included with them under § 726(a)(4). (*Id.* 8).  The bankruptcy court ruled that
11 all Appellees' claims, compensatory and punitive, had to be included in Class 4, because to put
12 them in another class would have been unfairly discriminatory. (*Id.* 9).  The bankruptcy court
13 noted that § 726(a) was a mandatory classification scheme for Chapter 7 cases, but although not
14 mandatory in Chapter 11 cases, could be used as a basis for appealing to a bankruptcy judge's
15 discretion under § 1122(a) in Chapter 11 cases. (*See* Hr'g Tr. 68:14–19, Oct. 28, 2009, AER 987
16 (Tab T)).  The bankruptcy judge then ruled that putting the Claim into Class 6, or any class apart
17 from Class 4, would not comport with the Bankruptcy Code because it would constitute unfair
18 discrimination. (*See id.* 69:6–21).  The bankruptcy court reasoned that because the Claim was the
19 only claim based upon punitive damages that had been reduced to judgment, it would be unfair
20 to separate the Claim from other unsecured claims. (*See id.* 69:11–17).  The bankruptcy court
21 issued the confirmation order (the "Confirmation Order"), adopting the Plan, modified as
22 follows: (1) the Plan did not comply with the "best interests of creditors" test under § 1129(a)(7)
23 as to the proposed Class 6 claims; (2) modification of Class 6 claims was required under §§
24 1122(a) and 1123(a)(1)–(2); and (3) the Plan unfairly discriminated against Class 6 claims under
25 § 1129(b). (Appellants' Opening Br. 9–10).  The Confirmation Order therefore moved all

proposed Class 6 claims into Class 4. (*Id.* 10).

Appellants have appealed the Confirmation Order to the extent it puts the proposed Class 6 claims into Class 4. Two other appeals of the Confirmation Order have since been voluntarily dismissed. The propriety of the punitive damages award underlying the Claim is currently under en banc reconsideration by the Nevada Supreme Court in Case No. 46901. That Court heard the case in January of 2011 but has yet to issue a ruling. This Court stayed the present case pending the Nevada Supreme Court's ruling, but at a recent status conference the Court determined to hold oral argument and rule in the present case directly.

## II.  LEGAL STANDARDS

The bankruptcy court's conclusions of law, including its interpretations of the bankruptcy code, are reviewed de novo, and its factual findings are reviewed for clear error. *See Blausey v. U.S. Trustee*, 552 F.3d 1124, 1132 (9th Cir. 2009). A reviewing court must accept the bankruptcy court's findings of fact unless it is left with the definite and firm conviction that a mistake has been committed. *See In re Straightline Invs., Inc.*, 525 F.3d 870, 876 (9th Cir. 2008).

Apart from an administrative-convenience exception that does not apply in this case, "a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class." 11 U.S.C. § 1122(a). Whether claims are "substantially similar" under 11 U.S.C. § 1122(a) is a question of fact; a bankruptcy court has broad latitude in making this determination, which is reviewed for clear error. *In re Johnston*, 21 F.3d 323, 327 (9th Cir. 1994).

Section 1122(a) requires only that claims must be "substantially similar" to be placed into the same class, i.e., it prevents dissimilar claims from being placed into the same class, but it does not prevent substantially similar claims from being placed into different classes. 7 Alan N. Resnick & Henry J. Sommer, *Collier on Bankruptcy* § 1122.03[1], at 1122-6 to 1122-7 (Matthew Bender & Co., Inc. 2011) (citing *Class Five Nev. Claimants v. Dow Corning Corp. (In re Dow*

1  *Corning Corp.)*, 280 F.3d 648, 661 (6th Cir. 2002)). "To the contrary, the bankruptcy court has

2  substantial discretion to place similar claims in different classes." *In re Dow Corning Corp.*, 280

3  F.3d at 661 (citing *In re U.S. Truck Co.*, 800 F.2d 581, 585 (6th Cir. 1986)).

4  **III.   ANALYSIS**

5        Section 1122(a) permits substantially similar claims to be classed differently, so long as

6  claims that are not substantially similar are not classed together. *See* 7 Resnick & Sommer,

7  *Collier on Bankruptcy* § 1122.03[1], at 1122-6 to 1122-7 (citing *In re Dow Corning Corp.*, 280

8  F.3d at 661).  The bankruptcy court was therefore within its discretion to reclassify Appellees'

9  punitive claim into Class 4 under § 1122(a), because it was not clear error to find that punitive

10 damages claims reduced to judgment are "substantially similar" to other unsecured claims.

11 Moreover, where, as here, other unsecured claims will not be diluted thereby, it would have been

12 unfair discrimination under § 1129(b)(1) for the bankruptcy court to have left Appellees'

13 punitive claim in Class 6.  The Court therefore affirms.

14       Appellants argue that the "best interests of creditors" test of § 1129(a)(7) would have

15 been satisfied under the Plan, because that test simply requires that any impaired creditor in a

16 Chapter 11 plan that does not vote to accept the plan must receive at least as much as it would

17 have received under Chapter 7, and in the present case the judgment debtors would have

18 received nothing under a § 726(a)-prioritized Chapter 7 liquidation.  The punitive damages

19 claims under a putative Chapter 7 liquidation would have been prioritized with all fines,

20 penalties, forfeitures, and the like, to be paid only after all other unsecured claims, which means

21 Appellees would have received nothing on their punitive damages claims. *See* 11 U.S.C. §

22 726(a)(2), (4).  Because nothing is not less than nothing, the Plan satisfied § 1129(a)(7) without

23 amendment.  The Court agrees that placing the Claim into Class 6 would have satisfied §

24 1129(a)(7).

25       Appellants next argue that the Plan did not "discriminate unfairly" under § 1129(b)(1).

"A classification scheme satisfies this requirement if there are reasonable, nondiscriminatory reasons for it." *In re Elmwood, Inc.*, 182 B.R. 845, 850 (D. Nev. 1995) (Pro., J.) (citing *In re Johnston*, 21 F.3d at 328). Could the bankruptcy court have found that putting punitive claims in a different class than other unsecured claims does not unfairly discriminate? After all, in Chapter 7 cases the Bankruptcy Code *mandates* precisely this discrimination. This is not a Chapter 7 case, however. Section 1122(a) does not prohibit putting substantially similar claims into different classes, but § 1129(b)(1) requires a rational reason for doing it.

The usual rationale for subordinating punitive claims to other claims is that it is inequitable to make a debtor's innocent creditors suffer a prorated share of a debtor's punishment by diluting their claims in favor of a punitive claim. *See In re GAC Corp.*, 681 F.2d 1295, 1301 (11th Cir. 1982). Neither does treating punitive claims like other claims in liquidation serve the purposes of punitive damages (deterrence and punishment), because a liquidated debtor will be none the worse whether the punitive claims are allowed or not. *See id.* This iniquity will always be the result where punitive claims are classed with non-punitive claims in liquidation cases, which is probably at least part of the reason Congress has mandated strict subordination of punitive claims to non-punitive claims under § 726(a). But in the present reorganization case, no creditors are heard to argue that their claims have been diluted by the reclassification of Appellees' punitive claims. And the reason for their silence is clear: all Class 4 claims are to be paid in full, in cash, or to be left otherwise unimpaired. (*See* Confirmation Order 14 ¶ 4.3, Jan. 2, 2010, ECF No. 1357 in Bankr. Case No. BK-N-09-50746). Appellants are debtors whose only grievance is that they will emerge from reorganization with less capital that they had hoped because the bankruptcy court has refused to impose a 100% cram-down against Appellees—judgment creditors who hold a state court judgment against them. This is not a liquidation case or even a reorganization case where the class of claims into which the punitive damages claim has been put is capped at some arbitrary amount with a prorated cram-

down, and there is therefore no harm to innocent creditors from the payment of the punitive damages claim.

There only remaining rationale Appellants propose is that had it not been for Debtors' supposition that punitive claims would remain totally impaired in Class 6, they would have offered no "gift" to the other unsecured creditors in Class 4, because they feared tens of millions of dollars in other potential punitive damages awards. But Appellees' $4.2 million Claim cannot have contributed to any uncertainty over the potential for future punitive damages when Appellants proposed their plan, because Appellees' claim had already been reduced to judgment in state court and was due and owing like every other unsecured claim. The Court therefore affirms the bankruptcy court that putting Appellees' Claim into Class 6 in this case would have resulted in unfair discrimination under § 1129(b)(1).

## CONCLUSION

IT IS HEREBY ORDERED that the order of the bankruptcy court is AFFIRMED.

IT IS SO ORDERED.

Dated this 10th day of January, 2012.

_____
ROBERT C. JONES
United States District Judge